**BURRIS, NISENBAUM, CURRY, & LACY LLP**
JOHN L. BURRIS, Esq. (SBN 69888)
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com

**BURRIS, NISENBAUM, CURRY, & LACY LLP**
DeWITT M. LACY, Esq. (SBN 258789)
JULIA N. QUESADA, Esq. (SBN 337872)
LENA P. ANDREWS, Esq. (SBN 342471)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070
Facsimile: (510) 839-3882
dewitt.lacy@johnburrislaw.com
julia.quesada@johnburrislaw.com
lena.andrews@johnburrislaw.com

**LAW OFFICE OF VICTORIA LUCERO LLP**
VICTORIA L. LUCERO, Esq. (SBN 153070)
316 Osuna Road NE., Building 2
Albuquerque, New Mexico 87107
Telephone: (505) 609-8133
abogada@victorialucerolaw.com

Attorneys for Plaintiff,
Jonathan Strickland

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

| | |
|---|---|
| JONATHAN STRICKLAND, an individual, <br><br> Plaintiff, <br> vs. <br><br> CITY OF LAS CRUCES, a municipal entity; JOSHUA SAVAGE, individually and in his official capacity as a sergeant for the Las Cruces Police Department; MANUEL FRIAS, individually and in his official capacity as a police officer for the Las | CASE NO.: <br><br> **COMPLAINT FOR DAMAGES** <br><br> 42 U.S.C. § 1983: Fourth and Fourteenth Amendments <br> Pendent Tort Claims <br><br> **JURY TRIAL DEMANDED** |

Cruces Police Department; NATHAN KRAUSE, individually and in his official capacity as a police officer for the Las Cruces Police Department; DANIEL BENOIT, individually and in his official capacity as a police officer for the Las Cruces Police Department; ANTHONY LUCERO, individually and in his official capacity as a police officer for the Las Cruces Police Department; and DOES 1-50, inclusive, individually and in their official capacity as police officers for the Las Cruces Police Department,

Defendants.

## INTRODUCTION

1.      This civil rights case arises out of the unjustified shooting of Jonathan Strickland by Sergeant Joshua Savage and Officers Manuel Frias, Nathan Krause, Daniel Benoit, and Anthony Lucero of the Las Cruces Police Department. On March 11, 2021, Mr. Strickland sustained permanent, life-threatening injuries after officers – armed with semi-automatic weapons –fired over ninety (90) lethal rounds in rapid succession at Mr. Strickland's truck following a terminated vehicle pursuit. Mr. Strickland suffered nearly a dozen gunshot wounds.

2.      Defendants' conduct was heinous and intolerable. Mr. Strickland posed no threat to the safety of any officer or other. Mr. Strickland was unarmed, and his truck immobilized, when Defendant Officers berated Mr. Strickland's truck with bullets. The Defendant Officers' actions were unreasonable and grossly excessive under the circumstances.

3.      Accordingly, this action seeks compensatory and punitive damages from Defendants for flagrantly violating several of Mr. Strickland's rights under the United States Constitution and state law in connection with the egregious force inflicted upon Mr. Strickland.

///

///

## JURISDICTION AND VENUE

**COMPLAINT FOR DAMAGES**

4.      This action arises under Title 42 of the United States Code, § 1983. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C. § 1983 and questions of federal constitutional law. The unlawful acts and practices alleged herein occurred in the City of Las Cruces, New Mexico, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.

5.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred within this district.

## PARTIES

6.      Plaintiff JONATHAN STRICKLAND (hereinafter "Plaintiff" or "Mr. Strickland") is and was at all times mentioned herein, an individual residing in the state of New Mexico and is a United States Citizen.

7.      Defendant JOSHUA SAVAGE (hereinafter "Defendant Savage") is and was at all times mentioned herein, a sergeant for the Las Cruces Police Department, and is sued individually and in his official capacity.

8.      Defendant MANUEL FRIAS (hereinafter "Defendant Frias") is and was at all times mentioned herein, a police officer for the Las Cruces Police Department, and is sued individually and in his official capacity.

9.      Defendant NATHAN KRAUSE (hereinafter "Defendant Krause") is and was at all times mentioned herein, a police officer for the Las Cruces Police Department, and is sued individually and in his official capacity.

10.     Defendant DANIEL BENOIT (hereinafter "Defendant Benoit") is and was at all times mentioned herein, a police officer for the Las Cruces Police Department, and is sued individually and in his official capacity.

11.     Defendant ANTHONY LUCERO (hereinafter "Defendant Lucero") is and was at all times mentioned herein, a police officer for the Las Cruces Police Department, and is sued individually and in his official capacity.

1
2
3
4
5
6
7
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

12.     Defendant CITY OF LAS CRUCES (hereinafter "Defendant City") is and was at all times mentioned herein, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of New Mexico; and at all times mentioned herein, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting the operation of the City of Las Cruces Police Department and its tactics, methods, practices, customs, and usage. At all relevant times mentioned herein, Defendant City is and was the employer of Defendants Savage, Frias, Krause, Benoit, Lucero, and DOES 1 through 50, inclusive, (hereinafter, collectively, "Defendant DOE Officers"), individually and in their official capacities as police officers for the City of Las Cruces Police Department.

13.     Plaintiff is ignorant of the true names and capacities of those Defendants named herein as DOES 1 through 25, inclusive. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to Plaintiff. Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 25, inclusive, are legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, or willful misconduct, including the negligent, careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek to amend this Complaint to set forth said true names and identities of DOES 1 through 25, inclusive, when they have been ascertained.

14.     Plaintiff is ignorant of the true names and capacities of Defendants DOES 26 through 50, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each Defendant so named was employed by Defendant City at the time of the conduct alleged herein. Plaintiff alleges that each of Defendants DOES 26 through 50 were responsible for the training, supervision and/or conduct of the police

officers and/or agents involved in the conduct alleged herein. Plaintiff alleges that each of the Defendants DOES 26 through 50 were also responsible for and caused the acts and injuries alleged herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

15.    Plaintiff is required to comply with the administrative procedures set forth in the New Mexico Tort Claims Act. Plaintiff filed a claim against the City of Las Cruces on March 18, 2021. Plaintiff therefore exhausted all administrative remedies pursuant to Chapter 41, Article 4, section 16 of the New Mexico Statutes.

## PRELIMINARY ALLEGATIONS

16.    The City of Las Cruces is a public entity and is being sued under Title 42 U.S.C. § 1983 for violations of the Fourth and Fourteenth Amendments of the United States Constitution, New Mexico state law, the New Mexico Tort Claims Act, and the Government Code, for the acts and omissions of Defendants Savage, Frias, Krause, Benoit, Lucero, and DOES 1 through 50, and each of them, who at the time they caused Plaintiff's injuries and damages, were duly appointed, qualified and acting, officers, employees, and/or agents of Defendant City, and acting within the course and scope of their employment and/or agency.

17.    Each of the Defendants caused and is responsible for, the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating, or failing to promulgate, policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain proper and adequate policies, procedures and protocols, and by ratifying and condoning the unlawful conduct performed by agents, officers, deputies, medical providers and employees under their direction and control

**COMPLAINT FOR DAMAGES**

18. Whenever and wherever reference is made in this Complaint to any act by Defendants DOES 1 through 50, such allegations and references shall also be deemed to mean the acts, and failures to act, of each Defendant DOE Officer, individually, jointly, or severally.

## FACTUAL ALLEGATIONS

19. On March 11, 2021, at approximately 8:00 a.m., Plaintiff's then wife, Brandi Crawford (hereinafter "Brandi"), went to the Las Cruces Police Department ("LCPD") and made a false report of domestic violence. Brandi knowingly reported that her husband, Plaintiff, had assaulted her last afternoon by strangling her and holding a gun to her head and even putting a gun in her mouth.

20. At approximately 8:30 a.m., Mr. Strickland learned that his wife called 911 and made a false report about a domestic dispute. He knew Brandi made several scandalously false representations to law enforcement on previous occasions. Uncertain what to do, Plaintiff drove to the Las Cruces Police Department located at 217 East Picacho Avenue, Las Cruces, New Mexico, and parked in front of the station near his ex-wife's car. Plaintiff sat inside his pickup truck in front of the station for several minutes contemplating whether he should go inside to try and clear his name from any false accusations made by his ex-wife. Within minutes, Plaintiff decided walking into the police station was likely not the safest course action and began to leave the station because his ex-wife's allegations often included false representations of violence and firearms. Mr. Strickland was unarmed. The Las Cruces Police department even deployed a drone at approximately 8:59 a.m. and confirmed they only saw Mr. Strickland drinking water and looking at his cell phone while sitting in his truck.

21. As Plaintiff drove out of the parking lot at approximately 9:04a.m, several patrol cars began to try and execute a high-risk felony stop, but Defendants failed to give any instruction to Plaintiff as he drove his Toyota Tacoma truck out of the LCPD parking lot. Consequently, Plaintiff swerved to avoid the police vehicle from striking his truck. Defendant Benoit immediately began ramming the back of Plaintiff's truck trying to perform a pit maneuver. Plaintiff, however, avoided the collision and thereafter continued to drove eastbound on Picacho Ave. Thereafter, a

brief vehicle pursuit ensued as Plaintiff continued driving at a low rate of speed and did not pull over because he feared for his life.

22.     After several failed attempts to immobilize Plaintiff's truck, Defendants eventually performed pit maneuver that caused Plaintiff to lose control of the truck. After spinning out and turning a full 180 degrees, the truck stopped moving. Plaintiff was cornered as multiple patrol vehicles were accelerating towards him. Thereafter Plaintiff did not attempt to move or maneuver his vehicle.

23.     Mere seconds after the pit maneuver immobilized Plaintiff's vehicle, and without warning, Defendants Savage, Frias, Krause, Benoit, and Lucero began firing over 90 lethal rounds at Plaintiff. The barrage of bullets from the semi-automatic weapons berated Plaintiff's truck and body. The lethal rounds fired by Defendants Savage, Frias, Krause, Benoit, and Lucero struck Plaintiff at least a dozen times, including in his pelvis, shoulder, neck, and back.

24.     On information and belief, instead of providing medical care to Plaintiff, Defendants continued firing lethal rounds at Plaintiff. As a result of Defendants' egregious conduct, Plaintiff's injuries were exacerbated, thereby causing permanent, life-threatening, physical injuries, and extreme emotional anguish.

25.     Brandi, thereafter, signed an notarized affidavit noting Mr. Strickland's innocence and the fact of her deliberate misrepresentations to police. Those charges were eventually dropped by the District Attorney's office only to be refiled after Mr. Strickland gave notice of this impending litigation.

26.     Plaintiff also suffered extreme psychological distress and injury as a result of this ordeal. Plaintiff suffered and still suffers from symptoms including, but not limited to, fear, trauma, anxiety, stress, depression, humiliation, and emotional distress as a result of the incident.

27.     During the incident, Defendants Savage, Frias, Krause, Benoit, Lucero, and DOES 1 through 25, inclusive, worked together as a group to back each other up, provide tacit approval for the incident, and support, assist, and encourage one another's actions.

**COMPLAINT FOR DAMAGES**

28.     Moreover, each of the Defendant Officers failed to intervene or prevent harm when his or her colleagues were depriving Plaintiff of his constitutional rights as stated in this Complaint. By failing to intervene, each of the Defendant Officers additionally violated Plaintiff's constitutional rights.

29.     Plaintiff is informed and believes, and thereon alleges, Defendants violated standard police practices and training during the performance of their duties as Las Cruces Police Officers.

30.     Plaintiff is informed and believes, and thereon alleges, that the Defendant Officers failed to secure their semi-automatic firearms before initiating contact and engaging Plaintiff in a vehicle pursuit. On information and belief, Defendants' firearms were on their laps, on the passenger seat next to them, or on the floor in front of the passenger seat during the pursuit.

31.     Plaintiff is informed and believes, and thereon alleges, that at least one Defendant Officer never exited the patrol vehicle before grabbing his semi-automatic rifle from the passenger seat and started shooting rounds through the front windshield of his patrol car.

32.     Plaintiff is informed and believes, and thereon alleges, that after the pursuit ended, at least one Defendant Officer exited his patrol car and immediately started shooting at Plaintiff's truck, unloading a full magazine clip in a matter of seconds.  On further information and belief, that same Defendant Officer removed the empty clip, reloaded a new magazine clip, and without any thought or hesitation, continued shooting lethal rounds at Plaintiff's truck.

33.     Plaintiff is informed and believes, and thereon alleges, that during the vehicle pursuit, Defendant Benoit lost control of his patrol car, which caused him to jump the curb and crash into a parked car at a U.S. Post Office parking lot. On information and belief, after impact, Defendant Benoit grabbed his semi-automatic rifle, crawled out of the passenger side door, climbed on top of his patrol car, and without any assessment, began shooting at Plaintiff's truck.

34.     The actions and omissions of Defendant City, Defendants Savage, Frias, Krause, Benoit, Lucero, and DOES 1 through 50, inclusive, were objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the

**COMPLAINT FOR DAMAGES**

course and scope of their employment as law enforcement officers, detectives, and/or public officials, and pursuant to unconstitutional customs, policies and procedures of Defendant City and/or other jurisdictions.

35.     Plaintiff is informed and believes, and thereon alleges, that Defendant City and DOES 26 through 50, inclusive, breached their duty of care to the public in that they have failed to discipline Defendants Savage, Frias, Krause, Benoit, Lucero, and DOES 1 through 25, inclusive. Their failure to discipline Defendants Savage, Frias, Krause, Benoit, Lucero, and DOES 1 through 25, inclusive, demonstrates the existence of an entrenched culture, policy and/or practice, of promoting, tolerating and/or ratifying with deliberate indifference, the making of improper detentions and arrests, the use of excessive force, and the failure to treat the serious medical needs of Dona Ana County Citizens.

36.     Plaintiff is informed and believes, and thereon alleges, that members of the City of Las Cruces Police Department, including but not limited to, Defendants Savage, Frias, Krause, Benoit, Lucero,  and DOES 1 through 25, inclusive, and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable force against individuals, including but not limited to, Plaintiff.

37.     Plaintiff is informed and believes, and thereon alleges, that the City of Las Cruces Police Department knew or had reason to know, by way of actual or constructive notice, of the aforementioned policy, culture, pattern and/or practice, and the complained of conduct and resultant injuries/violations. On information and belief, Defendant City had actual or constructive notice that Defendants Savage and Frias both had extensive histories of sustained violations of department policies. On information and belief, Defendant City failed to take any action to address the repeated patterns of inappropriate conduct demonstrated by Officers Savage and Frias. Such failure not only demonstrates Defendant Officers' complete disregard for rights, safety and welfare of the citizens of Las Cruces, but it also demonstrates Defendant City's complacency and ratification of their conduct.

**COMPLAINT FOR DAMAGES**

38.     At all material times, the actions and omissions of each Defendant were conscience-shocking, reckless, and deliberately indifferent to Plaintiff's rights, and in the alternative, negligent and objectively unreasonable, and thereby, unlawful.

## DAMAGES

39.     As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments, Plaintiff was physically, mentally, emotionally, and financially, injured and damaged as a proximate result of Defendants' wrongful conduct.

40.     Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C. §§ 1983 and 1988.  Plaintiff is also entitled to punitive damages under 42 U.S.C. §§ 1983 and 1988.

## FIRST CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Violation of the Fourth Amendment of the U.S. Constitution - Excessive Force)
### (Plaintiff JONATHAN STRICKLAND Against Defendants SAVAGE, FRIAS, KRAUSE, BENOIT, LUCERO, and DOES 1-25)

41.     Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 40 of this Complaint.

42.     42 U.S.C. § 1983 provides in part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress."

43.     Plaintiff has firmly established rights under the Fourth and Fourteenth Amendments to be free from official infliction of physical abuse, assault, battery, and intentional infliction of

**COMPLAINT FOR DAMAGES**

emotional distress, unreasonable search and seizure, and to be free from excessive force being used against him.

44.    Defendants' actions as described herein resulted in the deprivation of these constitutional rights.

45.    Defendants, acting in the performance of their official duties, used force against Plaintiff that was unjustified, entirely unreasonable, and thereby, excessive.

46.    Plaintiff posed no credible threat of harm to Defendants Savage, Frias, Krause, Benoit, Lucero, or any officer or other, when Defendants fired more than fifty (90) lethal rounds from their semi-automatic rifles at Plaintiff's truck without assessment, warning, or provocation.

47.    Defendants' conduct was grossly unjustified under the circumstances, and thereby, intolerable. Plaintiff was unarmed, his truck immobilized from the pit maneuver, and was surrounded by patrol cars and armed officers. Nonetheless, Defendants made no assessment, gave no warming or verbal commands and recklessly fired more fifty (90) lethal rounds at Plaintiff's truck.

48.    There was no need for any of the force inflicted against Plaintiff. The use of deadly force exercised by Defendants Savage, Frias, Krause, Benoit, and Lucero, and the subsequent uses of lethal force by Defendants, when Plaintiff posed no threat of harm to officers or others was unjustified and constitutes a grossly unreasonable seizure under the Fourth Amendment.

49.    At no point did any Defendant Officer intervene to stop the other Defendant Officers from using deadly force on Plaintiff that was clearly excessive under the circumstances.

50.    In using excessive and unjustified force, Defendants Savage, Frias, Krause, Benoit, and Lucero, were acting in accordance with the widespread informal practices and customs maintained by the City of Las Cruces Police Department.

51.    Defendants, acting under the color of statute, ordinances, regulations, customs and usages of the State of New Mexico, knew that the use of deadly force in these circumstances was unjustified, and was thereby illegal under clearly established law.

**COMPLAINT FOR DAMAGES**

52.     The conduct alleged herein caused Plaintiff to be deprived of his civil rights that are protected under the United States Constitution. The conduct alleged herein has also legally, proximately, foreseeably, and actually caused Plaintiff to suffer life-threatening physical injuries, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

53.     The conduct of Defendants was willful, malicious, intentional, deliberately indifferent, and done with a reckless disregard to the constitutionally protected rights, welfare, and safety of Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (42 U.S.C. Section 1983)
**(Violation of the Fourteenth Amendment of the U.S. Constitution – Denial of Med Care)**
**(Plaintiff JONATHAN STRICKLAND Against Defendants SAVAGE, FRIAS, KRAUSE, BENOIT, LUCERO, and DOES 1-25)**

54.     Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 53 of this Complaint.

55.     42 U.S.C. § 1983 provides in part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress."

56.     Defendants' purposeful denial of medical care deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

57.     Defendants' purposeful denial of medical care further deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed by the Due Process Clause under the Fourteenth Amendment of the United States Constitution.

58.     Defendants knew that failure to provide timely medical treatment to Plaintiff could result in further significant injury and the unnecessary and wanton infliction of pain by exacerbating the life-threatening injuries that Defendants caused by shooting dozens of bullets, striking Plaintiff over a dozen times. Defendants nevertheless disregarded Plaintiff's serious medical need, thereby causing Plaintiff great bodily harm, conscious pain and suffering for an extended period of time, and exacerbated Plaintiff's life-threatening injuries.

59.     Defendants' actions and omissions as described herein resulted in the deprivation of these constitutional rights.

60.     Defendants, while acting in the performance of their official duties, used force against Plaintiff that was unjustified, entirely unreasonable, and thereby excessive, such that the failure to provide Plaintiff access to medical care immediately thereafter was deliberately indifferent to Plaintiff's serious medical need and thereby shocks the conscience.

61.     In using excessive and unjustified force, and by failing to provide Plaintiff access to immediate medical care, Defendant Officers were acting in accordance with the widespread informal practices and customs maintained by the City of Las Cruces Police Department, as elaborated upon in paragraphs 75-82.

62.     Defendants, acting under the color of statute, ordinances, regulations, customs and usages of the State, knew that failure to provide Plaintiff access to immediate medical care was deliberately indifferent to Plaintiff's serious medical need and violated clearly established law.

63.     The conduct alleged herein caused Plaintiff to be deprived of his civil rights that are protected under the United States Constitution. The conduct alleged herein has also legally, proximately, foreseeably, and actually caused Plaintiff to suffer life-threatening physical injuries, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

64.     The conduct of Defendants was willful, malicious, intentional, deliberately indifferent, and done with a reckless disregard to the constitutionally protected rights, welfare, and safety of Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (42 U.S.C. § 1983)
**(Monell - Municipal Liability for Unconstitutional Custom or Policy)**
**(Plaintiff JONATHAN STRICKLAND Against Defendants CITY and DOES 26-50)**

65.     Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 64 of this Complaint.

66.     On information and belief, the conduct of Defendants Savage, Frias, Krause, Benoit, Lucero, and DOES 1-25, inclusive, individually and as peace officers, was ratified by Defendant City's police department supervisorial officers, Defendants DOES 26 through 50, inclusive.

67.     On information and belief, Defendants were not disciplined for using unjustified lethal force against Plaintiff, nor for their violations of department policy.

68.     Prior to, and continuing from, March 11, 2021, Defendants, individually and as peace officers, deprived Plaintiff of the rights and liberties secured to him by the Fourth and Fourteenth Amendments to the United States Constitution in that said Defendants and their supervising and managerial commanders, employees, agents, and representatives, acted with gross negligence, and with reckless disregard and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff, and of persons in his class, situation, or comparable position in particular, knowingly maintained, enforced, and applied an official recognized custom, policy, and/or practice of:

a. Employing and retaining as police officers, detectives, and other personnel, including Defendants Savage, Frias, Krause, Benoit, Lucero, and DOES 1 through 25, individually and as peace officers; who at all material times knew or reasonably should have known, had dangerous propensities for abusing their

**COMPLAINT FOR DAMAGES**

authority and for mistreating citizens by failing to follow written Las Cruces Police Department policies, including the use of excessive force and respecting the protections afforded to citizens under the Fourth Amendment;

b.  Of inadequately supervising, training, controlling, assigning, and disciplining Defendant City police officers, detectives, and other personnel, including Defendants Savage, Frias, Krause, Benoit, Lucero, and DOES 1 through 25, who Defendant City knew, or in the exercise of reasonable care, should have known, had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

c.  By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct of Defendants Savage, Frias, Krause, Benoit, Lucero, and DOES 1-25, who are police officers for Defendant City;

d.  By failing to discipline Defendants Savage, Frias, Krause, Benoit, Lucero, and DOES 1-25, for their intolerable conduct, including but not limited to, unlawful seizures and excessive force;

e.  By ratifying the intentional misconduct of Defendants Savage, Frias, Krause, Benoit, Lucero, and DOES 1-25, and other officers who are police officers of Defendant City;

f.  By having and maintaining an unconstitutional policy, custom and practice of arresting individuals without probable cause or reasonable articulable suspicion, and unjustifiably using excessive force, which also is demonstrated by the grossly inadequate training regarding these subjects. The policies, customs and practices of Defendants were done with a deliberate indifference to individuals' safety and rights; and

g.  By failing to properly investigate claims of unlawful seizures and excessive force by Defendant City police officers.

**COMPLAINT FOR DAMAGES**

69.     By reason of the aforementioned policies and practices of Defendants, individually and as peace officers, Plaintiff was severely harmed, traumatized, and sustained devastating, life-altering injuries, when Defendants Savage, Frias, Krause, Benoit and Lucero discharged dozens of lethal rounds without any warning or provocation using department-issued semi-automatic rifles, and failed to provide timely medical care for Plaintiff's injuries.

70.     Consequently, Plaintiff sustained physical, emotional, and financial injuries, whereby Plaintiff was subjected to extreme pain and suffering and lost earning capacity for which Plaintiff is entitled to recover damages. Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge, as stated above, these Defendants condoned, tolerated, and through actions and inactions, ratified, such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

71.     By perpetrating, sanctioning, tolerating, and ratifying the heinous and outrageous conduct and other grossly wrongful acts, Defendants, individually and as peace officers, acted with an intentional, reckless, and callous disregard for the rights of Plaintiff. Each of their actions and inactions was willful, wanton, oppressive, malicious, fraudulent, and extremely offensive, and unconscionable to any person of normal sensibilities.

72.     Furthermore, the policies, practices and customs implemented, maintained, and tolerated by Defendants, individually and as peace officers, were affirmatively linked to, and were the significantly influential force behind, the injuries inflicted upon Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

///

///


## FOURTH CAUSE OF ACTION
### (Battery/Assault)

**COMPLAINT FOR DAMAGES**

**(Plaintiff JONATHAN STRICKLAND Against Defendants CITY, SAVAGE, FRIAS, KRAUSE, BENOIT, LUCERO, and DOES 1-25)**

73.     Plaintiff realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 72 of this Complaint.

74.     Defendants touched Plaintiff with the intention and purpose to harm or offend him.

75.     Plaintiff did not consent to the touching and was permanently harmed by it.

76.     A reasonable person in Plaintiff's situation would have been offended by the touching.

77.     The present action is brought pursuant to sections 41-4-1, *et seq*., of the New Mexico Statutes. Pursuant to section 41-4-12 of the New Mexico Statutes, as public employees, Defendants Savage, Frias, Krause, Benoit, Lucero, and DOES 1-25, are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants Savage, Frias, Krause, Benoit, Lucero, and DOES 1-25, were acting within the course and scope of their employment and/or agency with Defendant City. As such, Defendant City is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants Savage, Frias, Krause, Benoit, Lucero, and DOES 1-25, pursuant to the New Mexico Statutes.

78.     Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

79.     The conduct of Defendants was willful, malicious, intentional, deliberately indifferent, and done with a reckless disregard to the constitutionally protected rights, welfare, and safety of Plaintiff.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

///

///

///

**FIFTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**

**COMPLAINT FOR DAMAGES**

**(Plaintiff JONATHAN STRICKLAND Against Defendants CITY, SAVAGE,
FRIAS, KRAUSE, BENOIT, LUCERO, and DOES 1-25)**

80.    Plaintiff realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 79 of this Complaint.

81.    Defendants' conduct as described herein was outrageous.

82.    Defendants intended to cause Plaintiff emotional distress.

83.    Defendants acted with reckless disregard of the probability that Plaintiff would suffer emotional distress, knowing that Plaintiff was consciously present when the conduct occurred.

84.    Plaintiff suffered severe emotional distress from Defendants' harassment and heinous conduct.

85.    The present action is brought pursuant to sections 41-4-1, *et seq*., of the New Mexico Statutes. Pursuant to section 41-4-12 of the New Mexico Statutes, as public employees, Defendants Savage, Frias, Krause, Benoit, Lucero, and DOES 1-25, are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants Savage, Frias, Krause, Benoit, Lucero, and DOES 1-25, were acting within the course and scope of their employment and/or agency with Defendant City. As such, Defendant City is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants Savage, Frias, Krause, Benoit, Lucero, and DOES 1-25, pursuant to the New Mexico Statutes.

86.    Defendants' conduct as described herein was a substantial factor in causing Plaintiff's severe emotional distress.

87.    Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

88.    The conduct of Defendants was willful, malicious, intentional, deliberately indifferent, and done with a reckless disregard to the constitutionally protected rights, welfare, and safety of Plaintiff.

**COMPLAINT FOR DAMAGES**

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
### (Negligence)
### (Plaintiff JONATHAN STRICKLAND Against Defendants CITY, SAVAGE, FRIAS, KRAUSE, BENOIT, LUCERO, and DOES 1-50)

89.     Plaintiff realleges and incorporates by reference herein the allegations set forth in paragraphs 1 through 88 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

90.     The present action is brought pursuant to sections 41-4-1, *et seq.*, of the New Mexico Statutes. Pursuant to section 41-4-12 of the New Mexico Statutes, as public employees, Defendants Savage, Frias, Krause, Benoit, Lucero, and DOES 1-25, are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendants Savage, Frias, Krause, Benoit, Lucero, and DOES 1-25, were acting within the course and scope of their employment and/or agency with Defendant City. As such, Defendant City is liable in respondeat superior for the injuries caused by the acts and omissions of Defendants Savage, Frias, Krause, Benoit, Lucero, and DOES 1-25, pursuant to the New Mexico Statutes.

91.     Defendants, as public employees, are liable for negligent pre-arrest tactics that precede the use of deadly force. Defendants fired more than fifty rounds at Plaintiff. Each trigger pull constitutes a use of deadly force.

92.     Defendants acted negligently in their use of deadly force against Plaintiff, including but not limited to: (a) failing to secure their firearms before engaging in a vehicle pursuit; (b) failing to assess the situation after the pit maneuver immobilized Plaintiff's truck; (c) failing to get out of the patrol car before discharging nearly a dozen rounds from the driver's seat, through the windshield; (d) recklessly losing control of a patrol car and crashing into a parked car; (e) climbing on top of the patrol car after crashing it; (f) failing to give any warnings and/or commands before exercising such a high level of force, and thus never giving Plaintiff an opportunity to comply; and

**COMPLAINT FOR DAMAGES**

(g) failing to provide Plaintiff medical care for the several gunshot wounds Defendant Officers inflicted as described herein.

93.     Defendants  knew, or should have known, that shooting dozens of bullets at a person will likely cause serious, life-threatening injuries caused by the gunshot wounds. Moreover, Defendants knew, or should have known, that a person surrounded by patrol cars and armed officers, sitting cornered inside a truck that has been completely immobilized with no way to flee, such as Plaintiff here, cannot pose a credible threat to the safety of any officer or other, and cannot reasonably be considered a flight risk. Moreover, Defendants knew, or should have known, that immediate medical care should be promptly provided to any person subjected to lethal force, such as Plaintiff. Furthermore, Defendants knew, or should have known, that ever shot fired from their weapon constitutes deadly force, and that using deadly force against an unarmed person who poses no threat to the safety of officers or others, such as Plaintiff, is unreasonable, excessive, and is thus, unconstitutional.

94.     Defendants Savage, Frias, Krause, Benoit, Lucero, and DOES 1-25 acted negligently in their use of deadly force against Plaintiff, including but not limited to: (a) firing dozens of bullets from semi-automatic weapons; and (b) failing to provide medical care to Plaintiff for the injuries caused by Defendant Officers' uses of force as described herein.

95.     Defendant Officers knew, or should have known, that a person struck by bullets over a dozen times with severe injuries that render him physically immobilized, is bleeding excessively and experiencing severe levels of pain, and remains under the control of five officers, such as Plaintiff, cannot pose a credible threat to the safety of any officer or other, and cannot reasonably be considered a flight risk when the sustained injuries render the person physically incapable of moving his legs, and thereby cannot even stand up, let alone be a flight risk. Moreover, Defendant Officers knew, or should have known, that immediate medical care should be promptly provided to any person subjected to officers' force and sustained injuries as a result therefrom, such as Plaintiff. Furthermore, Defendant Officers knew, or should have known, that uses force

**COMPLAINT FOR DAMAGES**

against an unarmed person, who poses no credible threat to the safety of officers or others, such as Plaintiff, is objectively unreasonable, grossly excessive, and thereby, unconstitutional.

96.    Additionally, Defendant Officers are liable for failing to intervene when fellow officers violate the constitutional rights of another.

97.    Defendant Officers negligently failed to intervene when Plaintiff's Fourth and Fourteenth Amendment rights were violated by Defendants when: (a) Defendant Officers discharged over fifty (50) lethal rounds at Plaintiff's truck, striking Plaintiff at least a dozen times; and (b) failing to provide Plaintiff prompt access to medical care despite Defendant Officers' knowledge that Plaintiff was severely injured, experiencing unbearable pain, and since he was in the custody and control of the officers, Plaintiff's access to medical care was entirely dependent on the Defendant Officers. Defendant Officers knew, or should have known, that failing to intervene when a fellow officer violates the constitutional rights of another, through use of excessive force or otherwise, is a breach of duty and exposes them to liability. It was clear that the use of force was excessive and was harming Plaintiff, yet none of the Defendant Officers intervened, or even attempted to intervene, at any point, which resulted in a continued deprivation of Plaintiff's rights under the Fourth and Fourteenth Amendments, and subjected Plaintiff to immense physical and emotional suffering.

98.    Furthermore, Defendants City and DOES 26-50, inclusive, are liable for their failure to adequately supervise, hire, train, and/or discipline City of Las Cruces police officers, including Defendant Officers and DOES 1-25, inclusive, whereby Defendants City and DOES 26-50, knew, or in the exercise of reasonable care should have known, that Defendant Officers and DOES 1-25, acted negligently when Defendant Officers fired dozens of rounds from their department-issued semi-automatic rifles, denied medical care to Plaintiff despite knowing that he had a serious medical need, and by failing to intervene when other officers took action against Plaintiff that was in clear violation of his constitutional rights.

99.    Plaintiff was grievously harmed, and Defendants' negligence was a substantial factor in causing his harm.

**COMPLAINT FOR DAMAGES**

100.    Defendants' negligent conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

101.    Plaintiff hereby demands a jury trial in this civil rights action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief, as follows:

1.    For general damages in a sum according to proof;

2.    For special damages in a sum according to proof;

3.    For punitive damages in a sum according to proof as to Defendants SAVAGE, FRIAS, KRAUSE, BENOIT, LUCERO, and DOES 1-25;

4.    For reasonable attorneys' fees pursuant to 42 U.S.C. Section 1988;

5.    For any and all statutory damages allowed by law;

6.    For cost of suit herein incurred; and

7.    For such other and further relief as the Court deems just and proper.

Dated: February 7, 2023              **BURRIS, NISENBAUM, CURRY, & LACY LLP**

By: */s/John L. Burris*
JOHN L. BURRIS
DeWITT M. LACY
JULIA N. QUESADA
LENA P. ANDREWS

Attorneys for Plaintiff,
JONATHAN STRICKLAND

**COMPLAINT FOR DAMAGES**