IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JONATHAN STRICKLAND, an individual,**

    Plaintiff,

v.                                                                                                    Case No. CIV-23-00116 KG/KRS

**CITY OF LAS CRUCES, a municipal entity; JOSHUA SAVAGE, individually and in his official capacity as a sergeant for the Las Cruces Police Department, MANUEL FRIAS, individually and in his official capacity as a police officer for the Las Cruces Police Department; NATHAN KRAUSE, individually and in his official capacity as a police officer for the Las Cruces Police Department; DANIEL BENOIT, individually and in his official capacity as a police officer for the Las Cruces Police Department; ANTHONY LUCERO, individually and in his official capacity as a police officer for the Las Cruces Police Department; and DOES 1-50, inclusive, individually and in their official capacity as police officers for the Las Cruces Police Department,**

    Defendants.

## STIPULATED CONFIDENTIALITY ORDER

    The Parties have agreed that certain information that is or may be the subject of discovery and disclosures in this case is or may be confidential. Therefore, the Parties have requested the Court to enter this Order to protect certain confidential materials from public disclosure.

    Pursuant to this unopposed request and Fed. R. Civ. P. 26(c), the Court finds that this Order is warranted and makes and enters the following protective order.

**IT IS THEREFORE ORDERED, ADJUDGED, and DECREED** that:

A.The Parties may designate as "Confidential" any information, documents and other materials, including, but not limited to information and documents voluntarily produced as or in connection with initial or supplemental disclosures, answers to interrogatories, responses to requests for production, responses to requests for admissions, documents produced pursuant to any other discovery order or rule, and deposition transcripts or recordings of depositions, produced, served or made in response to any discovery conducted by the Parties in the above-captioned matter, and this Order shall govern the treatment thereof.

B.As used in this Order, "Confidential Materials" shall refer to any document, answer to interrogatory, response to request for admission, deposition transcript, or other discovery materials, or any portion thereof, which is designated "Confidential" by any party to this lawsuit; provided, however, the Parties may not designate as "Confidential" a document or exhibit that is produced by a Party other than itself. The Parties may designate as "Confidential" any document, answer to interrogatory, response to request for admission, deposition transcript, or other discovery materials that counsel in good faith believes merits protection.

C.Upon producing any document or other discovery material, the producing Party may designate all or any portion or portions thereof as "Confidential." The Parties may designate any portion of any deposition transcript as "Confidential."

D.This order does not compromise any party's ability to challenge the designation of any document or other discovery material as "Confidential" by bringing the designation to the attention of the Court by appropriate motion. The designated confidential status of such information shall be preserved pending disposition of the motion.

i.<u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    ii.  <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

    iii.  <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any

time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

        iv.      The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

    E.    Confidential Material shall be disclosed only to the Parties (or their officers, employees, agents or insurers to whom it is necessary that such information be shown in the preparation of trial of this action), attorneys for named Parties in this action (including their legal staff), and outside expert witnesses employed by the Parties or their attorneys for this action. All such persons shall use such Confidential Materials solely in the preparation for trial of this action and for no other purpose. All outside expert witnesses employed for this action shall sign a copy of this Order, which shall be retained by the attorney by whom they were employed. By signing a copy of this Order each such person agrees to be bound by the terms of the Order and to be subject to the jurisdiction of this Court.

    F.    Confidential Materials may be disclosed to deponents during the course of their depositions. However, the attorney disclosing such Confidential Materials must advise the deponent on the record that, pursuant to this Order, such person may not divulge such Confidential Materials to any other person. Upon receipt of such advice, the deponent will be under the same restrictions with respect to such Confidential Materials as the Parties hereto.

G.	In the event that any Confidential Materials are included with, or the contents thereof are in any way disclosed in, any pleading, motion, deposition transcript or other papers filed with the Clerk of this Court, such Confidential Materials shall be kept under seal by the Clerk until further order of this Court.

H.	All Confidential Materials produced by any party shall be returned within thirty (30) days of the conclusion of this lawsuit. No copies thereof shall be retained by any person. The parties agree to consult with each other regarding the disposition of any remaining Confidential Materials after the conclusion of this lawsuit, and to determine whether the non-producing party has a legitimate need to retain the Confidential Materials, or whether they should be returned to the producing party. In the event that the parties determine that the Confidential Materials need to be retained by the non-producing party, then this Order shall remain in effect until such time as attorney for the non-producing party returns such Confidential Materials to counsel for the producing party or certifies their destruction.

I.	If documents, answers or other discovery materials have been furnished, disclosed or produced prior to the entry of this Order but have been marked with the designation "Confidential," such documents, answers or other materials, including all copies thereof, shall be deemed to have been furnished as if this Order was in effect at the time such documents, answers or other discovery materials were furnished, filed or produced.

J.	Nothing contained in this Order shall preclude the producing Party from using, in any manner it sees fit, documents or information designated "Confidential" by the producing Party, or from revealing such "Confidential" documents or information to whomever it chooses, without prior consent of the nonproducing Party or of this Court.

K.	If a court or administrative body, other than those in which the litigation is pending, subpoenas or orders production of stamped "Confidential" documents, the Party to whom the subpoena or order is directed shall notify the Party who stamped the document as "Confidential"

of the issuance of such subpoena or order in time to allow the Party who stamped the document as "Confidential" to contest the propriety of the subpoena or order.

L. In the event of production or disclosure of any document or answer to interrogatory or request for admission which the producing Party believes should have been marked "Confidential" which is produced without that designation, the producing Party may, upon discovery of such production without designation, request the marking [and designation] of any such document or other materials as "Confidential" and thereafter such materials and all copies of it shall be subject to the provisions of this protective order respecting the treatment of materials so stamped.

M. This Order only applies to pretrial disclosure and post-trial return of confidential materials. The documents may be proposed as trial exhibits by either party, and the use of the documents as trial exhibits shall be governed by the Court's evidentiary rulings, and any substantive law which may be applicable.

N. This Order shall continue in force until amended or superseded by express order of this Court and shall survive any Final Judgment entered herein.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted by:


/s/ Luis Robles
Luis Robles
Robles, Rael & Anaya, P.C.
500 Marquette Ave., NW, Suite 700
Albuquerque, New Mexico 87102
(505) 242-2228
luis@roblesrael.com

*Attorneys for City Defendants*


Approved by:


 /s/ Julia N. Quesada, Esq.
Julia N. Quesada, Esq. (SBN 337872)
DeWitt M.Lacy, Esq. (SBN 258789)
Lena P. Andrews, Esq. (SBN 342471)
Burris, Nisenbaum, Curry, & Lacy LLP
9701 Wilshier Blvd., Suite 1000
Beverly Hills, California 90212
(310) 601-7070
(510) 839-3882 (facsimile)
julia.quesada@bncllaw.com
dewitt@bncllaw.com
lena.andrews@bncllaw.com

John L. Burris, Esq. (SBN 69888)
Burris, Nisenbaum, Curry, & Lacy LLP
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
(510) 839-5200
(510) 839-3882 (facsimile)
burris@lmi.net

and

Victoria L. Lucero, Esq. (SBN 153070)
Law Office of Victoria Lucero LLP
316 Osuna Road NE., Building 2
Albuquerque, New Mexico 87107
abogada@victorialucerolaw.com

*Attorneys for Plaintiff*