**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JONATHAN STRICKLAND,

      Plaintiff,

v.                                    No. 2:23-cv-116 KG/KRS

CITY OF LAS CRUCES, JOSHUA SAVAGE,
MANUEL FRIAS, NATHAN KRAUSE,
DANIEL BENOIT, and ANTHONY LUCERO,

      Defendants.

**ORDER ON PARTIES' MOTIONS REGARDING**
**PLAINTIFF'S DEPOSITION (Docs. 58 and 59)**

THIS MATTER is before the Court on Defendants' Motion to Compel the Deposition of

Plaintiff Jonathan Strickland, (Doc. 58), and Plaintiff's Notice of Non-Appearance and Motion

for Protective Order, (Doc. 59),[1] both filed February 23, 2024.  The parties ask the Court to issue

orders regarding Plaintiff's deposition scheduled for March 1, 2024 in Las Cruces, New Mexico.

Considering the deposition is to take place one week after the parties filed their motions, and

because both parties filed motions stating their positions, the Court will not require additional

briefing.  Having considered the parties' Motions, the record of the case, and relevant law, the

Court grants Defendants' Motion to Compel and denies Plaintiff's Motion for Protective Order,

as set forth below.

The parties state they have been working to set Plaintiff's deposition by the March 2,

2024 deadline, but are unable to agree on the date and location.  After unsuccessfully trying to

---

[1] Plaintiff's Motion violates Local Rule 10.1, which requires double spacing, and Local Rule 7.5, which limits the number of pages allowed for motions and supporting briefs.  Plaintiff is cautioned to carefully follow the Court's local rules.  Future filings that do not comply will be stricken.

find a mutually-agreeable date and location for Plaintiff's deposition, Defendants noticed his

deposition for March 1, 2024 in Las Cruces, New Mexico.  *See* (Doc. 58) at 2-5; (Doc. 58-6).

Plaintiff objects to his deposition being held in Las Cruces because of the burden and expense of

traveling from his home in Cincinnati, Ohio to New Mexico.  (Doc. 59) at 1; 7-13.  Specifically,

Plaintiff states he cannot afford to travel to Las Cruces to appear for his deposition, and that it

would be a physical burden because of the injuries he suffered which are the subject of his

claims.  *Id.* at 7, 10-12.  Plaintiff also states he is concerned with traveling to New Mexico

because he "is the target of a grand jury investigation in Dona Ana County with the District

Attorney's Office seeking criminal indictment of Mr. Strickland for an alleged violation of a stay

away order involving his ex-wife."  *Id.* at 13.  Plaintiff states: "It is concerning that Defendants

are requesting a continuance of the discovery deadline at the same time the [sic] Dona Ana

County postponed its grand jury indictment," and "[w]hile Plaintiff cannot be sure of

Defendants' true motivations, the correlation of past grand jury postponements and requests for

continuances in this litigation is very troubling."  *Id.*  Plaintiff asks the Court to issue a Protective

Order setting Plaintiff's deposition for March 1, 2024, either in-person in Cincinnati, Ohio, or

remotely by videoconference.  *Id.* at 15.

Defendants argue that Plaintiff's claim of financial burden fails because he is not

proceeding *in forma pauperis* and he is expected to bear the costs of litigation.  (Doc. 58) at 2.

They contend Plaintiff's assertion of physical burden also fails because Plaintiff has moved at

least five times across multiple cities and states over the past three years.  *Id.*; (Doc. 58-9) at 4-5.

Defendants further state that Plaintiff's desire to evade criminal proceedings in Dona Ana

County is not a sufficient reason to avoid a deposition.  (Doc. 58) at 2-3.  While Defendants state

they are willing to travel to Cincinnati for Plaintiff's deposition, they need more time to make

travel arrangements and Plaintiff has refused to agree to an extension of the March 2, 2024

deposition deadline.  (Doc. 58) at 4; (Doc. 59) at 4-6; (Doc. 58-5); (Doc. 58-8) at 3.  Defendants

have also offered to travel to Los Angeles, where Plaintiff's counsel is located, for an in-person

deposition if that would be more agreeable to Plaintiff.  (Doc. 58) at 4-5; (Doc. 58-10).

Defendants do not agree to take Plaintiff's deposition via videoconference because they need to

witness his demeanor for purposes of judging his credibility.  (Doc. 58) at 8.  Defendants ask the

Court to order the parties to set Plaintiff's deposition at a time and place that is mutually

agreeable and to extend the deadline for the deposition to a later date.  *Id.* at 9.  Defendants also

ask the Court to award them attorney's fees and costs associated with bringing their Motion to

Compel Deposition.  *Id.*

The examining party generally designates the location for the deposition of another party.

*See* Fed. R. Civ. P. 30(b)(1).  "[I]f the party deposed is a plaintiff or its agent, deposition is

generally appropriate at the litigation forum." *Radian Asset Assur., Inc. v. Coll. of Christian

Bros. of New Mexico*, 2010 WL 5150718, at *6 (D.N.M.) (quoting 7 J. Moore, et al., *Moore's

Federal Practice* ¶ 30.20[1][b][ii] (3d ed.1997)).  "The basis for requiring plaintiff to come to the

forum for the taking of his or her deposition in most cases is that plaintiff has selected the

forum."  *Id.* at *5 (quoting 8A C. Wright, A. Miller, M. Kane & R. Marcus, *Federal Practice

and Procedure* § 2112, at 533 (3d ed.2010)).  Nevertheless, a court may grant a protective order

to appoint a different place for the deposition to protect a party from "undue burden or expense."

*See* Fed. R. Civ. P. 26(c)(1).  When determining whether a protective order is proper, "[t]he trial

court has great discretion in establishing the time and place of a deposition." *Sheftelman v.

Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987); *Begay v. United States*, 2018 WL

443325, at *2 (D.N.M.) ("Because the Plaintiff has greater influence over the choice of forum,

courts are more willing to protect a defendant from having to come to the forum for the taking of

his or her deposition than they are in the case of plaintiffs.") (citation omitted).  "As a general

policy, the Court encourages parties to set depositions in mutually agreeable locations." *Begay*,

2018 WL 443325, at *2 (citation omitted).

Plaintiff here argues that traveling to Las Cruces for his deposition is an undue burden

because he is financially and physically unable to travel, and because he is facing an arrest

warrant in Dona Ana County.  These arguments are unpersuasive.  First, Plaintiff is not

proceeding *in forma pauperis*, "and having to participate in depositions is a normal incident of

litigation." *Quarrie v. New Mexico Inst. of Mining & Tech.*, 2014 WL 11456600, at *3 (D.N.M.)

(citing Fed. R. Civ. P. 37(d)).  "Parties are typically expected to bear their own costs regarding

travel for depositions." *Id.* ("Missing a single day of work—or even several days of work—is

insufficient justification to excuse Plaintiff from appearing for his deposition"); *see also Gipson

v. Southwestern Bell Tel. Co.*, 2008 WL 4499972, at *5 (D. Kan.) ("The mere fact that Plaintiffs

are subjected to some expense in traveling to Kansas City from El Paso for their depositions is

not sufficient to show that the burden is 'undue' so as to justify a protective order.").  Second,

Plaintiff fails to provide any support that he is physically unable to travel, and this assertion is

contradicted by Plaintiff having moved multiple times in the years since the incident at issue in

this case.  *See* (Doc. 58-9) at 4-5 (listing Plaintiff's addresses).  And third, Plaintiff's concern

about appearing for a deposition in Las Cruces due to a state court investigation is not a proper

reason for issuing a protective order.  *See Molina v. Media News Grp.*, 2012 WL 3136805, at *2

(D.N.M.) ("Plaintiff's refusal to appear for a deposition in the civil case in or near the criminal

court issuing the bench warrant for her arrest appears to be linked to Plaintiff's desire to avoid

responding to criminal charges.  The Court will not indulge a plaintiff who fails to participate in

a federal civil matter because she desires to be a fugitive from the state criminal court.").  Indeed, Plaintiff's concern is nonsensical given Defendants' willingness to travel to either Cincinnati or Los Angeles for his deposition.

For these reasons, the Court finds that Plaintiff has not established sufficient burden to prevent his deposition from taking place in Las Cruces.  Plaintiff filed his case here and therefore must make himself available for a deposition in his chosen forum.  *See Trujillo v. Bd. of Educ. for Albuquerque Pub. Sch.*, 2006 WL 8443843, at \*2 (D.N.M.) ("Trujillo chose the forum.  Thus, she must make herself available for a deposition in the chosen forum, even if she must now travel to New Mexico from some other state.").  Consequently, the Court denies Plaintiff's Motion for Protective Order and will require Plaintiff to appear for a deposition in Las Cruces, New Mexico if the parties are unable to agree on another location.  The Court grants Defendants' Motion to Compel Deposition and orders the parties to set Plaintiff's deposition at a mutually-agreeable time and place, if possible.  Because the currently-scheduled deposition is merely days away, the Court will extend the deadline to take Plaintiff's deposition to March 31, 2024.  If the parties are unable to agree on a location, the deposition shall take place in Las Cruces, New Mexico.  If the parties are unable to agree on a date for the deposition, Defendants shall file a notice with the Court by March 13, 2024, and the Court will choose the date.

Pursuant to Federal Rule of Civil Procedure 37(a)(5), if a motion to compel "is granted— or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  *See also* Fed. R. Civ. P. 30(d)(2) ("The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a

person who impedes, delays, or frustrates the fair examination of the deponent.").  For an

"opportunity to be heard," "[a]n actual hearing is not necessary ..., and the Court may consider

the issue of expenses on written submissions."  *Cardenas v. Dorel Juvenile Grp., Inc.*, 231

F.R.D. 616. 622 (D. Kan. 2005).  "The 'written submission' requirement is met where the

moving party requests expenses in its motion or supporting brief and the opposing party is given

the opportunity to submit a brief in response."  *Id.*; *see also N.M. Oncology & Hematology*

*Consultants, Ltd. v. Presbyterian Healthcare Servs.*, 2017 WL 4271330, at *2, n.1 (D.N.M.).

Since Plaintiff has not had an opportunity to respond to Defendants' request, the Court will allow

Plaintiff to file a response to Defendants' request for attorney's fees and costs incurred in

pursuing their Motion to Compel.  The response is due within fourteen (14) days of the entry of

this Order, and Defendants may file a reply within fourteen (14) days of Plaintiff's response.

IT IS THEREFORE ORDERED, for the reasons stated above, that Defendants' Motion

to Compel the Deposition of Plaintiff Jonathan Strickland, (Doc. 58), is GRANTED, and

Plaintiff's Notice of Non-Appearance and Motion for Protective Order, (Doc. 59), is DENIED.

IT IS FURTHER ORDERED that the deadline to take Plaintiff's deposition is extended

to **March 31, 2024**.  The parties shall work together to set Plaintiff's deposition at a mutually-

agreeable time and place, but no later than March 31, 2024.  If the parties are unable to agree on

a location, the deposition shall take place in Las Cruces, New Mexico.  If the parties are unable

to agree on a date for the deposition, Defendants shall file a notice with the Court by **March 13,**

**2024**, and the Court will choose the date.

IT IS FINALLY ORDERED that Plaintiff may file a response to Defendants' request for

attorney's fees and costs incurred in pursuing their Motion to Compel.  The response is due

within fourteen (14) days of the entry of this Order, and Defendants may file a reply within

fourteen (14) days of Plaintiff's response.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE