**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JONATHAN STRICKLAND,

       Plaintiff,

v.                                       No. 2:23-cv-116 KG/KRS

CITY OF LAS CRUCES, JOSHUA SAVAGE,
MANUEL FRIAS, NATHAN KRAUSE,
DANIEL BENOIT, and ANTHONY LUCERO,

       Defendants.

## **ORDER ON ATTORNEY'S FEES AND COSTS**

THIS MATTER is before the Court on Defendants' request for attorney's fees and costs incurred in bringing their Motion to Compel the Deposition of Plaintiff Jonathan Strickland, (Doc. 58).  The Court granted Defendants' Motion to Compel and set deadlines for Plaintiff to respond to the request for fees and costs and for Defendant to file a reply.  (Doc. 60) at 5-7. Plaintiff filed a response to the request on March 11, 2024.  (Doc. 76).  Defendant did not file a reply and the time for doing so has passed.  Considering the parties' briefing, record of the case, and relevant law, the Court declines to award fees and costs.

In its order on the parties' motions regarding setting Plaintiff's deposition, the Court granted Defendants' Motion to Compel Deposition, (Doc. 58), denied Plaintiff's Motion for Protective Order, (Doc. 59), and ordered the parties to work together to set Plaintiff's deposition at a mutually-agreeable time and place.  (Doc. 60).  Pursuant to Federal Rule of Civil Procedure 37(a)(5), which requires the Court, with certain exceptions, to award the movant reasonable expenses when a motion to compel is granted, the Court allowed Plaintiff an opportunity to be heard on the matter.

Plaintiff filed a response opposing Defendants' request for fees and costs, noting that counsel for Defendants agreed not to pursue attorney's fees they initially sought in their Motion to Compel.  (Doc. 76) at 12.  Plaintiff's counsel states that, during counsel's communications setting Plaintiff's deposition, Defendants' counsel stated they would withdraw their request for fees and costs.  *Id.* at 12-13.  Plaintiff's counsel followed up with Defendants' counsel twice about withdrawing the request for fees and costs.  *See* (Doc. 76-2) at 1 (February 27, 2024 email from Plaintiff's counsel: "Thank you for agreeing to withdraw your request for sanctions related to your motion to compel."); and (Doc. 76-4) at 1 (March 11, 2024 email from Plaintiff's counsel: "I am reaching out to inquire whether your request for sanctions as it relates to the motion to compel will be rescinded, as Plaintiff's response to your request for sanctions is due today.  Please advise how Defendants intend to proceed.").  Defendants' counsel's paralegal responded to the March 11 email stating: "It was Mr. Robles' understanding that with the conversation and the attached email, this matter was resolved, and we are not seeking attorney's fees.  You may proceed accordingly."  (Doc. 76-5) at 1.

Despite Defendants' communications to Plaintiff that they were no longer seeking fees and costs relating to their Motion to Compel, Defendants did not withdraw their request or notify the Court they were no longer seeking fees.  Rule 37(a)(5) requires that a court "must not order" the payment of expenses if:

(i)     the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii)    the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii)   other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).  Considering Defendants' apparent intention to withdraw their request for fees and costs, and noting the parties' numerous attempts to schedule Plaintiff's deposition before seeking court action, the Court finds sufficient circumstances that make the award of expenses unjust.  Therefore, the Court declines to award Defendants expenses incurred in bringing their Motion to Compel.

IT IS THEREFORE ORDERED that Defendants' request for attorney's fees and costs relating to their Motion to Compel the Deposition of Plaintiff Jonathan Strickland, (Doc. 58), is DENIED.

IT IS SO ORDERED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE