IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JONATHAN STRICKLAND,

    Plaintiff,

v.                                                                            No. 2:23-cv-116 KG/KRS

CITY OF LAS CRUCES, JOSHUA SAVAGE,
MANUEL FRIAS, NATHAN KRAUSE,
DANIEL BENOIT, and ANTHONY LUCERO,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Defendants' Motion to Dismiss for Discovery Abuse ("Motion to Dismiss" or "Motion"), (Doc. 61), filed March 3, 2024. Plaintiff filed a response on March 17, 2024, and Defendants filed a reply on March 31, 2024. (Docs. 77, 87). The presiding judge referred the Motion to Dismiss to the undersigned to recommend an ultimate disposition of the Motion. (Doc. 84). Having considered the parties' briefing, the record of the case, and relevant law, the Court recommends that Defendants' Motion to Dismiss for Discovery Abuse, (Doc. 61), be denied.

**I.    Background**

This case arises out of the shooting of Plaintiff by Las Cruces Police Department ("LCPD") officers on March 11, 2021. Plaintiff brings claims under Title 42 U.S.C §§ 1983 and 1988; the Fourth and Fourteenth Amendments to the United States Constitution; and state law claims of battery, assault, intentional infliction of emotional distress, and negligence. (Doc. 1). Defendants move to dismiss Plaintiff's Complaint due to "a consistent pattern of noncompliance with Federal and Local Rules of Civil Procedure and disregard for Court orders." (Doc. 61) at 2. Specifically, Defendants contend that Plaintiff and his counsel have violated their discovery

obligations by: (1) failing provide complete medical records and releases and initial disclosures; (2) failing to inform Defendants of subpoenas and provide subpoenaed records; (3) providing deficient answers to discovery requests; (4) attempting to circumvent the Court's Scheduling Order by serving excessive discovery requests; (5) failing to provide complete expert disclosures and adequate notice of expert depositions; (6) attempting to evade Plaintiff's deposition; (7) failing to provide a computation of Plaintiff's damages; and (8) making false statements to the Court and failing to comply with the Court-ordered settlement process. *Id.* at 4-21. Defendants argue that dismissal of this action with prejudice is an appropriate sanction under the *Ehrenhaus v. Reynolds* factors. *Id.* at 21-26; 965 F.2d 916, 921 (10th Cir. 1992).[1]

Plaintiff responds that he has made good faith efforts to comply with his discovery obligations, such as identifying the five medical providers who treated him after the incident and providing ten additional providers in response to a discovery request. (Doc. 77) at 6-7. He states he produced some of the signed releases Defendants requested and is willing to meet and confer regarding the scope and nature of the remaining authorizations. *Id.* at 7. He further explains what medical and police training records he subpoenaed and how he withdrew the subpoena to the LCPD Training Academy after realizing it exceeded the limitation on requests for

---

[1] Defendants state on page 25 of their Motion to Dismiss: "If the Court prefers lesser sanctions … City Defendants request that this Court exclude all medical records from trial as well as the expert opinion and testimony from Dr. Kaufman, Dr. Contreras, Dr. Ternian, and Mr. Brent." (Doc. 61) at 25. Defendants do not develop this argument and provide no authority for this alternative sanction. Moreover, Defendants have already filed motions to exclude the testimony of these experts. *See* (Docs. 70, 71, 72, 73). Accordingly, the Court does not consider this conclusory argument in these Proposed Findings and Recommended Disposition. *See United States v. Wooten,* 377 F.3d 1134, 1145 (10th Cir. 2004) ("The court will not consider such issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation.") (citation omitted); *United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002) ("Arguments raised in a perfunctory manner, such as in a footnote, are waived.").

production. *Id.* at 7-8. Plaintiff lists records he has disclosed, such as supplemental disclosures, expert discovery, and supplements to expert reports, and states that he has agreed to make Plaintiff's experts available for a second deposition if ordered by the Court due to the supplemental productions. *Id.* at 9-13. Plaintiff also lists the depositions taken by each party and recites the issues with setting Plaintiff's deposition, which has since taken place. *Id.* at 13-17. Plaintiff argues that dismissal is not warranted because he has not disobeyed any Court order to provide or permit discovery, and he has diligently and in good faith participated in the discovery process by producing nearly 13,000 pages of records and working with defense counsel to schedule depositions of fact witnesses and experts in a timely manner. *Id.* at 18-20. Plaintiff argues that Defendants have suffered no undue prejudice from the parties' discovery disputes. *Id.* at 20-21.

In reply, Defendants state that Plaintiff incorrectly relies on Fed. R. Civ. P. 37 as the legal standard for Defendants' Motion to Dismiss, while Defendants seek relief pursuant to the Court's inherent power to dismiss Plaintiff's Complaint as a sanction for his noncompliance with the discovery process. (Doc. 87) at 3. Defendants maintain that the *Ehrenhaus* factors are met and require dismissal of this case. *Id.* at 5-11. Defendants further assert that Plaintiff's attorneys are not eligible to appear in this matter as they have not complied with the Court's rules for out-of-state admission. *Id.* at 4-5.

**II.     Legal Standard**

"It has long been understood that '[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *United States v. Hudson*, 7 Cranch 32, 34 (1812)); *see also*

*Smith v. N.W. Fin. Acceptance, Inc.*, 129 F.3d 1408, 1419 (10th Cir. 1997). "For this reason, '[c]ourts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.'" *Id.* (quoting *Anderson v. Dunn*, 6 Wheat. 204, 227 (1827)). Such inherent equitable powers include the power to "impose the sanction of dismissal with prejudice because of abusive litigation practices during discovery." *Garcia v. Berkshire Life Ins. Co.*, 569 F.3d 1174, 1179 (10th Cir. 2009).

Dismissing a case for discovery abuse rests within the sound discretion of the trial court. *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005). However, "[b]ecause dismissal is such a harsh sanction, it is appropriate only in cases of 'willfulness, bad faith, or [some] fault of petitioner.'" *Id.* (alteration in original) (quoting *Archibeque v. Atchison, Topeka, and Santa Fe Railway Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995)). Factors courts should consider when determining whether dismissal is an appropriate sanction include:

> (1) the degree of actual prejudice to the defendants;
> (2) the amount of interference with the judicial process;
> (3) the culpability of the litigant;
> (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and
> (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations omitted).[2] "This list is not exhaustive, nor are the factors necessarily equiponderant." *Chavez*, 402 F.3d at 1044. Dismissal is warranted when "the aggravating factors outweigh the judicial system's strong

---

[2] While *Ehrenhaus* involves dismissal of a case as a sanction under Federal Rule of Civil Procedure 37, the Tenth Circuit has adopted its analysis as a guide for the imposition of sanctions pursuant to courts' inherent powers. *See Chavez*, 402 F.3d at 1044.

predisposition to resolve cases on their merits," and the dismissal of a case with prejudice "should be used as a weapon of last, rather than first, resort." *Ehrenhaus*, 965 F.2d at 920.

### III. Discussion

#### A. Plaintiff's Response Brief

The Court first notes that Defendants have moved to strike Plaintiff's response to their Motion to Dismiss, as well as Plaintiff's responses to two of Defendants' Motions to Exclude Expert Witnesses and one of Defendants' Motions for Summary Judgment. *See* (Doc. 102) (Defendants' Motion to Strike Documents 77, 78, 79, and 81). Defendants argue the responses should be stricken because Plaintiff's counsel have not complied with the Court's rules for admission to practice in this Court, improperly combined responses to separate motions, failed to cite supporting authority, failed to properly submit exhibits, failed to comply with Local Rules 10.1 and 10.2 in labeling pleadings, and failed to properly respond to a motion for summary judgment under Local Rule 56.1. *Id.*

The Court does not address the Motion to Strike to the extent it concerns Plaintiff's responses to dispositive motions that are before the presiding judge and not the subject of these Proposed Findings and Recommended Disposition. Regarding Plaintiff's response to Defendants' Motion to Dismiss, (Doc. 77), the Court finds insufficient support to strike the response. As set forth below, Plaintiff's attorneys are properly appearing in this action. Moreover, Plaintiff did not improperly combine his response to the Motion to Dismiss with a response to any other motion, and he has adequately cited supporting authority for his arguments. To the extent Plaintiff did not comply with the Court's rules regarding submitting exhibits or labeling pleadings, the Court instructs Plaintiff's counsel to carefully consult the Court's Local Rules and adjust their pleading style to comply. Plaintiff's counsel would be well-served by

associating with local counsel given their unfamiliarity with this Court's practices. Nevertheless, the Court finds these errors minor and considers Plaintiff's brief in response to Defendant's Motion to Dismiss.

### B. Admission of Plaintiffs' Attorneys

Next, the Court addresses Defendants' assertion in their reply brief that Plaintiff's attorneys are not eligible to appear in this matter because they have not applied for admission or associated with a member attorney, as required by Local Rule 83.3. (Doc. 87) at 4-5. This argument was improperly raised in a reply brief, denying Plaintiff an opportunity to respond. Nevertheless, the assertion merits immediate attention because it concerns whether Plaintiff is adequately represented and whether additional steps must be undertaken for this case to proceed. Local Rule 83.3 provides that attorneys licensed outside of the Federal Bar for the District of New Mexico may appear in an action either by associating with a member of the Federal Bar or by applying to be admitted under Local Rule 83.2. D.N.M. LR-Civ. 83.3(a)-(b). A search of the Court's attorney admissions shows that all of Plaintiff's attorneys of record have applied for, and received, admission to this Court. Defendants also raised this issue in their Motion to Strike Plaintiff's Opposition Pleadings and, in response to that motion, Plaintiff's counsel explain they have been admitted to the bar of this District pursuant to Local Rule 83.2(a). *See* (Doc. 102); (Doc. 105); (Docs. 105-3, 105-4) (e-mails from the Clerk of the Court regarding Plaintiff's attorneys' admissions). In reply to their Motion to Strike, Defendants state: "Based on opposing counsel's representations, City Defendants will concede the issue of whether DeWitt M. Lacy, Ms. Quesada, and Lena P. Andrews are admitted to practice in this District." (Doc. 109) at 7, n.5. The Court finds that Plaintiff's attorneys are properly appearing in this action.

### C. Duty to Confer with Opposing Counsel

In response to the Motion to Dismiss, Plaintiff asserts that Defendants failed to properly confer prior to filing their Motion to Dismiss. (Doc. 77) at 3, n.1. Plaintiff's counsel states they received an email from defense counsel the day before Defendants intended to file their motion, giving Plaintiff less than 24-hours notice and no basis for the motion. *Id.* Local Rule 7.1(a) requires that a "[m]ovant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M. LR-Civ. 7.1(a). This rule does not impose a certain amount of time that opposing parties must be given to consider a motion, or that the filing party provide the "basis of the motion." While a "good-faith" request for concurrence implies enough time for a party to consider the request and enough information upon which to base its response, Plaintiff does not state that additional time or information would have led to the parties resolving any of the issues raised in the Motion to Dismiss. Considering the relief requested in the Motion to Dismiss, and Plaintiff's opposition to the Motion, the Court finds that Defendants sufficiently complied with Local Rule 7.1(a).

### D. *Ehrenhaus* Factors

Defendants ask the Court to dismiss Plaintiff's Complaint with prejudice because Plaintiff and his counsel have violated their discovery obligations by: (1) failing provide complete medical records and releases and initial disclosures; (2) failing to inform Defendants of subpoenas and provide subpoenaed records; (3) providing deficient answers to discovery requests; (4) attempting to circumvent the Court's Scheduling Order by serving excessive discovery requests; (5) failing to provide complete expert disclosures and adequate notice of expert depositions; (6) attempting to evade Plaintiff's deposition; (7) failing to provide a computation of Plaintiff's damages; and (8) making false statements to the Court and failing to

7

comply with the Court-ordered settlement process. (Doc. 61) at 4-21. The Court considers each of the *Ehrenhaus* factors below to determine whether dismissal is an appropriate sanction.

### 1. Prejudice to Defendants

Defendants argue they have been prejudiced by Plaintiff's failure to comply with his discovery obligations because they: "have spent innumerable hours and resources attempting to obtain Strickland's medical records;" "have been forced to develop a defense based on incomplete information;" "could not adequately depose Strickland's experts due to his post facto expert disclosures;" and cannot "place a value on this case or discuss settlement due to Strickland's refusal to provide computations of his alleged damages or even make a settlement demand." (Doc. 61) at 22. Defendants further assert that "Strickland's allegations, left unchecked due to obstructed discovery, have the potential to erode public confidence in City Defendants … threatening public trust in the City of Las Cruces and its police." *Id.* at 22-23.

Plaintiff explains that in his initial disclosures he disclosed the five medical providers from whom he received treatment for the injuries sustained during the March 11, 2021 incident, and later, in response to Defendants' discovery requests, he identified ten additional providers and signed authorization forms for release of medical records. (Doc. 77) at 6-7. Plaintiff states he has served nine subpoenas for documents, and he withdrew his subpoena to the LCPD Training Academy after Defendants asserted that it exceeded the number of allowable requests for production under the Scheduling Order. *Id.* at 7-9. Plaintiff outlines the records he has produced to Defendants, including expert discovery and supplements thereto. *Id.* at 9-13. Regarding defense counsel's assertions that Plaintiff's expert disclosures were deficient, Plaintiff "contested the existence of a discovery dispute but agreed that Plaintiff's experts would remain available should a court issue an order to compel." *Id.* at 13. Plaintiff argues that he has acted in

8

good faith to timely disclose records and to supplement disclosures as records became available. *Id.* at 18. Plaintiff states he has "signed several authorizations sought by Defendants and offered to sign additional authorizations if Defendants sent over the authorizations they needed." *Id.* Moreover, the parties have taken both fact and expert depositions in a timely manner and on mutually agreed upon dates. *Id.* at 19. Plaintiff disputes that his expert disclosures are lacking and contends that "[e]ach expert deposition taken by Defendants was fully informed" and "Defendants were in possession of the medical records Plaintiff's medical experts relied upon since October 11, 2023." *Id.*

Despite Defendants' numerous assertions of Plaintiff failing to meet his discovery obligations, Defendants' prejudice from these alleged failures appears minimal. Importantly, Defendants have not pursued any motions to compel regarding Plaintiff's alleged discovery abuses, other than a motion to compel as to the time and place for Plaintiff's deposition, which the Court resolved in Defendants' favor. *See* (Doc. 60) (Order Granting Defendants' Motion to Compel Plaintiff's Deposition). While Defendants are not required to pursue relief under the Federal Rules prior to asking a court to dismiss a case using its inherent powers, "when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power." *Chambers*, 501 U.S. 32, 50 (explaining that while courts are not "forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules[, a] court must, of course, exercise caution in invoking its inherent power[,]" and "if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power"); *see also Ehrenhaus*, 965 F.2d at 920 (explaining that dismissal of a case with prejudice "should be used as a weapon of last, rather

9

than first, resort"). Defendants have multiple avenues under the Rules to address their allegations that Plaintiff has not fulfilled his discovery obligations. *See, e.g.*, Fed. R. Civ. P. 26(g)(3), 37, 41(b) (Federal Rules of Civil Procedure providing various means for district courts to sanction attorneys and parties for deficient discovery conduct). Instead, Defendants ask the Court to essentially overrule Plaintiff's objections to their discovery requests without bringing a motion under the proper Rule. *See, e.g.,* (Doc. 61) at 6-7 (arguing that Plaintiff's objections to producing certain medical records and releases are "nonsensical"). Moreover, Defendants do not ask the Court to compel production of any outstanding discovery—or even clarify which discovery requests remain outstanding—which could remedy Defendants' asserted prejudice regarding missing discovery.

The Court recognizes that Defendants appear to have been prejudiced by having to spend extra time and resources seeking discovery from Plaintiff that Plaintiff then belatedly discloses. Nevertheless, Plaintiff explains why he has withheld some discovery and disputes that he failed to produce required medical records or expert disclosures. Indeed, Defendants have filed multiple *Daubert* motions regarding Plaintiff's experts and do not contend they are unable to litigate those motions due to lack of information. Trial in this case is not imminent and Defendants have had ample time to move to compel any missing documents or to retake depositions if they did not have sufficient information, but Defendants have made no such requests. Regarding Defendants' allegation that Plaintiff perjured himself in his interrogatories because he did not include all of his medical information, Defendants may cross-examine Plaintiff regarding inconsistencies in his discovery responses whereby a jury can evaluate Plaintiff's credibility. *See Allen v. Wal-Mart Stores, Inc.*, 241 F.3d 1293, 1297 (10th Cir. 2001) ("The weighing of evidence, the reconciliation of inconsistent testimony, and the assessment of a

witness' credibility is solely within the province of the jury."). Considering that Plaintiff has produced nearly 13,000 pages of documents, including medical records, authorizations, and expert reports, and that Defendants could have sought additional discovery but chose not to, the Court finds Defendants have not been significantly prejudiced by Plaintiff's alleged discovery deficiencies. *C.f. Lee v. Max Intern., LLC*, 638 F.3d 1318, 1319-20 (10th Cir. 2011) (affirming dismissal where the plaintiff disobeyed two court orders compelling discovery responses but stated he had produced the requested documents); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993) (finding sufficient prejudice for dismissal when defendants were unable to depose plaintiffs and trial was imminent); *United States v. One Million Three Hundred Twenty-Two Thousand Two Hundred Forty-Two Dollars and Fifty-Eight Cents*, 938 F.2d 433, 440 (3rd Cir. 1991) (finding prejudice under *Ehrenhaus* where a party did not provide any discovery).

### 2. Interference with the Judicial Process

The Court similarly finds that Plaintiff's actions have not significantly interfered with the judicial process. There have been no long delays in the parties' pretrial deadlines as the parties have only once moved to extend their pretrial deadlines by thirty (30) days. The Court agrees with Defendants that Plaintiff's failure to submit a settlement demand as ordered by the Court interfered with the judicial process and wasted the time of both defense counsel and the Court. However, neither party has been ready to proceed with a settlement conference at this stage of the case, and Defendants recently asked to hold off on resetting the settlement conference pending rulings on this Motion and others. *See* (Doc. 106) (Clerk's minutes from April 16, 2024 status conference). Regarding Defendants' assertion that Plaintiff failed to provide a computation of his damages in his initial disclosures, Defendants again have not moved to compel this information, and dismissal for this reason is unnecessarily extreme. Considering this

case has not been set for trial, the pretrial schedule has not been excessively delayed by the parties' discovery disputes, and Defendants have alternative means to obtain outstanding information from Plaintiff, the Court finds this factor weighs against dismissal of Plaintiff's claims.

### 3. Culpability of Plaintiff

Defendants argue that Plaintiff's multiple discovery abuses demonstrate that his actions are intentional and "suggest[] a deliberate strategy aimed at undermining City Defendants' ability to mount an effective defense." (Doc. 61) at 24. However, Defendants have only filed one motion to compel in this case. Importantly, Defendants moved to compel Plaintiff's deposition not because Plaintiff refused to sit for it, but because the parties disagreed as to the date and location. *See* (Doc. 60) (Order Granting Defendants' Motion to Compel Plaintiff's Deposition). That ruling does not support a finding of such a harsh remedy as dismissal of Plaintiff's claims. As for Defendants' other assertions, Plaintiff explains why he has withheld certain discovery and has offered to make his experts available for a second deposition if Defendants are successful in a motion to compel regarding the late disclosure of expert records. Plaintiff has produced close to 13,000 pages of records and has engaged with Defendants' counsel and the Court over discovery issues that are common in many cases—this is not a situation where Plaintiff has utterly failed to participate in discovery or has blatantly disregarded the Court's Orders. Consequently, the Court finds that Plaintiff's culpability is not significant and this factor does not weigh in favor of dismissal of Plaintiff's claims.

### 4. Whether the Court Warned Plaintiff

Defendants concede this factor weighs against dismissal because the Court has not warned Plaintiff that dismissal would be a likely sanction. Indeed, Defendants have not filed

discovery motions by which the Court could consider Plaintiff's alleged discovery abuses under the appropriate Rules and issue such a warning. Accordingly, the Court finds this factor also weighs against dismissal of Plaintiff's claims.

### 5. Efficacy of Lesser Sanctions

Finally, the Court considers whether lesser sanctions than dismissal would be effective to address Defendants' allegations. As stated above, Defendants could have filed motions to compel to address their concerns with Plaintiff's discovery disclosures, and they are able to address alleged inconsistencies through cross-examination at trial or by moving for specific findings. Accordingly, the Court finds that lesser sanctions than dismissal would be effective and this factor weighs against dismissing Plaintiff's claims.

## IV. Conclusion

For the reasons stated above, the Court finds that Plaintiff's alleged discovery abuse does not warrant the extreme sanction of dismissal under the *Ehrenhaus* factors. Therefore, the Court RECOMMENDS that Defendants' Motion to Dismiss for Discovery Abuse, (Doc. 61), be DENIED.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen (14) day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.** Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.