IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JONATHAN STRICKLAND,

    Plaintiff,

v.                                                        No. 2:23-cv-116 KG/KRS

CITY OF LAS CRUCES, JOSHUA SAVAGE,
MANUEL FRIAS, NATHAN KRAUSE,
DANIEL BENOIT, and ANTHONY LUCERO,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Defendants' Motion to Dismiss for Discovery Abuse Part II and, as an Alternative, Motion to Compel ("Motion to Dismiss Part II" or "Motion"), (Doc. 103), filed April 9, 2024. Plaintiff filed a response on April 23, 2024, and Defendants filed a reply on April 27, 2024. (Docs. 108, 111). The presiding judge referred the Motion to the undersigned to recommend an ultimate disposition of the Motion. (Doc. 114). Having considered the parties' briefing, the record of the case, and relevant law, the Court recommends that Defendants' Motion to Dismiss for Discovery Abuse Part II, (Doc. 61), be granted in part and denied in part.

**I.  Background**

This case arises out of the shooting of Plaintiff by Las Cruces Police Department ("LCPD") officers on March 11, 2021. Plaintiff brings claims under Title 42 U.S.C §§ 1983 and 1988; the Fourth and Fourteenth Amendments to the United States Constitution; and state law claims of battery, assault, intentional infliction of emotional distress, and negligence. (Doc. 1). Defendants state they file this Motion as a "Part II" or "supplemental motion" to their earlier-

filed Motion to Dismiss, (Doc. 61), in which Defendants moved to dismiss Plaintiff's Complaint for discovery abuses.  (Doc. 103) at 1.

Defendants state in the Motion to Dismiss Part II that during Plaintiff's March 26, 2024 deposition, he "lied under oath at least once and provided evasive or incomplete answers to the majority of City Defendants' questions." *Id.*  Defendants state that Plaintiff's counsel raised 227 objections over the four-hour and fifteen-minute deposition, improperly instructed Plaintiff not to answer questions twice, coached Plaintiff throughout the deposition, and answered questions for Plaintiff or modified his answers at least seven times.  *Id.* at 2-3.  Defendants therefore "renew their request for this Court to dismiss Strickland's complaint with prejudice," or, in the alternative, to "compel Strickland to appear for a second deposition in Las Cruces, New Mexico, and that Strickland bear responsibility for all associated costs."  *Id.* at 3.

Plaintiff responds that dismissal of this case, or alternatively holding a second deposition, is inappropriate and not warranted by Defendants' assertions regarding Plaintiff's deposition.  (Doc. 108).  Plaintiff contends defense counsel's questions were confusing, his counsel properly preserved objections for trial, and his counsel only instructed Plaintiff not to answer on two occasions, both of which were justified.  *Id.* at 6-14.  Plaintiff further argues that Defendants have suffered no undue prejudice.  *Id.* at 14-15.  In reply, Defendants maintain that Plaintiff's Complaint should be dismissed or he should be required to appear for a second deposition based on his evasive answers at his first deposition.  (Doc. 111).

**II.     Legal Standard**

"The court may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of [a] deponent."  Fed. R. Civ. P. 30(d)(2).  Courts also have the inherent authority

2

to sanction bad-faith conduct in litigation. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). "It has long been understood that '[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.'" *Id.* (quoting *United States v. Hudson*, 7 Cranch 32, 34 (1812)); *see also Smith v. N.W. Fin. Acceptance, Inc.*, 129 F.3d 1408, 1419 (10th Cir. 1997). "For this reason, '[c]ourts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.'" *Id.* (quoting *Anderson v. Dunn*, 6 Wheat. 204, 227 (1827)). Such inherent equitable powers include the power to "impose the sanction of dismissal with prejudice because of abusive litigation practices during discovery." *Garcia v. Berkshire Life Ins. Co.*, 569 F.3d 1174, 1179 (10th Cir. 2009).

Dismissing a case for discovery abuse rests within the sound discretion of the trial court. *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005). However, "[b]ecause dismissal is such a harsh sanction, it is appropriate only in cases of 'willfulness, bad faith, or [some] fault of petitioner.'" *Id.* (alteration in original) (quoting *Archibeque v. Atchison, Topeka, and Santa Fe Railway Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995)). Factors courts should consider when determining whether dismissal is an appropriate sanction include:

> (1) the degree of actual prejudice to the defendants;
> (2) the amount of interference with the judicial process;
> (3) the culpability of the litigant;
> (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and
> (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations omitted).[1]  "This list is not exhaustive, nor are the factors necessarily equiponderant." *Chavez*, 402 F.3d at 1044. Dismissal is warranted when "the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits," and the dismissal of a case with prejudice "should be used as a weapon of last, rather than first, resort." *Ehrenhaus*, 965 F.2d at 920.

### III. Discussion

#### A. Defendants' Motion to Dismiss

##### 1. Sanctionable Conduct

The Court must first determine whether Plaintiff or his counsel engaged in sanctionable conduct during Plaintiff's deposition. Defendants' first assertion of sanctionable conduct is that Plaintiff lied under oath at his deposition when he testified that he never attempted suicide by police and never told anyone that he attempted suicide by police. (Doc. 103) at 4-6. When asked if he had ever told anyone he attempted suicide by police, Plaintiff first responded he could not recall ever doing that, and then stated: "It never happened." (Doc. 103-2) (Deposition at 5:24-6:3). Defendants argue this is contradicted by Plaintiff's medical records from March 2016 noting that Plaintiff reported to medical providers: "He has placed himself in extremely dangerous situations to try to be shot by the police." (Doc. 103) at 4-5 (quoting Medical Record Number 10496123 from St. Elizabeth Healthcare, pg. 52-53, attached at Doc. 61-20). These records further note that Plaintiff "made numerous comments during this time that he wanted the police to shoot him." *Id.*  Plaintiff does not address this argument in his response brief or deny

---

[1] While *Ehrenhaus* involves dismissal of a case as a sanction under Federal Rule of Civil Procedure 37, the Tenth Circuit has adopted its analysis as a guide for the imposition of sanctions pursuant to courts' inherent powers. *See Chavez*, 402 F.3d at 1044.

4

having been untruthful in his deposition.  Accordingly, it appears Plaintiff's answer to this deposition question was not truthful.

Second, Defendants contend the majority of Plaintiff's answers were evasive or incomplete because Plaintiff stated "I don't recall" 66 times and avoided answering altogether at least seven times.  (Doc. 103) at 5-12.  For example, Plaintiff stated he did not recall being charged with assault in 2016 or whether he suffered from manic episodes, and he was not able to explain his personal experiences with bipolar disorder and post-traumatic stress disorder or how his memory was affected by the shooting.  *See* (Doc. 103) at 6-11 (citing Doc. 103-2 at 14:3-15:6, 16:13-24, 17:9-19:2, 19:21-21:1, 21:6-19, 24:9-25:13, and 91:7-95:11).  Plaintiff responds that defense counsel's questions were confusing and that repeated questions about medical diagnoses and implications of his mental health "are properly reserved for medical doctors and experts."  (Doc. 108) at 13-14.  However, the deposition transcript shows defense counsel made repeated attempts to rephrase questions when Plaintiff asked him to, and defense counsel clearly limited his questions to inquiring about Plaintiff's personal experience.  *See id.*  Nevertheless, Plaintiff refused to answer questions about his personal experiences with his mental health by stating he was not a medical expert and could not speculate on his personal experiences.  While Plaintiff asserts in his response brief that defense counsel "repeatedly questioned Mr. Strickland on irrelevant matters," that does not excuse Plaintiff's failure to provide answers at his deposition.  *See Rodriguez v. Presbyterian Healthcare Servs.*, 2012 WL 12894833, at *9 (D.N.M.) ("[I]t is improper for Rodriguez to decide at her deposition what questions she will fully answer based on her assessment of the relevancy of those questions."); *Kingston v. Nelson*, 2007 WL 2985046, at *6 (D. Utah) ("Nothing in rule 30 requires an attorney to explain the relevance of questions during a deposition.  In addition, relevance is an issue to be determined by

the court when evidence is sought to be admitted, not by the parties during a deposition."); Fed. R. Civ. P. 30(c)(2) (requiring deposition testimony be taken subject to objection). The Court finds that Plaintiff's failure to answer questions about his personal experiences was evasive.

Finally, Defendants contend Plaintiff's counsel violated Rule 30(c)(2) by improperly raising 227 objections, thereby disrupting Plaintiff's ability to testify and influencing his testimony. (Doc. 103) at 12-15. Defendants further argue Plaintiff's counsel twice instructed Plaintiff not to answer, coached Plaintiff by raising his hand in the middle of questioning or touching Plaintiff's arm, which cued him not to answer or to stop talking, and answered questions for Plaintiff multiple times. *Id.* at 15-21.[2] Plaintiff responds that his counsel's objections were appropriate and necessary to preserve issues for trial, and that the two times Plaintiff was instructed not to answer were justified because one was a question that was repeatedly asked and answered, and the second question asked Plaintiff to testify on matters that may be incriminating under the Fifth Amendment. (Doc. 108) at 11-13.

"An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2). In addition, "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3) [to terminate or limit the deposition]." *Id.* "[C]ourts have found that frequent and suggestive objections by opposing

---

[2] The Court has reviewed the portions of the video recording of the deposition that were cited by Defendants. *See* (Doc. 104) (Notice of Filing Media Exhibits to Motion to Dismiss).

counsel can run afoul of [Rule 30(c)(2)]." *Cordova v. United States*, 2006 WL 4109659, at *2 (D.N.M.) (citation omitted). "Courts have also interpreted this rule to mean that it is improper for counsel to act as an intermediary, interpreting questions, deciding which questions the witness should answer." *Id.* (citation omitted). This means that "if a witness is confused about a question, or if the question seems awkward or vague, the witness may ask deposing counsel to clarify the question," but "securing clarification is not the job of the witness' counsel." *Id.* (citation omitted). Accordingly, "[i]f counsel objects to a question at deposition based on the form of the question, counsel may briefly explain the objection if the deposing counsel asks for an explanation," but counsel violates Rule 30(c)(2) "when counsel's objections result in an incomplete answer or in the witness's adoption of counsel's statement. *Id.*; *see also* Fed. R. Civ. P. 30, Advisory Committee Note to 1993 Amendment (explaining an excessive number of objections, even if not argumentative or suggestive, "may itself constitute sanctionable conduct").

      Here, Plaintiff's counsel's objections were excessive and were not "stated concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2). Instead, Plaintiff's counsel objected in a way that instructed Plaintiff to evade answering questions, such as repeatedly stating the questions asked for speculation, lacked foundation, called for medical expert or legal opinion, or were vague. Plaintiff's counsel raised 277 objections and Plaintiff's testimony was clearly influenced by his counsel's behavior. Throughout the deposition, Plaintiff incorporates his counsel's objections into his answers and either restates the objection or states that he cannot recall. For example, after Plaintiff's counsel objected to a question, stating: "Objection. Calls for speculation. Lacks foundation. Answer what you know, not – not what your mom knows, ok?" Plaintiff answers: "I don't recall that." (Doc. 103-2) at 13:23-14:2. Indeed,

at one point Plaintiff states that it is hard to remember the questions defense counsel had asked due to his attorney's objections. *See* (Doc. 103-2) at 93:14-20 ("[W]hen you ask a question and then my attorney objects, it's hard to – to -- … [remember] what you asked after the objection.").

While Plaintiff contends his counsel needed to preserve objections for trial, only objections that relate to the "manner of taking the deposition, the form of a question or answer, the oath or affirmation, a party's conduct, or other matters that might have been corrected at that time" are waived if not made during the deposition. Fed. R. Civ. P. 32(d)(3)(B). Other objections, such as relevance or materiality, are not waived if not raised at a deposition. *See* Fed. R. Civ. P. 32(d)(3)(A); Fed. R. Civ. P. 32(b). Therefore, the Court finds Plaintiff's assertion his counsel needed to assert lengthy and repetitive objections to preserve them is without merit. The Court also rejects Plaintiff's argument that his counsel's objections were necessary to clarify confusing questions. "[I]t is improper for counsel to act as an intermediary, interpreting questions, deciding which questions the witness should answer," and if a witness is confused about a question, "the *witness* may ask deposing counsel to clarify the question," but "securing clarification is not the job of the witness' counsel." *Cordova*, 2006 WL 4109659, at *2 (citation omitted) (emphasis added); *see also Orr v. City of Albuquerque*, 2003 WL 27385073, at *2 (D. N.M.) ("Counsel, however, may not object to a question because counsel does not understand the question nor may counsel interpret a question on the record."). Plaintiff's counsel's non-verbal cues—such as raising his hand in the middle of defense counsel's questions or touching Plaintiff's arm to stop him from answering—were also improper because they guided Plaintiff's answers and interrupted the deposition. *See Rowen v. Children, Youth & Families Dept.*, 2001 WL 37124902, at *1 (D. N.M.) (citation omitted) ("A deposition is meant to be a question-and-answer conversation between the deposing lawyer and the witness.").

In addition, Plaintiff's counsel twice improperly instructed Plaintiff not to answer. "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3) [to terminate or limit the deposition]." Fed. R. Civ. P. 30(c)(2). Plaintiff's counsel instructed Plaintiff not to answer to a question about whether Plaintiff lied to his therapist about suffering from explosive anger, and a question as to what Plaintiff had done regarding a judge's decision relating to custody of his children. *See* (Doc. 103-2) at 60:24-61:10, 118:12-119:18. Plaintiff argues his counsel properly instructed him not to answer because the first question was repeatedly asked and answered, and the second question asked Plaintiff to testify on matters that may be incriminating under the Fifth Amendment. (Doc. 108) at 11-13. It is not proper to instruct a deponent not to answer on the basis that a question has been asked and answered, and Plaintiff fails to explain how a question regarding custody may be incriminating or implicates his Fifth Amendment rights. Accordingly, neither question implicates a privilege or limitation ordered by the Court.

For these reasons, the Court finds that Plaintiff's evasive answers and his counsel's inappropriate objections violated Rule 30 by impeding, delaying, and frustrating Defendants' ability to fairly examine Plaintiff. The Court next considers each of the *Ehrenhaus* factors to determine whether dismissal is an appropriate sanction.

2.  ***Ehrenhaus* Factors**

In considering whether to dismiss a case for discovery abuse, courts should consider the following factors: (1) the degree of actual prejudice to the defendants; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for

9

noncompliance; and (5) the efficacy of lesser sanctions. *Ehrenhaus*, 965 F.2d at 921; *see also Chavez*, 402 F.3d at 1044 ("This list is not exhaustive, nor are the factors necessarily equiponderant.").

Defendants argue they have been prejudiced by Plaintiff's failure to comply with his discovery obligations, stating they "incorporate and re-allege the arguments made in their Motion to Dismiss Part I [Doc. 61] at 21-26." (Doc. 103) at 21.[3] In addition, Defendants state that Plaintiff's conduct prejudiced them because they spent substantial time and resources taking the deposition, and Plaintiff's evasive answers "frustrated the deposition to the point that it was rendered useless." *Id.* at 22. Defendants state they are "in the dark about Strickland's experiences and how he intends to testify at trial." *Id.* Plaintiff responds that Defendants have not suffered undue prejudice because Plaintiff has complied with discovery requirements and Defendants did not suspend Plaintiff's deposition or file a motion to compel further responses. (Doc. 108) at 7-11. Plaintiff argues that his conduct at the deposition is not as egregious as conduct in other cases where judges dismissed the case based on discovery abuses, and notes that he sat for more than four hours for his deposition, in person, and at a location of Defendants' choosing. *Id.* at 14-15.

The Court agrees with Defendants that Plaintiff's failure to comply with Rule 30 and provide non-evasive answers during his deposition has prejudiced Defendants in that they did not get answers to many of their deposition questions. However, the Court finds that this prejudice is minimal when compared to cases that were dismissed for abusive deposition tactics. Defendants rely on two Tenth Circuit cases for their argument that Plaintiff's behavior rises to a

---

[3] The Court considered Defendants' arguments in their first Motion to Dismiss (Doc. 61) in the Court's Proposed Findings and Recommended Disposition on that motion. (Doc. 113).

10

level requiring dismissal.  In the first case, the Tenth Circuit upheld the district court's dismissal of claims based on a finding that a party concealed a relevant document and knowingly violated the court's order requiring disclosure of the document.  *Auto-Owners Ins. Co. v. Summit Park Townhome*, 886 F.3d 842, 859-60 (10th Cir. 2018).  In the second case, the Tenth Circuit upheld dismissal of claims based on a finding a party acted willfully, in bad faith, and with fault by collecting the opposing party's corporate records outside of procedures requiring shareholder inspection, thereby circumventing the discovery process and depriving the opposing party of the right to argue the records were privileged before disclosing them.  *Xyngular v. Schenkel*, 890 F.3d 868, 874 (10th Cir. 2018).  In contrast, Plaintiff relies on a case where the district court denied a motion to dismiss based on the plaintiff's "imprecise and apparently contradictory statements in his answers to interrogatories and during his deposition."  *Maples v. Vollmer*, 2013 WL 1009558, at *19 (D.N.M.).  The court reasoned that the answers did not cause the defendants substantial prejudice or substantially interfere with the judicial process because there was no evidence of intentional wrongdoing, and the defendants could explore the contradictions on cross-examination at trial.  Moreover, the court explained the defendants could seek to have certain facts deemed as established or inform the jury of the plaintiff's failure to admit those facts, which could remedy any prejudice.  *Id.*

      The Court finds that Plaintiff's behavior here is more in line with *Maples* than the cases relied on by Defendants.  Defendants assert one instance where Plaintiff's answer about whether he had attempted suicide by police, or told anyone he had made such an attempt, is contradicted by medical records noting that Plaintiff made such statements to hospital staff.  It is unclear how accurate those medical records are as to Plaintiff's statements, or what state of mind he was in when he made them.  Moreover, Defendants are able to address such inconsistencies during trial

11

by questioning Plaintiff and comparing his answers to the records. As for Plaintiff's evasive answers and failure to answer questions, there is an adequate remedy under the federal rules by requiring Plaintiff to sit for a second deposition. *See Chambers*, 501 U.S. 32, 50 ("[W]hen there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power."); *Ehrenhaus*, 965 F.2d at 920 (explaining that dismissal of a case with prejudice "should be used as a weapon of last, rather than first, resort"). Therefore, the Court finds that this factor only weighs minimally in Defendants' favor.

Regarding the second and third factors, the Court finds that Plaintiff is culpable for his actions at his deposition and that those actions interfered with the judicial process. Plaintiff and his counsel did not comply with Rule 30 and did not provide Defendants with clear answers to their questions. Discovery in federal court is intended to be broad and liberal. *See* Fed. R. Civ. P. 26(b)(1) (generally, discovery is allowed of any matter that is relevant to the claim or defense of any party that is not privileged). A party may discover any matter that is relevant to a claim, issue, or defense that is pleaded in a case, regardless of which party raises the claim, issue, or defense. Advisory Committee Note to the 2000 Amendment to Rule 26(b)(1). Moreover, parties are entitled to learn, to the fullest practical extent, the evidence that supports or refutes claims and defenses. *See United States v. Procter & Gamble Co.*, 356 U.S. 677, 682-83 (1958) (discovery requests along with "pretrial procedures make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent") (citation omitted). As discussed above, Plaintiff and his counsel did not comply with the federal rules regarding depositions. However, because Plaintiff's conduct can be addressed by requiring

12

him to sit for a second deposition, the Court finds these factors only minimally weigh in favor of dismissal of Plaintiff's claims.

Next, the Court finds that the fourth factor—whether the Court warned the party in advance that dismissal of the action would be a likely sanction for non-compliance—weighs against dismissal because the Court has not warned Plaintiff that dismissal would be a likely sanction. And finally, the Court considers whether lesser sanctions than dismissal would be effective to address Defendants' allegations. Requiring Plaintiff to sit for a second deposition, at his expense and in Las Cruces, New Mexico where defense counsel is located, is likely to be an effective deterrent to a recurrence of his and his counsel's conduct at the March 26, 2024 deposition. The Court has outlined for Plaintiff's counsel what types of objections are proper and expects Plaintiff's counsel to inform Plaintiff that he must answer Defendants' questions fully and truthfully regardless of his counsel's objections. Plaintiff's counsel may only invoke objections as to form if appropriate, and may not make objections that suggest to Plaintiff that he should not provide a full and truthful answer. The Court encourages close adherence to Rule 30 for Plaintiff and his counsel. That being said, if Plaintiff does not recall something, that is a valid response that Defendants may address at trial if necessary. Accordingly, the Court finds that the lesser sanction of a second deposition would be effective.

For the reasons stated above, the Court finds that the *Ehrenhaus* factors weigh against dismissal of Plaintiff's claims based on his deposition and recommends that Defendant's Motion to Dismiss be denied as to their request for dismissal.

### B. Defendants' Motion to Compel Second Deposition

As an alternative to dismissal, Defendants ask the Court to compel Plaintiff to sit for a second deposition and "bear all associated expenses." (Doc. 103) at 27. Rule 37(a)(3)(B)(i)

provides that a motion to compel may be made if a deponent fails to answer a question asked at oral deposition, and Rule 30(d)(2) provides that courts may "impose an appropriate sanction including the reasonable expenses and attorney's fees incurred by any party on a person who impedes, delays, or frustrates the fair examination of the deponent." As set forth above, the Court has found that Plaintiff and his counsel impeded, delayed, and frustrated Plaintiff's fair examination. The Court finds the appropriate sanction would be for Plaintiff to sit for a second deposition, in person and in Las Cruces, and that Plaintiff and his counsel pay for Defendants' costs and fees incurred in taking the first deposition, including their travel expenses. *See Sartori v. Susan C. Little & Assoc., P.A.*, 2013 WL 4401383, at *5 (D.N.M.) (holding where a party's "deposition is riddled with evasive answers and non-answers" it is appropriate to order the party to sit for a new deposition); *Brack v. Gonzales*, 2007 WL 9734041, at *3 (D.N.M.) ("Plaintiff's refusal to answer proper questions led to Defendants' need to take a second deposition, and thus, it is only fair that Plaintiff should bear the costs of the deposition."). The Court recommends that each party bear their own expenses for the second deposition.

### IV.  Conclusion

For the reasons stated above, the Court finds that Plaintiff and his counsel failed to comply with Rule 30 during Plaintiff's March 26, 2024 deposition by failing to answer questions and improperly objecting in a way that influenced Plaintiff's testimony. The Court further finds that this conduct does not warrant the extreme sanction of dismissal under the *Ehrenhaus* factors, but it does warrant the lesser sanction of requiring Plaintiff to sit for a second deposition that should be held in Las Cruces, New Mexico, and that Plaintiff and his counsel should pay Defendants' costs and fees incurred in taking the first deposition. In addition, because the Court recommends granting the Motion in part and denying it in part, the Court recommends denying

14

Defendants' request for attorneys' fees and costs incurred in bringing the Motion to Dismiss. *See* Fed. R. Civ. P. 37(a)(5) (providing for payment of fees and costs when motions to compel are either granted or denied).

IT IS THEREFORE RECOMMENDED that Defendants' Motion to Dismiss for Discovery Abuse Part II and, as an Alternative, Motion to Compel, (Doc. 103), be DENIED as to Defendants' request to dismiss Plaintiff's claims with prejudice and for attorney's fees incurred in bringing the Motion to Dismiss.

IT IS FURTHER RECOMMENDED that the Motion be GRANTED as to Defendants' alternative request to compel Plaintiff to sit for a second deposition in Las Cruces, New Mexico, and that Plaintiff and his counsel pay Defendants' costs and fees incurred in taking the March 26, 2024 deposition, including their travel expenses. The Court recommends that each party bear their own expenses for the second deposition. If these Proposed Findings and Recommended Disposition are adopted, the Court recommends that Defendants file an affidavit itemizing its reasonable fees and expenses incurred in taking the March 26, 2024 deposition, and that Plaintiff be allowed an opportunity to file objections to the affidavit.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen (14) day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**