IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JONATHAN STRICKLAND,

      Plaintiff,

v.                                                                                                          No. 2:23-cv-116 KG/KRS

CITY OF LAS CRUCES, JOSHUA SAVAGE,
MANUEL FRIAS, NATHAN KRAUSE,
DANIEL BENOIT, and ANTHONY LUCERO,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Defendants' Daubert Motion No. IV: To Exclude the Testimony of Dr. Roberto Contreras ("Motion to Exclude"), filed March 3, 2024. (Doc. 72). Plaintiff filed a response on March 18, 2024, and Defendants filed a reply on March 31, 2024. (Docs. 81, 96). The presiding judge referred the Motion to the undersigned to recommend an ultimate disposition of the Motion. (Doc. 116). Having considered the parties' briefing, the record of the case, and relevant law, the Court recommends that Defendants' Daubert Motion No. IV: To Exclude the Testimony of Dr. Roberto Contreras, (Doc. 72), be granted.

**I.     Background**

This case arises out of the shooting of Plaintiff by Las Cruces Police Department ("LCPD") officers on March 11, 2021. Plaintiff brings claims under Title 42 U.S.C §§ 1983 and 1988; the Fourth and Fourteenth Amendments to the United States Constitution; and state law claims of battery, assault, intentional infliction of emotional distress, and negligence. (Doc. 1).

Defendants move to exclude the opinions and testimony of Plaintiff's designated expert Dr. Robert Contreras pursuant to Federal Rules of Civil Procedure 26 and 37, and Federal Rules of Evidence 403 and 702. (Doc. 72). Plaintiff offered Dr. Contreras as a retained expert "Life

Care Planner," stating Dr. Contreras "will address issues concerning Plaintiff's life care plan as it relates to the events and claims at issue in Plaintiff's operative Complaint." (Doc. 72-1) at 2. Defendants argue that Plaintiff failed to provide the records and resources Dr. Contreras states he reviewed to prepare his report, in violation of Fed. R. Civ. P. 26(a)(2)(B). *Id.* at 5-7. Defendants provided Plaintiff three opportunities to cure these deficiencies by asking for the specific facts or data that Dr. Contreras considered while developing his report, but Plaintiff failed to provide the requested information. *Id.* at 7-8. Instead, on the afternoon before Dr. Contreras' deposition, Plaintiff produced a supplemental expert disclosure consisting of 796-pages of non-bates-labeled medical records, which prevented Defendants from being able to fully consider the facts or data relied on by Dr. Contreras when preparing for his deposition. *Id.* Defendants ask the Court to: (1) exclude the records produced in the supplemental expert disclosures regarding Dr. Contreras; (2) preclude Dr. Contreras from producing additional supplemental disclosures and from supplementing his report; (3) exclude and not consider the opinions and testimony of Dr. Contreras in the matter; and/or (4) set a *Daubert* hearing to determine whether or not Dr. Contreras should be allowed to testify. *Id.* at 23.[1]

In response, Plaintiff outlines the records he has produced to Defendants, including medical records, records relating to the underlying event and Plaintiff's injuries, and police training records. (Doc. 81) at 3-4.[2] Plaintiff states he requested authorization forms from

---

[1] Defendants also ask the Court to "Exclude Dr. Kaufman from relying on the documents described within Strickland's first and second supplemental expert disclosures regarding Dr. Contreras." (Doc. 72) at 23. Defendants do not discuss Dr. Kaufman's reliance on these documents in their Motion, so the Court does not address this request.

[2] Defendants moved to strike Plaintiff's response to their Motion to Exclude, as well as Plaintiff's responses to other motions. *See* (Doc. 102) (Motion to Strike Documents 77, 78, 79, and 81). The Court does not address the Motion to Strike in these Proposed Findings and Recommended Disposition because it pertains to responses to dispositive motions that are before

Defendants on December 5, 2023, but Defendants did not provide the forms or follow up. *Id.* at 5-6. Plaintiff states that the records produced as a supplement to the experts' reports "were the exact same records previously produced with Plaintiff's First Supplemental Disclosures on October 11, 2023." *Id.* at 6. Plaintiff argues that exclusion of the records relied on by Dr. Contreras and of Dr. Contreras' opinion is an improper discovery sanction under Rule 37(b)(2)(C) because Plaintiff has not disobeyed any order and has been responsive to defense counsel's requests. *Id.* at 9-10. Plaintiff also contends that Defendants had all relevant medical records prior to Dr. Contreras' deposition. *Id.* at 10-11.

In reply, Defendants maintain that Dr. Contreras' report, opinions, and testimony should be excluded because the report failed to include the facts and data Dr. Contreras considered, or any records referenced in his report. (Doc. 96) at 6-8. Defendants further maintain that Dr. Contreras' report is deficient because it is not supported by any records. *Id.* at 11-12.

**II.     Legal Standard**

Rule 26(a)(2)(B) requires that a party's expert witness disclosure "must be accompanied by a written report—prepared and signed by the witness[.]" Fed. R. Civ. P. 26(a)(2)(B). The Rule requires the expert report to contain:

> (i)    a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii)   the facts or data considered by the witness in forming them;
> (iii)  any exhibits that will be used to summarize or support them;
> (iv)   the witness's qualifications, including a list of all publications authored in the previous 10 years;

---

the presiding judge. Nevertheless, the Court notes that Plaintiff's response here, Document 81, improperly responds to multiple motions. *See* D.N.M. Admin. Order 92-88 (May 4, 1992) ("[A]ll practitioners … shall henceforth submit, in the case of responsive pleadings, a separate pleading addressing each motion or other pleading to which a response is made."). The Court instructs Plaintiff to file separate pleadings in response to future motions.

3

>     (v)     a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>     (vi)    a statement of the compensation to be paid for the study and testimony in the case.

*Id.*

Under Rule 37(c)(1), "[i]f a party fails to provide information ... as required by Rule 26(a) ... , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Vesom v. Atchison Hosp. Ass'n*, 279 Fed. Appx. 624, 631 (10th Cir. 2008) (explaining that exclusion of evidence that is presented in violation of Rule 37(c) "is 'automatic and mandatory' unless the violation was either justified or harmless") (quoting *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996))). A district court has discretion to decide whether a Rule 26 violation is justified or harmless and, when doing so, should consider the following factors: "'(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.'" *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002); *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) ("The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court."); *see also Walker v. Corizon Health, Inc.*, 2022 WL 1521626, at *1-2 (D. Kan.), reconsideration denied, 2022 WL 1623823 (D. Kan.) ("Rule 37(c)(1) requires the court to exclude plaintiffs' expert reports as a sanction for failing to comply with Fed. R. Civ. P. 26(a)(2)(B).").

In addition to the above-listed disclosure requirements, expert testimony is also governed by Rule 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The proponent of the expert testimony bears the burden of proving the foundational requirements of Rule 702 by a preponderance of the evidence. *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009) (en banc). An expert's proposed testimony also must be shown to be relevant and reliable. *See Adamscheck v. Am. Family Mut. Ins. Co.*, 818 F.3d 576, 588 n.7 (10th Cir. 2016). To be relevant, expert testimony must "logically advance a material aspect of the case" and be "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *United States v. Garcia*, 635 F.3d 472, 476 (10th Cir. 2011). When determining reliability, district courts may consider: (1) whether a theory has been or can be tested or falsified, (2) whether the theory or technique has been subject to peer review and publication, (3) whether there are known or potential rates of error with regard to specific techniques, and (4) whether the theory or approach has "general acceptance." *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1233 (10th Cir. 2004) (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993)). "[T]his list is neither definitive nor exhaustive" and district courts have wide discretion in deciding how to assess reliability and in making reliability determinations. *Id.*

### III.  Discussion

Plaintiff timely served Defendants with Dr. Contreras' expert report on November 6, 2023. *See* (Doc. 29) (Order Extending Pretrial Deadlines); (Docs. 72-1, 72-2). Plaintiff states

5

Dr. Contreras was disclosed to "address issues concerning Plaintiff's life care plan as it relates to the events and claims at issue in Plaintiff's operative Complaint. (Doc. 72-1) at 1. Dr. Contreras opines that Plaintiff will incur a total of $2,080,052.06 in lifetime costs for: Medical Care; Therapeutic/Rehabilitation Professionals; Medications; Laboratory Studies; Equipment & Supplies; Home Care/Living Arrangements; and Educational/Vocational. (Doc. 72-2) at 2. Dr. Contreras states Plaintiff has the following diagnoses based on Dr. Contreras' review of medical records as well as an interview and examination of Plaintiff: nondisplaced fracture of the right inferior iliac bone; right piriformis muscle hematoma; extraperitoneal hemorrhage; deep injury to the right posterior paraspinal muscles; pelvic pain; low back pain; neck pain; depression; anxiety; PTSD; right hip pain; left hip pain; right shoulder pain; left shoulder pain; "difficulty with ADL's"; and chronic pain syndrome. *Id.* at 3. He notes the services Plaintiff presently receives and assesses his functional independence. *Id.* at 4-7. Dr. Contreras opines: "Mr. Strickland will have chronic symptoms and residual disabilities as a result of his injury on 03/11/21. Given his condition, he will require lifelong care." *Id.* at 7. He attaches a Life Care Plain outlining services Plaintiff will require and estimated costs for those services. *Id.* at 8-12. Dr. Contreras lists his sources as: Agape Pain Management; Expert Hearing Care; Physician's Vascular Services/Dr. Joseph B. Furlong; Imaging & Vein Care Clinics; University Medical Center of El Paso; and Mountain View Regional Medical Center. *Id.* at 2. Dr. Contreras states he relied on the following resources for his estimates: Context 4 Health Care; Fairhealth; Physicians Fee Reference; Online Vendors; LifeCare Planning and Case Management Handbook; Practice Management Information Corporation; Disease/Condition Specific Guidelines; American Hospital Directory; Veterans Administration Reasonable Charges; Drugs.com; Salary.com/Indeed.com; GoodRx.com; Find-A-Code. *Id.* at 12.

Defendants argue that Dr. Contreras' report fails to disclose the required Rule 26(a)(2)(B) information because it does not provide the basis or reasons for his opinions or facts supporting those opinions. Thus, Defendants argue, the Court must exclude Dr. Contreras' opinions under Rule 37(c)(1). (Doc. 72). In response, Plaintiff outlines the documents and materials he has produced to Defendants and states that Plaintiff's counsel "agreed to sign whatever authorization forms Defendants requested" and emailed Defendants' counsel requesting authorization forms, but Defendants' counsel did not respond. (Doc. 81) at 5-6. Plaintiff further states that "the medical records produced as a supplement to the experts' reports were the exact same records previously produced with Plaintiff's First Supplemental Disclosures on October 11, 2023." *Id.* at 6. Plaintiff contends he has not disobeyed any court order, has complied with Defendants' requests for supplementation, and has produced all relevant medical records. *Id.* at 9-10. Plaintiff argues that "[e]ach expert deposition taken by Defendants was fully informed" because "Defendants were in possession of the medical records Plaintiff's medical experts relied upon since October 11, 2023." *Id.* at 10. Finally, Plaintiff asserts that Dr. Contreras' opinions are not invalid because they are based in part on estimating future pain and costs, and that "Dr. Contreras has to depend on market value prices to create the life-care plan for patients." *Id*. at 10-11.

As set forth above, Rule 26(a) requires a party to disclose the identity of any expert witness it may use at trial, and if such a witness is "one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," the disclosure of the expert's identity must be accompanied by a written report prepared and signed by the expert. Fed. R. Civ. P. 26(a)(2)(A)-(B). The written report must contain, among other things, a complete statement of all opinions the witness will express, the

7

basis and reasons for the opinions, and the facts or data considered by the witness. *Id.* "The purpose of expert disclosures is 'to eliminate surprise and provide opposing counsel with enough information ... to prepare efficiently for deposition, any pretrial motions, and trial.'" *Carbaugh v. Home Depot U.S.A., Inc.*, 2014 WL 3543714, at *2 (D. Colo.) (quoting *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1121-22 (D. Colo. 2006)).

Dr. Contreras' report does not state with any specificity which records he reviewed or relied on, and his list of resources are comprised of general websites and companies. Dr. Contreras' report also does not include any documentation or evidence supporting how he came up with his estimates. When asked at his deposition about the estimated costs for Plaintiff's Life Care Plan, Dr. Contreras repeatedly stated that none of Plaintiff's medical records indicate Plaintiff has been ordered to use the various services included in the estimate. For example, Dr. Contreras stated that none of Plaintiff's medical records indicate he has been ordered participate in pain management visits, ENT visits, physical rehabilitation, psychiatry visits, occupational therapy, aquatic therapy, or acupuncture, or even that Plaintiff had ever participated in those forms of medical treatment. (Doc. 72) at 13-16 (quoting Doc. 72-5). Yet, Dr. Contreras estimates Plaintiff will incur hundreds of thousand dollars for those services. *See* (Doc. 72-2) at 8-12. Similarly, Dr. Contreras opines that Plaintiff will need to participate in physical therapy throughout his life, at a total cost of $85,943.02, but testified that medical records show Plaintiff participated in only two physical therapy session since the incident in 2021. *Id.* at 14-15. In addition, Dr. Contreras includes estimates for a lifetime of medications, laboratory studies, equipment and supplies, and a gym membership, but he could not point to any evidence supporting the costs of these prescriptions or services or provide support for how he arrived at the costs in the Life Care Plan. *Id.* at 16-23. And finally, Dr. Contreras estimates that Plaintiff

will incur a total life cost of $1,489,152.00 for a home health aid, but admitted in his deposition that Plaintiff is not currently receiving any form of home health aid and that he has not seen any recommendation that Plaintiff receive such care. *Id.* at 20-21. For these reasons, the Court finds that Dr. Contreras' report does not satisfy the requirements of Rule 26(a)(2)(B) because it does not contain "the facts or data considered by the witness in forming" his opinions.

Because Dr. Contreras' report does not contain the information required by Rule 26(a), Rule 37(c)(1) provides that Plaintiff "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In determining whether a Rule 26 violation is justified or harmless the considers: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Jacobsen*, 287 F.3d 936, 953 (10th Cir. 2002) (citation omitted).

Plaintiff's failure to provide any specific medical records or resources supporting Dr. Contreras' estimates left Defendants unable to verify the estimates and unable to question Dr. Contreras at his deposition about them. Defendants asked Plaintiff three times to provide the specific facts or data that Dr. Contreras considered while developing his report, or to identify the corresponding Bates numbers if the information had already been produced. *See* (Doc. 72) at 7-8; (Docs. 72-3, 72-4). Plaintiff responded to those requests by producing 796 pages of non-bates-labeled medical records on January 18, 2024, the day before Dr. Contreras' deposition. (Doc. 72) at 8. That supplemental production failed to address the problem with Dr. Contreras' report—that it did not reference any specific records on which he based his opinions. Accordingly, the Court finds that Defendants are prejudiced by Plaintiff's Rule 26 violation, and

9

Plaintiff has had ample time to cure the prejudice but has failed to do so. The Court further finds that allowing Dr. Contreras to testify at trial would be disruptive because his report is not properly supported. While the Court does not find evidence of Plaintiff's bad faith or willfulness, the remaining factors weigh against concluding that the Rule 26 violation is justified or harmless.

For these reasons, the Court finds that Rule 37(c)(1) requires excluding Dr. Contreras' expert report as a sanction for failing to comply with Fed. R. Civ. P. 26(a)(2)(B). *See* Fed. R. Civ. P. 37(c)(1) (if a party fails to disclose information or identify a witness as required Rule 26(a), then "the party is not allowed to use that information or witness" at trial); *see also Walker*, 2022 WL 1521626, *4 (holding that "Rule 37(c)(1) requires the court to exclude plaintiffs' expert reports as a sanction for failing to comply with Fed. R. Civ. P. 26(a)(2)(B)" because plaintiffs failed to demonstrate their non-compliance was "substantially justified" or "harmless"). Because the Court recommends excluding Dr. Contreras' report as a Rule 37 sanction for violating Rule 26, the Court does not reach Defendants' contentions that his report should also be exclude under Federal Rule of Evidence 702. *See, e.g., Lopez v. Shrader*, 2022 WL 336680 (D. Colo.) ("[G]iven the court's conclusion that Plaintiff's proposed Experts are precluded from offering testimony [under Fed. R. Civ. P. 26 and 37], the court need not address Defendants' Rule 702 arguments.").

## IV.    Conclusion

For the reasons stated above, the Court finds that Plaintiff's expert, Dr. Contreras, failed to comply with Rule 26's expert disclosure requirements, and that failure was not substantially justified or harmless. Therefore, the Court recommends that Defendants' Motion to Exclude be granted and Dr. Contreras be excluded from giving testimony at trial pursuant to Rule 37(c)(1).

Because the supplemental production to Dr. Contreras' expert report was a duplication of documents that Plaintiff produced earlier, the Court further recommends excluding the records produced in the supplemental production, but not the originally-produced documents.

IT IS THEREFORE RECOMMENDED that Daubert Motion No. IV: To Exclude the Testimony of Dr. Roberto Contreras, (Doc. 72), be GRANTED and the records produced in Dr. Contreras' supplemental expert disclosures and his opinions and testimony be EXCLUDED in this matter.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen (14) day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.** Pursuant to Fed. R. Civ. P. 72(b)(2), **a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**