IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JONATHAN STRICKLAND,

    Plaintiff,

v.                                                                                      No. 2:23-cv-116 KG/KRS

CITY OF LAS CRUCES, JOSHUA SAVAGE,
MANUEL FRIAS, NATHAN KRAUSE,
DANIEL BENOIT, and ANTHONY LUCERO,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Defendants' Daubert Motion No. V: To Exclude Plaintiff's Expert Witness, Roy Theophilus Bent, Jr. ("Motion to Exclude"), filed March 3, 2024. (Doc. 73). Plaintiff has not filed a response and the time for doing so has passed, which constitutes consent to grant the Motion. *See* D.N.M. LR-Civ. 7.1(a) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."). Defendants filed a Notice of Completion of Briefing on March 31, 2024. (Doc. 101). The presiding judge referred the Motion to the undersigned to recommend an ultimate disposition of the Motion. (Doc. 116). Having considered the Motion, the record of the case, and relevant law, the Court recommends that Defendants' Daubert Motion No. V: To Exclude Plaintiff's Expert Witness, Roy Theophilus Bent, Jr., (Doc. 73), be granted.

Defendants move to exclude the Plaintiff's expert witness Roy Theophilus Bent, Jr., a certified automobile appraiser. (Doc. 73) at 1-2. Mr. Bent was retained to determine the value of Plaintiff's vehicle prior the damage it incurred in the incident at issue in this case. (Doc. 73-1) (Plaintiff's expert disclosure); (Doc. 73-2) (Mr. Bent's deposition). Mr. Bent states he reviewed

photographs of the vehicle following Plaintiff's encounter with the police, spoke with Plaintiff's counsel, and called dealerships. (Doc. 73-2). Defendants state that during Mr. Bent's deposition, Plaintiff's counsel provided Defendants' counsel with some of the photographs considered by Mr. Bent when developing his written report. (Doc. 73) at 5; (Doc. 73-2). Additionally, after Mr. Bent's deposition Plaintiff produced a supplement to Mr. Bent's report that included information that had not previously been produced. (Doc. 73) at 5. Defendants argue that Mr. Bent should not be permitted to testify at trial because his report does not contain the data and other information he considered when valuing the vehicle, and Plaintiff failed to timely supplement the report despite multiple requests by Defendants prior to Mr. Bent's deposition. (Doc. 73) at 3. Defendants contend that Mr. Bent's report and testimony should be excluded under Rule 37(c) for failure to comply with Rule 26(a), and under Federal Rule of Evidence 702. *Id.* at 5-22.

Rule 26(a)(2)(B) requires that a party's expert witness disclosure "must be accompanied by a written report—prepared and signed by the witness[.]" Fed. R. Civ. P. 26(a)(2)(B). The Rule requires the expert report to contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the facts or data considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi) a statement of the compensation to be paid for the study and testimony in the case.

*Id.* "The purpose of expert disclosures is 'to eliminate surprise and provide opposing counsel with enough information ... to prepare efficiently for deposition, any pretrial motions, and trial.'"

2

*Carbaugh v. Home Depot U.S.A., Inc.*, 2014 WL 3543714, at *2 (D. Colo.) (quoting *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1121-22 (D. Colo. 2006)).

Under Rule 37(c)(1), "[i]f a party fails to provide information ... as required by Rule 26(a) ... , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Vesom v. Atchison Hosp. Ass'n*, 279 Fed. Appx. 624, 631 (10th Cir. 2008) (explaining that exclusion of evidence that is presented in violation of Rule 37(c) "is 'automatic and mandatory' unless the violation was either justified or harmless") (quoting *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996))). A district court has discretion to decide whether a Rule 26 violation is justified or harmless and, when doing so, should consider the following factors: "'(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.'" *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002); *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) ("The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court."); *see also Walker v. Corizon Health, Inc.*, 2022 WL 1521626, at *1-2 (D. Kan.), reconsideration denied, 2022 WL 1623823 (D. Kan.) ("Rule 37(c)(1) requires the court to exclude plaintiffs' expert reports as a sanction for failing to comply with Fed. R. Civ. P. 26(a)(2)(B).").

Here, Mr. Bent's report does not include any listing or copies of the information he considered in reaching his opinions. *See* (Doc. 73-3) (Mr. Bent's expert report). Defendants state they "requested information numerous times leading up to Mr. Bent's deposition, specifically providing Strickland no less than three (3) explicit opportunities to cure the

deficiencies." (Doc. 73) at 10.  During Mr. Bent's deposition, he offered to email Defendants' counsel five photographs he had reviewed, and then during a break Plaintiff's counsel emailed Defendants' counsel approximately 110 photographs.  *Id.*; (Doc. 73-2) at 3-6.  It was not until after Mr. Bent's deposition that Defendants were provided with the sources of other relevant information Mr. Bent relied on, such as the make, model, and year of the vehicle.  (Doc. 73) at 10-11.  However, Mr. Bent did not provide other relevant information, such as the valuation guides he used, communications with dealers and private sellers, or information about the vehicle's ownership or title.  *Id.* at 11.  For these reasons, the Court finds that Mr. Bent's report does not satisfy the requirements of Rule 26(a)(2)(B) because it does not contain "the facts or data considered by the witness in forming" his opinions.

When an expert report does not contain the information required by Rule 26(a), Rule 37(c)(1) provides that the party "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  In determining whether a Rule 26 violation is justified or harmless the Court considers: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Jacobsen*, 287 F.3d 936, 953 (10th Cir. 2002) (citation omitted).  Plaintiff failed to respond to the Motion to Exclude and thus failed to provide any reason for his Rule 26 violation.  Defendants gave Plaintiff ample opportunity to supplement the report prior to Mr. Bent's deposition and Plaintiff failed to do so, and Plaintiff's belated disclosure of some of the relevant information is not sufficient to satisfy Rule 26.  The Court finds that Defendants were prejudiced by Plaintiff's Rule 26 violation because they were unable to effectively depose Mr. Bent, and

that allowing Mr. Bent to testify at trial would be disruptive because his report is not properly supported. While the Court does not find evidence of Plaintiff's bad faith or willfulness, the remaining factors weigh against concluding that the Rule 26 violation is justified or harmless.

Based on the foregoing, the Court finds that Rule 37(c)(1) requires excluding Mr. Bent's expert report as a sanction for failing to comply with Fed. R. Civ. P. 26(a)(2)(B). *See* Fed. R. Civ. P. 37(c)(1) (if a party fails to disclose information or identify a witness as required Rule 26(a), then "the party is not allowed to use that information or witness" at trial); *see also Walker*, 2022 WL 1521626, *4 (holding that "Rule 37(c)(1) requires the court to exclude plaintiffs' expert reports as a sanction for failing to comply with Fed. R. Civ. P. 26(a)(2)(B)" because plaintiffs failed to demonstrate their non-compliance was "substantially justified" or "harmless"). Because the Court recommends excluding Mr. Bent's report as a Rule 37 sanction for violating Rule 26, the Court does not reach Defendants' contentions that his report should also be exclude under Federal Rule of Evidence 702. *See, e.g., Lopez v. Shrader*, 2022 WL 336680 (D. Colo.) ("[G]iven the court's conclusion that Plaintiff's proposed Experts are precluded from offering testimony [under Fed. R. Civ. P. 26 and 37], the court need not address Defendants' Rule 702 arguments.").

For the reasons stated above, the Court finds that Plaintiff's expert, Mr. Bent, failed to comply with Rule 26's expert disclosure requirements and that failure was not substantially justified or harmless. Therefore, the Court recommends that Defendants' Motion to Exclude be granted and Mr. Bent be excluded from giving testimony at trial pursuant to Rule 37(c)(1).

IT IS THEREFORE RECOMMENDED that Defendants' Daubert Motion No. V: To Exclude Plaintiff's Expert Witness, Roy Theophilus Bent, Jr., (Doc. 73), be GRANTED and the

records produced in Mr. Bent's supplemental expert disclosures and his opinions and testimony be EXCLUDED in this matter.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the United States District Court for the District of New Mexico pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen (14) day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**