IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JONATHAN STRICKLAND,

    Plaintiff,

v.                                        Case No. 23-cv-116 KG/KRS

CITY OF LAS CRUCES, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Strike Plaintiff's Opposition Pleadings in Doc. 77, Doc. 78, Doc. 79, Doc. 81, (Doc. 102), filed April 1, 2024. Plaintiff filed his Response, (Doc. 105), on April 15, 2024, and Defendants filed their Reply, (Doc. 109), on April 27, 2024. Having considered the briefing, relevant case law, and the procedural history of the case, the Court grants the Motion.

    I.    *Background*

This case arises out of the shooting of Plaintiff by Las Cruces Police Department ("LCPD") officers on March 11, 2021. Plaintiff brings claims under Title 42 U.S.C. §§ 1983 and 1988; the Fourth and Fourteenth Amendments to the United States Constitution; and state law claims of battery, assault, intentional infliction of emotional distress, and negligence. (Doc. 1). This Order, however, deals with Plaintiff's failure to abide by the Local Rules of the District of New Mexico. After reviewing the record and briefing, there are numerous instances where Plaintiff chose to file responses and exhibits which did not adhere to Local Rules. In addition, Magistrate Judge Sweazea has warned Plaintiff about similar violations in his Order on Parties'

Motions Regarding Plaintiff's Deposition, (Doc. 60). Judge Sweazea stated "[f]uture filings that do not comply [with Local Rules] will be stricken." (Doc. 60) at 1 n. 1.[1]

In their Motion, City Defendants argue striking documents 77, 78, 79, and 81, Responses to Motions for Summary Judgment and Motions to Exclude, is an appropriate sanction for failing to adhere to many Local Rules. (Doc. 102) at 3. In response, Plaintiff argues City Defendants violated Local Rule 7.1, Plaintiff's counsel is properly admitted to this Court, and striking the requested documents would be improper. (Doc. 105). In view of Plaintiff's violations, especially after Judge Sweazea's clear instruction, Plaintiff's argument rings hollow; this Court is not persuaded.

II.   Analysis

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citation omitted). "These powers are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (citation omitted). "[I]f in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power." *Id.* at 50. Further, "[t]he Court may, at its discretion, strike or ignore—in whole or in part—documents that do not comply with the local rules' page-length limitation." *Navajo Health Found. Sage Mem'l Hosp., Inc. v. Burwell*, 110 F. Supp. 3d 1140, 1181 (D.N.M. June 17, 2015). Thus, this Court has the power to impose appropriate sanctions to achieve orderly and expeditious disposition of cases.

---

[1] While this Court is not bound by the Magistrate's Order, the Court may honor it.

Here, Plaintiff's failures to comply with the Local Rules have obviously hindered the orderly and expeditious disposition of this case.  At this time, City Defendants have filed two motions to dismiss, based solely on discovery abuse and Local Rule violations, as well as this Motion to Strike.  *See* (Docs. 61, 102, 103).  Because of Plaintiff's violations, this case has strayed far afield from the substantive issues, needlessly requiring time and resources to resolve.

The Court will not belabor each instance where Plaintiff has violated the Local Rules.  The Court has reviewed the record and understands there is a disconnect between Plaintiff's counsel and adherence to the Local Rules.  This Court does not find a prejudice discussion necessary at this time because the Responses are written such that even the Court struggles to parse through Plaintiff's separate and distinct arguments.  Plaintiff's sloppiness and lack of attention to detail undercuts the persuasiveness and necessary clarity needed to decide the Motions.  The Court again reminds Plaintiff's counsel of the obligation to comprehend the Local Rules *before* filing further pleadings, exhibits, and documents.

Although City Defendants request the documents be stricken and nothing more, the Court determines striking the documents *at this time* without allowing Plaintiff the ability to cure the violations too severe a sanction, though by his repeated violations Plaintiff now teeters his case on a precipice.  Therefore, the Court instead allows Plaintiff fourteen (14) days from the date of this Order to correct the Local Rule violations included in the Responses.  The Court trusts that after learning the Local Rules, Plaintiff's counsel will be able to identify the violations without the Court pointing to each individual violation.

III.    *Conclusion*

For the reasons discussed above, the Motion is granted.  Plaintiff has fourteen (14) days to correct documents 77, 78, 79, and 81 to comply with the Local Rules of the District of New

3

Mexico. The Court will not accept any new arguments in the corrected responses. Should Plaintiff fail to file corrected responses, no response will be considered for the corresponding Motions.

    IT IS SO ORDERED.

_____
CHIEF UNITED STATES DISTRICT JUDGE