IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JONATHAN STRICKLAND,

    Plaintiff,

v.                                      Case No. 23-cv-116 KG/KRS

CITY OF LAS CRUCES, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on United States Magistrate Judge Kevin R. Sweazea's Proposed Findings and Recommended Disposition (PFRD), (Doc.113), related to City Defendants' Motion to Dismiss for Discovery Abuse, (Doc. 61), and Defendants' Objections, (Doc. 115). It is also before the Court on Judge Sweazea's PFRD, (Doc. 117), related to Defendants' Motion to Dismiss for Discovery Abuse Part II, (Doc. 103). Defendants filed their Objections, (Doc. 118), on August 23, 2024, and Response, (Doc. 122), on September 6, 2024. Plaintiff filed his Objections, (Doc. 119), on August 23, 2024. Having conducted a *de novo* review of the relevant portions of the record and case law, the Court overrules the parties' objections and adopts the PFRDs.

*I.*    *Background*

This case arises out of an incident in which Las Cruces Police Department (LCPD) officers shot Plaintiff on March 11, 2021. Plaintiff brings claims under Title 42 U.S.C. §§ 1983 and 1988; the Fourth and Fourteenth Amendments to the United States Constitution; and state law claims of battery, assault, intentional infliction of emotional distress, and negligence. (Doc. 1). Defendants move to dismiss Plaintiff's Complaint due to "a consistent pattern of noncompliance with Federal and Local Rules of Civil Procedure and disregard for Court orders."

(Doc. 61) at 2. Defendants have filed two motions to dismiss based on discovery abuse. The Magistrate Judge has issued PFRDs relating to both motions and the parties have filed objections. The Court discusses each motion and its PFRD in turn.

*A. First Motion to Dismiss, (Doc. 61), and First PFRD, (Doc. 113)*

In the first Motion to Dismiss, Defendants move to dismiss Plaintiff's Complaint due to "a consistent pattern of noncompliance with Federal and Local Rules of Civil Procedure and disregard for Court orders." (Doc. 61) at 2. Specifically, Defendants contend Plaintiff and his counsel have violated their discovery obligations by: (1) failing to provide complete medical records, releases and initial disclosures; (2) failing to serve Defendants copies of subpoenas and provide subpoenaed records; (3) providing deficient answers to discovery requests; (4) attempting to circumvent the Court's Scheduling Order by serving excessive discovery requests; (5) failing to provide complete expert disclosures and adequate notice of expert depositions; (6) attempting to evade Plaintiff's deposition; (7) failing to provide Plaintiff's computation of damages; and (8) making false statements to the Court and failing to comply with the Court-ordered settlement process. *Id.* at 4–21. Defendants argue dismissing this action with prejudice is an appropriate sanction under the *Ehrenhaus v. Reynolds* factors. *Id.* at 21–26; 965 F.2d 916, 921 (10th Cir. 1992). Plaintiff responds, arguing he made good faith efforts to comply with discovery and Defendants have suffered no undue prejudice. (Doc. 77) at 6–7, 20.

In the corresponding PFRD, Judge Sweazea recommends the Court find Plaintiff's attorneys are properly appearing in this case, Defendants sufficiently complied with Local Rule 7.1(a), and that the *Ehrenhaus* factors weigh against dismissal. In their Objections, Defendants request the Court recommit the Findings and Recommendations for Judge Sweazea to consider the issue again, this time considering the arguments in both motions and those set forth in the

Motion to Strike, (Doc. 102), as well as the multiple Motions to Exclude, (Docs. 69-73). (Doc. 115) at 2. While the Court understands Defendants' position, it will take this opportunity to put an end to the issue rather than prolong the issue.

Next, Defendants request this Court review the Motions collectively. (Doc. 115) at 1–2. While the Court will consider the contents of the Motions collectively for a final determination, for the sake of clarity, it will discuss the Motions separately. The Court will not consider Defendants' objections to the extent they relate to the Motion to Strike, (Doc. 102), because that Motion is no longer pending before the Court. Finally, Defendants object to the Magistrate Court's recommendation the *Ehrenhaus* factors weigh against dismissal. (Doc. 115) at 15.

*B. Second Motion to Dismiss, (Doc. 103), and Second PFRD, (Doc. 117)*

In the second, supplemental Motion to Dismiss, Defendants state that during Plaintiff's deposition, he "lied under oath at least once and provided evasive or incomplete answers to the majority of City Defendants' questions." (Doc. 103) at 2. Ultimately, Defendants request the Court dismiss the case or in the alternative, compel Plaintiff to sit for a second deposition. *Id.* at 3. Plaintiff responds dismissal and/or a second deposition would be inappropriate because defense counsel's questions were confusing, the objections were proper, and Defendants suffered no undue prejudice. (Doc. 108) at 6–15.

In the second PFRD, Judge Sweazea found Plaintiff violated Federal Rule of Civil Procedure 30, but the *Ehrenhaus* factors weigh against dismissal. (Doc. 117) at 14. He therefore recommended ordering Plaintiff to sit for a second deposition and having each party bear their own expenses. *Id.*

Plaintiff argues dismissal is not warranted and objects to sitting for a second deposition. (Doc. 119) at 16, 18. Plaintiff further contends: (1) the objections raised during his deposition

3

are properly preserved for trial; (2) Plaintiff's two instructions not to answer questions during the deposition were minimal and appropriate; (3) defense counsel's questions were confusing; and (4) defendants have not suffered undue prejudice. *Id.* at 23–27.

Defendants make the same request with the Court to recommit the issue to the Magistrate Judge. (Doc. 118) at 5. For the reasons stated above, the Court declines Defendants' request. Defendants again object to the recommendation that the *Ehrenhaus* factors weigh against dismissal and that ordering a second deposition is an inadequate sanction. (Doc. 118) at 22.

*II.    Standard of Review*

To preserve an issue for review, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). In reviewing such objections, the district court must "make a de novo determination of those portions of the [report and recommendation]…to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). The district court is not, however, required to "make any specific findings; the district court must merely conduct a *de novo* review of the record." *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000) (holding a district court's "terse" order, containing only one sentence for each claim, was still "insufficient to demonstrate that the court failed to review the magistrate's recommendation *de novo*"). Consequently, the district court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980) (noting "in the exercise of sound judicial discretion," the district court may place "whatever reliance" it chooses to place on a magistrate judge's recommendation).

### III. Analysis

"It has long been understood '[c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution,' powers 'which cannot be dispensed with in a Court, because they are necessary to the exercise of all others.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citation omitted). "For this reason, 'Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.'" *Id.* (citation omitted). Such inherent equitable powers include the power to "impose the sanction of dismissal with prejudice because of abusive litigation practices during discovery." *Garcia v. Berkshire Life Ins. Co.*, 569 F.3d 1174, 1179 (10th Cir. 2009).

Dismissing a case for discovery abuse rests within the sound discretion of the trial court. *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005). However, "[b]ecause dismissal is such a harsh sanction, it is appropriate only in cases of 'willfulness, bad faith, or [some] fault of petitioner.'" *Id.* (alteration in original) (citation omitted). Courts should consider the following factors when determining whether dismissal is an appropriate sanction:

> (1) the degree of actual prejudice to the defendants;
> (2) the amount of interference with the judicial process;
> (3) the culpability of the litigant;
> (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and
> (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F. 2d 916, 921 (10th Cir. 1992) (citation omitted). Dismissal is warranted when "the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits," and dismissing a case with prejudice "should be used as a weapon of last, rather than first, resort." *Id.* at 920–21.

5

For the reasons discussed below, the Court adopts the PFRD's findings and recommendations.

*A. First Motion to Dismiss, (Doc. 61), and First PFRD, (Doc. 113)*

Defendants do not object to the finding that Plaintiff's counsel is properly appearing in this case, and Defendants sufficiently complied with Local Rule 7.1(a). Defendants only object to the Magistrate Judge's finding that the *Ehrenhaus* factors do not weigh against dismissal. Because this is the same objection made in the second PFRD, and Defendants wish for the information to be considered collectively, the Court will conduct a consolidated analysis of the *Ehrenhaus* factors in the next section.

*B. Second Motion to Dismiss, (Doc. 103), and Second PFRD, (Doc. 117)*

Neither Plaintiff nor Defendants appear to object to the recommendation that Plaintiff or his counsel violated Fed. R. Civ. P. 30 during Plaintiff's deposition. Instead, the focus is whether dismissal is warranted. Thus, the Court adopts the finding and recommendation that Plaintiff violated Fed. R. Civ. P. 30.

    *i.    Prejudice to Defendants*

The Court concludes the *Ehrenhaus* factors do not weigh in favor of dismissal. Plaintiff objects to the finding that Defendants were prejudiced by Plaintiff's failure to comply with Rule 30 and evasive answers given during his deposition. (Doc. 119) at 26. Defendants object to the weight given to this factor in the PFRD. (Doc. 118) at 9. This Court agrees with Defendants and concludes Defendants suffered significant prejudice. This factor therefore weighs in favor of dismissal.

After reviewing the briefing, exhibits, and procedural history, the Court determines the following conduct, considered cumulatively, significantly prejudiced Defendants: (1) Plaintiff's

evasive answers during his deposition; (2) lack of information provided as it relates to expert deposition preparation; (3) Plaintiff's combined responses to multiple motions; (4) Plaintiff's failure to comply with Local and Federal Rules of Civil Procedures; and (5) the inability to assess the case's settlement value due to incomplete information. The Court acknowledges not all of Defendants' complaints amount to a violation or discovery abuse, however, there are enough occurrences to establish Defendants suffered significant prejudice.

In the PFRD's, the court analyzed either the discovery abuse and Local Rule violations or the conduct which occurred during the deposition. It appears the lower court did not assess prejudice cumulatively. After discussing analogous cases, the lower court found Plaintiff's inconsistencies and behavior during the deposition did not rise to the level of prejudice necessary to dismiss the case. (Doc. 117) at 11. While this Court finds this factor does not weigh so heavily as to dismiss the case, it does find Defendants have suffered significant prejudice.

  *ii.* *Interference with the Judicial Process*

Defendants argue, in short, Plaintiff has hindered the timely and efficient resolution of this case, and his most recent discovery abuses "represent an extreme interference to the judicial process." (Doc. 118) at 17. Judge Sweazea found Plaintiff and his counsel did not comply with Rule 30, and they did not provide Defendants with clear answers to their questions. (Doc. 117) at 12. Additionally, Judge Sweazea found Plaintiff's failure to submit a settlement demand, as the Court ordered, interfered with the judicial process. (Doc. 113) at 11. But the court determined this factor only minimally impacted the judicial process because there were other remedies for Plaintiff's failures. (Doc. 117) at 12–13.

After reviewing the briefing and objections, the Court agrees that while there have been interferences with the judicial process, such interferences have been minimal. There has been at

least one instance where Plaintiff did not comply with a court order to submit a settlement demand. While this instance is technically considered interfering with the judicial process, it does not warrant or weigh in favor of dismissing the entire case. Likewise, as it relates to discovery failures, Defendants could have submitted motions to compel but chose otherwise. Had, for example, Plaintiff decided in bad faith not to show up to the deposition or lied and/or mislead the Court in bad faith, then this factor might weigh more heavily for dismissal. However, those examples are not present in this case. Moreover, because the case has not been set for trial, there have not been excessive delays, and there are alternative remedies to obtain the sought after information, the Court determines this factor weighs against dismissal.

  *iii.*  *Culpability of Plaintiff*

Next, Defendants argue the lower court erred by considering remedies to Plaintiff's failures and insists Plaintiff and his counsel's abusive conduct demonstrate his culpability. (Doc. 118) at 17–19. This Court agrees. Plaintiff's failure to provide expert disclosures until after the expert deposition and his conduct at the deposition, demonstrates Plaintiff's culpability. Regardless of Plaintiff's efforts to explain his shortcomings and cure the deficiencies *now*, Plaintiff was ultimately culpable at the time of the alleged actions. Thus, the Court determines Plaintiff's culpability is significant.

  *iv.*  *Whether the Court Warned Plaintiff*

Defendants do not dispute that this Court did not warn Plaintiff that dismissal is impending or likely. Rather, they argue no notice is necessary to dismiss a case. (Doc. 118) at 19. While it is true that generally notice is not necessary to dismiss a case, this *Ehrenhaus* factor contemplates whether Plaintiff was warned dismissal would likely be a sanction. This Court has given no indication dismissal could be a likely sanction. In fact, this Court did not warn Plaintiff

until its most recent Order, (Doc. 129), entered January 22, 2025, months after Defendants' Motions were filed. Even then, the Court did not mention dismissal as a potential sanction. Therefore, this factor weighs heavily against dismissal.

  v. *Efficacy of Lesser Sanctions*

Finally, Defendants argue Plaintiff's conduct cannot be effectively addressed by a lesser sanction. (Doc. 118) at 22. Specifically, Defendants contend a second deposition does not address: (1) the remaining barriers which impede a second deposition's effectiveness; and (2) the numerous other discovery and rule violations. *Id.* at 22–23. Plaintiff argues a second deposition is unwarranted because Defendants took a fully informed deposition, and any inconsistencies can be addressed at trial. (Doc. 119) at 18–21.

First, the Court must determine if allowing a second deposition is appropriate. Rule 37(a)(3)(B)(i) provides that a party may move the court to compel a deponent to answer a question asked at oral deposition, and Rule 30(d)(2) provides courts may "impose an appropriate sanction including the reasonable expenses and attorney's fees incurred by any party on a person who impedes, delays, or frustrates the fair examination of the deponent."

After reviewing the referenced sections in Plaintiff's deposition, it is obvious to the Court that Plaintiff and his counsel impeded, delayed, and frustrated Plaintiff's fair examination. Therefore, the Court determines compelling Plaintiff to sit for a second deposition in person in Las Cruces, NM, and at Plaintiff's counsel's expense is an appropriate sanction to deter this type of conduct. *See Sartori v. Susan C. Little & Assoc., P.A.*, 2013 WL 4401383, at *5 (D.N.M.) (holding where a party's "deposition is riddled with evasive answers and non-answers" it is appropriate to order the party to sit for a new deposition); *see also Brack v. Gonzales*, 2007 WL 9734041, at *3 (D.N.M.) ("Plaintiff's refusal to answer proper questions led to Defendants' need

9

to take a second deposition, and thus, it is only fair Plaintiff should bear the costs of the deposition."). The Court urges Plaintiff's counsel to strictly adhere to the rules during the next deposition.

The Court determines ordering Plaintiff to sit for a second deposition, at Plaintiff's counsel's expense, is an effective lesser sanction. The Court trusts putting costs on Plaintiff's counsel will ensure less information withholding going forward and no evasive answers at the second deposition. The Court concludes there is an effective lesser sanction, therefore, this factor weighs against dismissal. And, although some factors weigh in favor of dismissal, in totality, the *Ehrenhaus* factors weigh against dismissing Plaintiff's claims.

Finally, the Court takes this opportunity to remind both parties there are pending motions in front of this Court which address Defendants' remaining concerns. The second deposition should allow Defendants the opportunity to fairly and fully question Plaintiff. Since the date of the filings at issue here, the Court has ruled on Defendants' Motion to Strike, (Doc. 102), granting further relief to Defendants. The Court intends to swiftly move this case forward and expects both parties to work amicably.

*IV.   Conclusion*

For the reasons stated above, the Court orders:

1) Defendants' Objections, (Doc. 115), are overruled and the PFRD re 61, (Doc. 113), is adopted.

2) Defendants' Objections, (Doc. 118), and Plaintiff's Objections, (Doc. 119), are overruled and the PFRD re 103, (Doc. 117) is adopted in part.

3) Defendants' Motion to Dismiss for Discovery Abuse, (Doc. 61), is denied.

4) Defendants' Motion to Dismiss for Discovery Abuse Part II, (Doc. 103), is denied as it relates to dismissal of the case and granted as it relates to Defendants alternative request to compel Plaintiff to sit for a second deposition.

5) Plaintiff is hereby ordered to sit for a second deposition, in person, in Las Cruces, NM and Plaintiff's counsel is to bear all associated expenses.

IT IS SO ORDERED.

_____
CHIEF UNITED STATES DISTRICT JUDGE