IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JONATHAN STRICKLAND,
    Plaintiff,

v.                                                                               Case No. 23-cv-116 KG/KRS

CITY OF LAS CRUCES, *et al.*,
    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss No. I: Dismissal of Plaintiff's State Law Intentional Infliction of Emotional Distress and State Law and Section 1983 Negligence Claims, (Doc. 62), filed March 3, 2024. Plaintiff did not file a Response. Defendants filed a Notice of Completion of Briefing, (Doc. 93), on March 31, 2024. Having considered the briefing and relevant case law, the Court grants the Motion.

*I.*    *Background*

This case arises out of an incident in which Las Cruces Police Department (LCPD) officers, Joshua Savage, Manuel Frias, Nathan Krause, Daniel Benoit, and Anthony Lucero (Defendant Officers), shot Plaintiff on March 11, 2021. Plaintiff brings claims under 42 U.S.C. §§ 1983 and 1988; the Fourth and Fourteenth Amendments to the United States Constitution; and state law claims of battery, assault, intentional infliction of emotional distress (IIED), and negligence. (Doc. 1).

The allegations in the Complaint include the following: On the same day of but before the shooting, Plaintiff learned that his then-wife called 911 and made a false report about a domestic dispute. *Id.* at 6. Plaintiff drove to LCPD and parked in front of the station near his ex-wife's car. *Id.* He was unarmed and LCPD confirmed they only saw Plaintiff drinking water

and looking at his phone. *Id.* He sat in his car for several minutes before deciding to leave the station. *Id.*

On his way out of the parking lot, several patrol cars attempted to execute a high-risk felony stop but did not give any instruction as he drove away. *Id.* Because they did not give instruction, Plaintiff swerved to avoid a collision with a police vehicle. *Id.* At that point, Defendant Officer Daniel Benoit began ramming the back of Plaintiff's truck to perform a pit maneuver. *Id.* A brief vehicle pursuit ensued as Plaintiff continued driving because he feared for his life. *Id.* at 7. After many attempts to immobilize Plaintiff's truck, Defendant Officers successfully performed a pit maneuver causing Plaintiff to lose control of the truck. *Id.*

Almost immediately after Plaintiff's vehicle was immobilized, Defendant Officers fired over 90 lethal rounds at Plaintiff. *Id.* At least a dozen rounds struck Plaintiff. *Id.* Upon information and belief, Defendant Officers continued firing lethal rounds at Plaintiff, exacerbating his injuries and causing "permanent, life-threatening, physical injuries, and extreme emotional anguish." *Id.* Plaintiff also suffered extreme psychological distress and still suffers from symptoms including fear, trauma, anxiety, stress, depression, humiliation, and emotional distress because of the incident. *Id.*

Now, City Defendants request this Court dismiss Plaintiff's state law IIED claim, Count V, and both the state and federal negligence claims, Count VI. (Doc. 62).

*II.    Analysis*

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint...." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). Rule 12(b)(6) requires a complaint set forth the

grounds of a plaintiff's entitlement to relief through more than "labels and conclusions" and "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint does not need to include detailed factual allegations, "factual allegations must be enough to raise a right to relief above the speculative level...." *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Employees Ret. Sys. of R.I. v. Williams Cos., Inc.*, 889 F.3d 1153, 1161 (10th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Free Speech v. Fed. Election Comm'n*, 720 F.3d 788, 792 (10th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In making this assessment, courts view "well-pleaded factual allegations in a complaint…in the light most favorable to the plaintiff." *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (quoting *Kerber v. Qwest Grp. Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011)).

A. *IIED under the New Mexico Tort Claims Act, Count V*

Defendants argue the New Mexico Tort Claims Act, NMSA 1978, § 41-4-1 to 29 (NMTCA) does not provide a waiver of immunity for IIED, and in the absence of a specific waiver, the claim is not actionable. (Doc. 62) at 4. Here, too, the Court agrees.

The exclusive remedy against a governmental entity or public employee for any tort which immunity has been waived is under the NMTCA. *Celaya v. Hall*, 2004-NMSC-005, ¶8. Governmental entities and public employees acting within the scope of their duties are exempt from liability for torts unless liability has been expressly waived under provisions of the NMTCA. *Id.*

3

The NMTCA specifically identifies those torts where there is a waiver of immunity. Section 41-4-12, which relates to the liability of law enforcement officers, provides:

> The immunity granted pursuant to [§ 41-4-4(A)] does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights, the independent tort of negligent spoliation of evidence or the independent tort of intentional spoliation of evidence, failure to comply with duties established pursuant to statute or law or deprivation of any rights, privileges, or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties.

Accordingly, IIED is not included in the list of torts in § 41-4-5 to 12 for which immunity has been waived. In the absence of an express waiver of immunity under the NMTCA, the courts of this state have consistently declined to permit individuals to bring lawsuits against public governmental entities and public employees. *Barreras v. State of N.M. Corrs. Dep't*, 2003-NMCA-027, ¶ 24 (citation omitted). Because the government has not waived immunity for IIED claims, Plaintiff claim must be dismissed.

*B. State Negligence Claim, Count VI*

City Defendants argue the NMTCA has not waived immunity for simple negligence and therefore Plaintiff's state law negligence claim must be dismissed. (Doc. 62) at 6. The Court agrees. The NMTCA does not explicitly waive immunity for mere negligence committed by law enforcement officers in performance of their job duties. *See* NMSA 1978, § 41-4-12. Because Plaintiff did not respond to the instant motion, the Court is left to surmise that Plaintiff is referring to the clause "failure to comply with duties established pursuant to statute or law" provided in §41-4-12. In his Complaint, Plaintiff did not specify what duty Defendant Officers breached, nor did he specify any statute or law which established a duty. Without more, the Court is unable to conclude Plaintiff has stated a claim of negligence for which relief can be granted.

Furthermore, "with respect to the torts enumerated in Section 41-4-12, allegations of negligence are appropriate only to the extent that a law enforcement officer's negligence is alleged to have caused a third party to commit one of the specified intentional torts." *Lessen v. City of Albuquerque*, 2008-NMCA-085, ¶ 39; *see also Johnson v. City of Roswell*, 752 Fed.Appx. 646, 653 (10th Cir. 2018). Here, Plaintiff does not allege Defendants' negligence caused a third party to commit one of the listed torts. Therefore, Plaintiff's state negligence claim must be dismissed.

C. *Federal Negligence Claim, Count VI*

In the Complaint, Plaintiff alleges Defendant Officers negligence "resulted in a continued deprivation of Plaintiff's rights under the Fourth and Fourteenth Amendments...." (Doc. 1) at 21. However, "[w]here a government official's act causing injury to life, liberty, or property is merely negligent, no procedure for compensation is *constitutionally* required." *Daniels v. Williams*, 474 U.S. 327, 333 (1986) (citation omitted). "[N]egligence and gross negligence do not give rise to section 1983 liability." *Medina v. City & Cnty. of Denver*, 960 F.2d 1493, 1500 (10th Cir. 1992). Moreover, the "Supreme Court has made it clear that liability under 1983 must be predicated upon a '*deliberate*' deprivation of constitutional rights by the defendant." *Woodward v. Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992). "It cannot be predicated upon negligence." *Id.* Because Plaintiff's claim in Count VI is predicated on Defendants' negligence, it must be dismissed.

For the reasons discussed above, Counts V and VI of Plaintiff's Complaint are dismissed without prejudice and Defendants' Motion is granted.

IT IS SO ORDERED.

_____
CHIEF UNITED STATES DISTRICT JUDGE