IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JONATHAN STRICKLAND,

    Plaintiff,

v.                                            Case No. 23-cv-116 KG/KRS

CITY OF LAS CRUCES, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on United States Magistrate Judge Kevin R. Sweazea's Proposed Findings and Recommended Disposition (PFRD), (Doc. 120), related to City Defendants' Motion to Exclude Dr. Robert Contreras, (Doc. 72), Plaintiff's Objections, (Doc. 123), and City Defendants' Response, (Doc. 125). It is also before the Court on Judge Sweazea's PFRD, (Doc. 121), related to Defendants' Motion to Exclude Roy Theophilus Bent, Jr., (Doc. 73), Plaintiff's Objections, (Doc. 124), and City Defendants' Response, (Doc. 126). Having conducted a de novo review of the relevant portions of the record and case law, the Court overrules Plaintiff's objections and adopts both PFRD's.

    I.    *Background*

This case arises out of an incident in which Las Cruces Police Department (LCPD) officers shot Plaintiff on March 11, 2021. Plaintiff brings claims under Title 42 U.S.C. §§ 1983 and 1988; the Fourth and Fourteenth Amendments to the United States Constitution; and state law claims of battery, assault, intentional infliction of emotional distress, and negligence. (Doc. 1). Now, Defendants request the Court exclude Plaintiff's experts Dr. Contreras and Roy Theophilus Bent, Jr..

II.     *Standard of Review*

To preserve an issue for review, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). In reviewing such objections, the district court must "make a de novo determination of those portions of the [report and recommendation]…to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). The district court is not, however, required to "make any specific findings; the district court must merely conduct a *de novo* review of the record." *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000) (holding that a district court's "terse" order, containing only one sentence for each claim, was still "insufficient to demonstrate that the court failed to review the magistrate's recommendation *de novo*"). Consequently, the district court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980) (noting that "in the exercise of [its] sound judicial discretion," the district court may place "whatever reliance" it chooses to place on a magistrate judge's recommendation).

III.    *Analysis*

A. *Defendants' Motion to Exclude Dr. Contreras*

Defendants move to exclude Plaintiff's designated expert Dr. Robert Contreras' opinions and testimony pursuant to Federal Rules of Civil Procedure 26 and 37, and Federal Rules of Evidence 403 and 702. (Doc. 72). Plaintiff retained Dr. Contreras as an expert "Life Care Planner," stating Dr. Contreras "will address issues concerning Plaintiff's life care plan as it relates to the events and claims at issue in Plaintiff's operative Complaint." (Doc. 72-1) at 2.

Defendants argue Plaintiff failed to provide or otherwise specify the records and resources Dr. Contreras states he reviewed to prepare his report, in violation of Fed. R. Civ. P. 26(a)(2)(B). (Doc. 72) at 5–7. Defendants provided Plaintiff three opportunities to cure these deficiencies by asking for the specific facts or data Dr. Contreras considered while developing his report, but Plaintiff failed to provide the requested information. *Id.* at 7–8. Instead, on the afternoon before Dr. Contreras' deposition, Plaintiff produced a supplemental expert disclosure consisting of 796-pages of non-bates-labeled medical records, which prevented Defendants from being able to fully consider the facts or data on which Dr. Contreras relied when preparing for his deposition. *Id.* Defendants ask this Court to: (1) exclude the records produced in the supplemental expert disclosures regarding Dr. Contreras; (2) preclude Dr. Contreras from producing additional supplemental disclosures and from supplementing his report; (3) exclude and not consider Dr. Contreras' opinions and testimony in the matter; and\or (4) set a *Daubert* hearing to determine whether Dr. Contreras should be allowed to testify. *Id.* at 23. In response, Plaintiff outlines the records he has produced to Defendants, including medical records, records relating to the underlying event and Plaintiff's injuries, and police training records. (Doc. 81) at 3–4; *see also* (Doc. 135) Plaintiff's Corrected Response.

In the PFRD, Judge Sweazea recommends this Court grant Defendants' Motion and exclude Dr. Contreras' testimony at trial pursuant to Rule 37(c)(1) for Plaintiff's failure to comply with Rule 26. (Doc. 120) at 10. Plaintiff objects stating: (1) Plaintiff has diligently disclosed and supplemented the reports and records from Plaintiff's experts; (2) there is no question that Dr. Contreras is qualified to testify as to estimated costs of future medical care; and (3) Defendants did not suffer prejudice, and they were able to take a fully informed deposition. (Doc. 123) at 9, 11. Defendants maintain their initial arguments and state Judge Sweazea's

"findings and recommendations were well-grounded in the record, the federal rules of civil procedure, and case law" and urge the Court to overrule Plaintiff's objections. (Doc. 125) at 2.

Rule 26(a)(2)(B) requires that a party's expert witness disclosure "must be accompanied by a written report-prepared and signed by the witness[.]" Fed. R. Civ. P. 26(a)(2)(B). The Rule requires the expert report to contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

*Id.*

Judge Sweazea determined Dr. Contreras' report did not "state with any specificity which records he reviewed or relied on, and his list of resources are comprised of general websites and companies." (Doc. 120) at 8. After conducting a de novo review, this Court agrees. Dr. Contreras' report lacks any documentation or evidence supporting how he determined the costs for future medical care and the necessity for future medical services. Thus, the Court finds that Dr. Contreras' report does not satisfy the requirements of Rule 26(a)(2)(B) because it does not contain the facts or data he considered in forming his opinions.

Because Dr. Contreras' report failed to comply with Rule 26, under Rule 31(c), the Court must determine whether the violation was justified or harmless. Under Rule 37(c)(1), "[i]f a party fails to provide information ... as required by Rule 26(a) ..., the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Vesom v.*

*Atchison Hosp. Ass'n*, 279 Fed. Appx. 624, 631 (10th Cir. 2008) (explaining that exclusion of evidence that is presented in violation of Rule 37(c) "is 'automatic and mandatory' unless the violation was either justified or harmless") (quoting *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996))). A district court has discretion to decide whether a Rule 26 violation is justified or harmless and, when doing so, should consider the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (quotations omitted); *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) ("The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court."); *see also Walker v. Corizon Health, Inc.*, 2022 WL 1521626, at *4 (D. Kan.), reconsideration denied, 2022 WL 1623823 (D. Kan.) ("Rule 37(c)(1) requires the court to exclude plaintiffs' expert reports as a sanction for failing to comply with Fed. R. Civ. P. 26(a)(2)(B).").

The Court determines Plaintiff's Rule 26 violations were not justified or harmless. Plaintiff failed to provide any specific medical records or resources supporting Dr. Contreras' estimates. This significantly hindered Defendants' ability to verify the estimates and take a fully informed deposition. Plaintiff argues Defendants questioned Dr. Contreras about his initial report, his supplemental report, and his methodology and thereby, took a fully informed deposition. (Doc. 123) at 9. However, Defendants' questioning of Dr. Contreras does not excuse Plaintiff's Rule 26 violations. Plaintiff did not provide Defendants with sufficient information to verify Dr. Contreras' opinions. Moreover, when Plaintiff was asked to provide supporting facts or data, he produced 796 pages of non-bates-labeled medical records the day

5

before Dr. Contreras' deposition.[1] (Doc. 72) at 7–8; (Docs. 72-3, 72-4). Even with the supplement, there were no references to any specific records on which Dr. Contreras based his opinions. Despite having ample time to cure the deficiencies and limit the prejudice to Defendants, Plaintiff failed to do so. Thus, the Court finds Plaintiff's Rule 26 violation prejudiced Defendants. Because Dr. Contreras' report is not properly supported, Dr. Contreras' testimony at trial would be disruptive and not helpful to the jury. Although the Court does not find Plaintiff acted willfully or in bad faith, the remaining factors weigh heavily against a determination that the violation was justified or harmless.

Therefore, the Court agrees with Judge Sweazea that Rule 37(c)(1) requires excluding Dr. Contreras' report as a sanction for failing to comply with Rule 26. The Court adopts Judge Sweazea's PFRD, (Doc. 120), thereby granting Defendants' Motion, (Doc. 72), and excluding Dr. Contreras' report and testimony at trial pursuant to Rule 37. To be clear, the Court excludes the records produced in the supplement but not the originally-produced documents.

   B. *Defendants' Motion to Exclude Roy Theophilus Bent, Jr.*

Defendants move to exclude the opinions and testimony of Plaintiff's expert witness Roy Theophilus Bent, Jr., a certified automobile appraiser. (Doc. 73) at 1–2. Defendants argue Mr. Bent should not be permitted to testify at trial because his report does not contain the data and other information he considered when valuing the vehicle, and Plaintiff failed to timely supplement the report despite Defendants' multiple requests prior to his deposition. (Doc. 73) at 3. Defendants contend Mr. Bent's report and testimony should be excluded under Rule 37(c) for

---

[1] Plaintiff argues he supplemented the report with "the same records that had [previously] been disclosed…" (Doc. 123) at 9. The Court is under the impression that supplementing the report with already disclosed records is in fact not a supplement at all.

failure to comply with Rule 26(a), and under Federal Rule of Evidence 702. *Id.* at 5–22. Plaintiff did not file a response to the Motion. (Doc. 101).

In the PFRD, Judge Sweazea recommends granting Defendants' Motion and excluding the records produced in Mr. Bent's supplemental expert disclosure and his testimony at trial. (Doc. 121) at 5–6.

Although Plaintiff did not file an initial response to the Motion to Exclude, he takes this opportunity to file a response disguised as his Objections. (Doc. 124). However, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall*, 75 F.3d at 1426. Because Plaintiff did not file an initial response, his objections are deemed waived, therefore, the Court will not consider Plaintiff's objections. As all of Plaintiff's objections are waived, there are no objections for this Court to consider. Moreover, after review of the record and relevant laws, the Court does not find Judge Sweazea's order to be clearly erroneous nor contrary to law. Thus, Judge Sweazea's recommendations are adopted

IT IS THEREFORE ORDERED:

1) Magistrate Judge Kevin R. Sweazea's Proposed Findings and Recommended Disposition (PFRD), (Doc. 120), are adopted;

2) Defendants' Daubert Motion No. IV: To Exclude Plaintiff's Expert Witness, Dr. Robert Contreras, (Doc. 72), is granted and the records produced in Dr. Contreras' supplemental expert disclosures and his opinions and testimony are hereby excluded;

3) Magistrate Judge Kevin R. Sweazea's Proposed Findings and Recommended Disposition (PFRD), (Doc. 121), are adopted; and

4) Defendants' Daubert Motion No. V: To Exclude Plaintiff's Expert Witness, Roy Theophilus Bent, Jr., (Doc. 73), is granted and the records produced in Mr. Bent's supplemental expert disclosures and his opinions and testimony are hereby excluded.

IT IS SO ORDERED.

/s/ Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.