IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JONATHAN STRICKLAND,

    Plaintiff,

v.   Case No. 23-cv-116 KG/KRS

CITY OF LAS CRUCES, *et al.*,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on City Defendants' *Daubert* Motion No. II: to Exclude the Testimony of Expert Dr. Alen Ternian, (Doc. 70), filed March 3, 2024. Plaintiff filed his corrected Response, (Doc. 133), on February 6, 2025, and Defendants filed their Reply, (Doc. 147), on February 20, 2025. Having considered the briefing, relevant portions of the record, and case law, the Court grants the Motion.

    I.    *Background*

This case arises out of an incident in which Las Cruces Police Department (LCPD) officers shot Plaintiff on March 11, 2021. Plaintiff brings claims under Title 42 U.S.C. §§ 1983 and 1988; the Fourth and Fourteenth Amendments to the United States Constitution; and state law claims of battery, assault, intentional infliction of emotional distress, and negligence. (Doc. 1).

Defendants move to exclude the opinions and testimony of Plaintiff's expert, Dr. Alen Ternian, pursuant to Federal Rules of Civil Procedure 26 and 36, and Federal Rules of Evidence 403 and 702. (Doc. 70). Plaintiff offered Dr. Ternian as a pain management expert, stating he "will address issues concerning Plaintiff's pain management as it relates to the events and claims at issue in Plaintiff's operative Complaint." (Doc. 70-1) at 3.

Defendants argue Plaintiff failed to list any facts or data Dr. Ternian considered when coming to the conclusions in his report, in violation of Fed. R. Civ. P. 26(a)(2)(B). (Doc. 70) at 6. Defendants provided Plaintiff three opportunities to cure the deficiencies by asking for specific facts or data Dr. Ternian considered while developing his report. *Id.* Plaintiff failed to provide the requested information. *Id.* at 6–7. Instead, on January 22, 2024, the evening before Dr. Ternian's deposition, Plaintiff produced a supplemental expert disclosure consisting of 806 pages of non-bates-labeled medical records and newly disclosed notes. *Id.* at 7. The next day, *after* Dr. Ternian's deposition concluded, Plaintiff provided his second supplemental expert disclosure consisting of 15 pages and provided, *for the first time*, Dr. Ternian's Curriculum Vitae. *Id.* According to Defendants, Plaintiff's failures prevented Defendants from fully considering the facts or data on which Dr. Ternian relied when preparing for his deposition. *Id.* at 8. Defendants ask the Court to: (1) exclude the records produced in the supplemental expert disclosures regarding Dr. Ternian; (2) exclude Dr. Ternian from producing additional supplemental disclosures and from supplementing his report; (3) exclude and not consider Dr. Ternian's opinions and testimony; and/or (4) set a *Daubert* hearing to determine whether Dr. Ternian should be allowed to testify. *Id.* at 11.

In Response, Plaintiff outlines the records he produced to Defendants, including medical records and records relating to the underlying event and Plaintiff's injuries. (Doc. 133) at 3–5. Plaintiff contends Defendants had all relevant medical records prior to Dr. Ternian's deposition and Defendants were able to take a fully informed deposition. *Id.* at 7. Plaintiff argues that excluding Dr. Ternian's opinion is an improper discovery sanction because Plaintiff has not disobeyed any order and has been responsive to defense counsel's requests. *Id.*

2

In Reply, Defendants maintain that Dr. Ternian's report, opinions, and testimony should be excluded because the report failed to include the facts and data Dr. Ternian considered, or any records referenced in his report. (Doc. 146) at 2–3. Defendants further maintain Dr. Ternian's report is deficient because it is not supported by any records. *Id.* at 3–6.

II.     Analysis

Rule 26(a)(2)(B) requires that a party's expert witness disclosure "must be accompanied by a written report-prepared and signed by the witness[.]" Fed. R. Civ. P. 26(a)(2)(B). The Rule requires the expert report to contain:

>   (i)   a complete statement of all opinions the witness will express and the basis and reasons for them;
>   (ii)  the facts or data considered by the witness in forming them;
>   (iii) any exhibits that will be used to summarize or support them;
>   (iv)  the witness's qualifications, including a list of all publications authored in the previous 10 years;
>   (v)   a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>   (vi)  a statement of the compensation to be paid for the study and testimony in the case.

*Id.*

Here, Dr. Ternian did not have a complete view of Plaintiff's medical needs before formulating his report resulting in an incomplete opinion. Dr. Ternian's expert report states, "[a]fter we receive the CT and the Ultrasound results, we'll be able to assess the patient's condition." (Doc. 70-2) at 4. However, Plaintiff never sought additional imaging services. (Doc. 70-5) at 4–5. During his deposition, Dr. Ternian was asked if more information was needed to make a long-term opinion in relation to Plaintiff to which he responded affirmatively. *Id.* at 44–45. He stated, "I can provide a medical opinion without [more scans], but it will be better to have those information [sic] that information." *Id.* at 6. Moreover, Dr. Ternian, while explaining the basis of his medical report, stated, "it's very hard to determine exactly, but you

know, you have to formulate a plan, you have to form a plan with the information that is given to you." *Id.* at 7. From the information Dr. Ternian provided, both in his report and deposition testimony, it is clear he was not able to consider the information necessary to create a complete opinion and report. Thus, Dr. Ternian's report fails to comply with the requirements of Rule 26 because there is no "complete statement of his opinions" since Plaintiff never completed additional ultrasounds and CT scans Dr. Ternian requested.

Because Dr. Ternian's report failed to comply with Rule 26, under Rule 37(c), the Court must determine whether the violation was justified or harmless. Under Rule 37(c)(1), "[i]f a party fails to provide information ... as required by Rule 26(a) ..., the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Vesom v. Atchison Hosp. Ass'n*, 279 Fed. Appx. 624, 631 (10th Cir. 2008) (explaining that exclusion of evidence that is presented in violation of Rule 37(c) "is 'automatic and mandatory' unless the violation was either justified or harmless") (quoting *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996))).

A district court has discretion to decide whether a Rule 26 violation is justified or harmless and, when doing so, should consider the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (quotations omitted); *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) ("The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court."); *see also Walker v. Corizon*

*Health, Inc.*, 2022 WL 1521626, at *4 (D. Kan.), reconsideration denied, 2022 WL 1623823 (D. Kan.) ("Rule 37(c)(1) requires the court to exclude plaintiffs' expert reports as a sanction for failing to comply with Fed. R. Civ. P. 26(a)(2)(B).").

The Court determines Plaintiff's Rule 26 violations were not justified or harmless. Plaintiff failed to provide any additional medical scans to support Dr. Ternian's complete opinion. Without a complete opinion, Defendants were unable to fully question Dr. Ternian during his deposition. Plaintiff argues Defendants questioned Dr. Ternian about his initial report and his methodology and thereby, took a fully informed deposition. (Doc. 133) at 7. However, Defendants' questioning does not excuse Plaintiff's Rule 26 violations. Plaintiff did not provide Defendants with sufficient information to verify Dr. Ternian opinions. Moreover, when Plaintiff was asked to provide supporting facts or data, he produced 806 pages of non-bates-labeled medical records the day before Dr. Ternian's deposition. (Doc. 70) at 7. Even so, Defendants did not receive Dr. Ternian's Curriculum Vitae until the day after his deposition. *Id.* Despite having ample time to cure the deficiencies and limit the prejudice to Defendants, Plaintiff failed to do so. Plaintiff also had more than enough time to have additional medical scans completed and chose not to fulfill Dr. Ternian's orders. Thus, the Court finds Plaintiff's Rule 26 violation prejudiced Defendants. Because Dr. Ternian's report is not properly supported, Dr. Ternian's testimony at trial would be disruptive and unhelpful to the jury. Although the Court does not find Plaintiff acted willfully or in bad faith, the remaining factors weigh heavily against a determination that the violation was justified or harmless.

### III.     Conclusion

For the reasons discussed above, the Court finds that Plaintiff's expert, Dr. Ternian, failed to comply with Rule 26's expert disclosure requirements which was not substantially

justified or harmless. Therefore, the Court grants Defendants' Motion to Exclude and Dr. Ternian is excluded from giving testimony at trial pursuant to Rule 37.

    IT IS SO ORDERED.

                                                    /s/ KENNETH J. GONZALES[1]
                                                    CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.