IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JONATHAN STRICKLAND,

    Plaintiff,

v.                                             Case No. 23-cv-116 KG/KRS

CITY OF LAS CRUCES, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Bifurcate, (Doc. 191), filed June 10, 2025. Defendants filed their Response, (Doc. 200), on June 15, 2025. Having considered the briefing and relevant case law, the Court denies the Motion.

    I.    *Background*

This case arises out of an incident in which Las Cruces Police Department (LCPD) officers shot Plaintiff on March 11, 2021. Plaintiff brings claims under Title 42 U.S.C. §§ 1983 and 1988; the Fourth and Fourteenth Amendments to the United States Constitution; and state law claims of battery, assault, intentional infliction of emotional distress, and negligence. (Doc. 1). Plaintiff alleges a number of federal and state civil rights claims, and state law tort claims against Defendant Officers and a 42 U.S.C. § 1983 claim against the City of Las Cruces (City). (Doc. 1). Now, Plaintiff asks the Court to bifurcate the trial into two phases: liability and damages. (Doc. 191) at 4.

    II.    *Analysis*

Federal Rule of Civil Procedure 42(b) provides that a court may order separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." A trial court has broad discretion in determining whether to bifurcate a trial under Rule 42(b). *Easton v. City of*

*Boulder*, 776 F.2d 1441, 1447 (10th Cir. 1985). "Bifurcation is often in the interest of efficiency and judicial economy when the resolution of one claim may obviate the need to adjudicate one or more other claims." *Desmare v. New Mexico*, 2007 WL 5231690, at *2 (D.N.M.) (citing *Mandeville v. Quinstar Corp.*, 109 Fed. Appx 191, 194 (10th Cir. 2004)). Bifurcation, however, is improper if the issues are not separable, and should not be ordered routinely unless it is clearly necessary. *Angelo v. Armstrong World Industries, Inc.*, 11 F.3d 957, 964 (10th Cir. 1993); *see Marshall v. Overhead Door Corp.*, 131 F.R.D. 94, 98 (E.D. Pa. 1990) ("[T]rial judges are not to regard bifurcation as 'routine'"). The party seeking bifurcation bears the burden of proving that bifurcation is proper "in light of the general principle that a single trial tends to lessen the delay, expense, and inconvenience." *Belisle v. BNSF Ry. Co.*, 697 F. Supp. 2d 1233, 1250 (D. Kan. 2010).

Plaintiff argues "that separating the liability phase from the damages phase is warranted in this case in the interests of promoting judicial economy and prejudice." (Doc. 191) at 4. Plaintiff also argues that much of the evidence necessary to determine liability is not necessary to determine damages, and vice versa. *Id.*

Here, Plaintiff has not persuaded the Court that bifurcation will result in measurable gains in convenience or efficiency for two reasons. First, bifurcation of trial would allow this case to languish on the Court's docket and would be inconsistent with the Court's obligation to oversee "the just, speedy, and inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1. Second, the resolution of damages may require some different evidence but ultimately requires much of the same evidence relevant to Defendants' liability. "[B]ifurcation is improper if the issues are not separable." *Angelo*, 11 F.3d at 964. Further, Plaintiff argues "[e]vidence relevant to damages would include testimony from Plaintiff, Plaintiff's treating physicians, and

Plaintiff's retained medical experts" but the Court has already limited such evidence. (Docs. 149, 154–55). The Court has excluded testimony from Plaintiff's expert Dr. Contreras, retained as a life care planner, and testimony from Plaintiff's expert Roy Bent, Jr., retained as an automobile appraiser. (Doc. 149) at 7–8. The Court also excluded testimony from Plaintiff's expert Dr. Ternian, retained as a pain management expert. (Doc. 154). Moreover, the Court has limited the testimony of Plaintiff's expert Dr. Kaufman, retained as a medical expert. (Doc. 155). Thus, the testimony regarding damages will not be so extensive that it will overwhelm the jury. Considering the foregoing, Plaintiff has not demonstrated that convenience, expediency, and economy favor bifurcating trial into two phases.

Nor is the Court persuaded that bifurcation would reduce prejudice to the parties. To the contrary, the Court finds that bifurcation would prejudice all parties. "[T]he mere possibility of some prejudice does not justify separate trials where such prejudice is not substantial and there are strong countervailing considerations of economy…[W]here the degree of potential prejudice is not compelling, the trial judge can often mitigate the suggested prejudice through appropriate jury instructions and other devices." *Tri-R Systems, Ltd. V. Friedman & Son, Inc.*, 94 F.R.D. 726, 728 (D. Colo. 1982).

For the reasons discussed above, the Motion, (Doc. 191), is denied.

IT IS SO ORDERED.

/s/_____
KENNETH J. GONZALES[1]
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.