IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JONATHAN STRICKLAND,

    Plaintiff,

v.                                                Case No. 23-cv-116 KG/KRS

CITY OF LAS CRUCES, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion in Limine No. IV: Seeking the Admission of Strickland's Criminal Conviction into Evidence at Trial, (Doc. 179), filed June 8, 2025. Plaintiff did not file a response, however, Plaintiff's Motion in Limine No. 5 to Exclude Evidence of Plaintiff's Prior Bad Acts and Criminal History, (Doc. 188), provides opposing arguments to admission of Plaintiff's criminal conviction. Having considered the briefing, relevant rules, and caselaw, the Court grants Defendants' Motion in Limine No. IV.

Plaintiff has a 2024 criminal conviction for aggravated stalking, a fourth-degree felony. (Doc. 179-1). Plaintiff seeks to exclude his criminal history arguing the evidence is irrelevant because it did not influence Defendant Officers' decision to use force, it is unfairly prejudicial, and it is improper character evidence. (Doc. 188) at 5–10. Defendant Officers seek to admit Plaintiff's conviction to demonstrate his potential motive to testify falsely. (Doc. 179) at 2.

According to Federal Rule of Evidence 404(a)(1), evidence of a criminal conviction cannot be introduced "to prove that on a particular occasion the person acted in accordance with the character trait." However, evidence of a witness's character may be admitted under Rule 609. Rule 609 states that a witness's character for truthfulness may be attacked by evidence of a "crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more

than one year." This evidence "must be admitted, subject to Rule 403, in a civil case." Fed. R. Evid. 609(a)(1)(A). Moreover, under Rule 404(b)(2), criminal convictions may be admissible to prove motive.

Here, Strickland was sentenced to a "period of 18 months; with 18 months suspended…to be served at New Mexico Department of Corrections." (Doc. 179-1) at 1. Therefore, Rule 609's requirement that the conviction be punishable for more than one year is satisfied. Next, the Court determines whether Strickland's conviction is relevant.

Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action. Fed. R. Evid. 401. While Strickland argues this evidence is not relevant because Defendant Officers did not know it at the time the incident occurred, the Court finds it is relevant for credibility purposes. In the event Strickland testifies at trial, his character for truthfulness will be directly at issue. Defendant Officers plan to introduce this evidence to prove Plaintiff's potential bias against and motive to testify falsely against Defendants. "Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which may bear on the accuracy and truth of a witness' testimony." *United States v. Abel*, 469 U.S. 45, 52 (1984). Plaintiff's conviction is relevant for purposes of determining his character for truthfulness, in particular, whether he may be testifying falsely as a form of retaliation against Defendants. Thus, the Court continues its discussion with a Rule 403 analysis.

Under Rule 403, the Court must determine whether the probative value of the evidence is substantially outweighed by a danger of unfair prejudice and confusing the jury. "Evidence is not unfairly prejudicial simply because it is damaging to an opponent's case." *United States v.*

*Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) (internal citation omitted).  Here, Plaintiff's conviction is highly probative as it relates to his character for truthfulness because it sheds light on his potential bias towards Defendants.  "Bias may be induced by a witness' like, dislike, or fear of a party, or by the witness' self-interest."  *United States v. Abel*, 469 U.S. at 52.  Because the conviction relates to aggravated stalking and not a more factually analogous crime like domestic violence or a gun related crime, the potential for prejudice and confusing the jury is low.  Thus, evidence of Plaintiff's 2024 conviction is admissible for credibility purposes.

Plaintiff's criminal conviction is admissible for the limited purpose of impeachment under Rule 609.  While not requested, the Court will limit Defendant Officers' inquiry to the name of the offense, the date of conviction, and the sentence imposed.

For the reasons discussed above, Defendant Officers' Motion in Limine No. IV, (Doc. 179), is granted.

IT IS SO ORDERED.

/s/_____
KENNETH J. GONZALES[1]
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.