IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JONATHAN STRICKLAND,
    Plaintiff,

v.                                                                                Civ. No. 23-116 KG/KRS

CITY OF LAS CRUCES, *et al.*,
    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Continue Trial and All Associated Deadlines, (Doc. 249), filed August 5, 2025. Defendants filed their Response, (Doc. 251), August 6, 2025. Having considered the briefing, relevant case law, and the reasons stated on the record, the Court GRANTS Plaintiff's Motion to Continue.

*I.    Procedural History*

On May 2, 2025, this case was set to go to jury trial on August 18, 2025. (Doc. 165). The Pretrial Conference (PTC) was set to take place on August 8, 2025. (Doc. 210). Jury selection has been set for August 15, 2025, before Magistrate Judge Kevin Sweazea. (Doc. 175). On August 4, 2025, Plaintiff's counsel informed the Court that Plaintiff is in custody in Cincinnati, Ohio and that his release date is uncertain. (Doc. 249) at 5. On August 5, 2025, the Court entered an Order to Show Cause for Lack of Prosecution and Failure to Follow Court Orders and Local Rules (OTSC). (Doc. 248). Later that same day, Plaintiff filed his Motion to Continue Trial. (Doc. 249).

According to the Motion, Plaintiff's counsel did not learn of Mr. Strickland's incarceration until July 31, 2025. *Id.* at 4. Mr. Strickland, however, has been in custody since July 16, 2025. (Doc. 251) at 4. On August 1, 2025, Plaintiff's counsel obtained the contact information for Mr. Strickland's parole officer and spoke with him that same day. (Doc. 249) at 4. The parole officer advised Plaintiff's counsel that Mr. Strickland's release before August 18, 2025, was very unlikely.

*Id.* The parole officer also informed Plaintiff's counsel there was some uncertainty about which facility Mr. Strickland would be held in custody at the time of trial. *Id.*

Plaintiff argues the trial should be continued because: (1) he will suffer irreparable harm without a continuance; (2) Plaintiff's counsel has a duty to keep Mr. Strickland reasonably informed and therefore cannot move forward at this time; and (3) there is good cause to warrant a continuance. *Id.* at 7–10. In Response, Defendants argue: (1) Mr. Strickland will face no harm because he can attend trial virtually; (2) Plaintiff's counsels' professional duties do not require a trial continuance because Mr. Strickland has access to video communication; and (3) Mr. Strickland has not shown good cause to warrant a continuance. (Doc. 251) at 5–10.

II. *Analysis*

The Tenth Circuit has articulated four factors to consider when evaluating a motion for continuance:

> the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need asserted for the continuance and the harm that [the movants] might suffer as a result of the district court's denial of the continuance.

*United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). "No single factor is determinative and the weight given to any one may vary depending on the extent of the [movant's] showing on the others." *Id.*

A. *Diligence*

According to Plaintiff's counsel, the Court was notified of Mr. Strickland's circumstances as soon as Plaintiff's counsel had sufficient information to inform the Court. While there is some question as to why it took Plaintiff's counsel over two weeks to learn of Mr. Strickland's arrest, it does not appear that Plaintiff's counsel delayed informing the Court of Mr. Strickland's

circumstances and requesting a continuance.

    B. *Usefulness of the Continuance*

The purpose of the continuance, in this case, is to secure Mr. Strickland's presence at trial either in person or virtually. The continuance would also give parties more time to figure out the logistics of Mr. Strickland's potential virtual appearance at trial. Given the uncertainty of Mr. Strickland's holding facility and the short time between now and the start of trial, the usefulness of a continuance is great and would serve its purpose well.

    C. *Inconvenience*

Defendants have expressed multiple reasons why continuing the trial would inconvenience themselves and potential witnesses at trial. For example: (1) Defendants have already secured flights, hotels, and rental cars for at least two of their out-of-state witnesses and (2) the traveling witnesses have small children, and school will likely be in session for any continued trial setting making their presence at trial uncertain. Even Plaintiff's counsel has expressed a continuance will inconvenience them as it relates to costs considering they are in California. The Court is also inconvenienced in that it has taken steps to secure a jury pool, reserve a courtroom and court staff, and set aside an entire week for this trial, not including time for jury selection. The Court, however, notes neither party argued that a continuance would be so detrimental to their case as to hush an entire claim or defense, for example the complete unavailability of a party or the need to retain new counsel due to turnover.

    D. *Need and Prejudice*

At this time, it appears the need for a continuance is immense. While a continuance might pose some inconvenience to parties, not granting a continuance would be a huge inconvenience to the Court and jurors. If trial were to continue as it is currently set, the Court and its staff would face many logistical issues because Mr. Strickland would be virtually testifying. That is not to say Mr.

Strickland can never testify virtually, but the current time constraints would not allow for proper communication between the Court, Plaintiff's counsel, and Mr. Strickland's holding facility. Not only will the Court face logistical issues but so will Plaintiff's counsel as they will need to be in simultaneous contact with Mr. Strickland during the trial, at least until his consent is received saying otherwise. Given that Plaintiff's counsel has not had sufficient time to discuss potential solutions with Mr. Strickland, continuing with the current trial setting is impractical. Finally, trial is currently set and confined to five days. Adding this technology aspect so close to trial would inevitably take time away from both Plaintiff and Defendants to present their case.

      The Court determines that the prejudice to Mr. Strickland, should a continuance not be granted, is notable. Given that Plaintiff's counsel has not been able to prepare with Mr. Strickland on trial expectations and desires, Plaintiff's counsel would have to make decisions without consulting Mr. Strickland. While Mr. Strickland's current holding facility does allow virtual visitation, such visitation is recorded and can be booked only in short increments of time. Thus, it appears that the time needed for outstanding preparation would be cut drastically by the fact that there is only one week before trial, and it is unclear how many hours are allowed weekly for Plaintiff's counsel to schedule virtual visits with Mr. Strickland.

      For the reasons stated above, Plaintiff's Motion to Continue Trial, (Doc. 249), is granted. IT IS SO ORDERED.

/s/_____
KENNETH J. GONZALES[1]
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.