IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JONATHAN STRICKLAND,

      Plaintiff,

v.                                                                                    No. 23-cv-116 KG/KRS

CITY OF LAS CRUCES, *et al.*,

      Defendants.

ORDER

This matter is before the Court following its Summary Order, (Doc. 254), wherein the Court allowed Defendants to file a receipt of reasonable travel costs incurred as a result of continuing the trial.  Defendants submitted their Bill of Costs (Bill), (Doc. 257), August 13, 2025.  Plaintiff filed his objections, (Doc. 264), September 6, 2025.  Considering the briefing and case history, the Court grants in part and denies in part Defendants' costs submitted in their Bill.

As an initial matter, the Court set a deadline of September 5, 2025, for Plaintiff to file objections to Defendants Bill.  (Doc. 254) at 2.  Plaintiff, however, did not file his objections until September 6, 2025.  (Doc. 264).  Given the history of this case and Plaintiff's refusal to follow deadlines, the Court will not consider Plaintiff's objections.

Still, the Court must find Defendants' costs reasonable given the circumstances. Defendants request travel reimbursements for three different witnesses' airfare, rental car, and hotel expenses.  (Doc. 257).  First, Defendants request $1,408.05 for Defendant Nathan Krause's airfare, $586.39, and rental car, $821.66.  *Id.* at 2.  Next, Defendants request $1,039.59 for Witness Brandi Campbell's airfare, $596.37, and rental car, $443.22.  *Id.*  Finally, Defendants request $1,206.71 for Expert Witness Jack Ryan's airfare, $721.87, and hotel, $484.84.  *Id.*  In total, Defendants seek to recover $3,654.35.  *Id.* at 3.

In support, Defendants submit booking confirmations and estimated rental car costs. The Court finds Defendants airfare costs for Nathan Krause, $586.39, and Brandi Campbell, $596.37, reasonable. The Court, however, cannot affirmatively find Defendants actually incurred costs from the rental car *estimates* submitted. This is because, in part, the language on the Enterprise reservation confirmation states, "Estimated Total Due at the Counter," which creates uncertainty around the charges Defendants actually incurred. *See* (Doc. 257-4) at 2; *see also* (Doc. 257-2). Thus, the Court awards $1,182.76 for Nathan Krause and Brandi Campbell's travel airfare. The Court denies, without prejudice, Defendants Bill as it relates to rental car costs.

The Court also questions Jack Ryan's travel costs. Defendants explain that Jack Ryan, an expert witness, "was also attending a deposition for a separate case in New Mexico" so Defendants split his airfare costs with parties to the other case. (Doc. 257) at 2 n.2. Upon review of Mr. Ryan's airfare costs, it is clear someone purchased a one-way ticket from Providence, Rhode Island, for Sunday, August 17, 2025, arriving in Pensacola, Florida, that same day. (Doc. 257-5) at 2. However, this appears to be just a "layover" with the final destination, arriving two days later, on Tuesday, August 19, 2025, in El Paso, Texas. *Id.* The total for that one-way flight to El Paso, Texas was $1,035.55. *Id.* at 3. The return one-way flight from El Paso, Texas to Boston, Massachusetts was $408.18. *Id.* at 5. Given the discrepancy in the two one-way flights, the Court cannot, at this time, find the first flight to El Paso, Texas, reasonable. Moreover, it is unclear whether Defendants split the second one-way flight costs.

The same is true for Mr. Ryan's hotel costs. It is unclear where the deposition took place given the briefing and exhibits. For example, if the deposition took place in Las Cruces, the Court is of the opinion that Defendants would be entitled to only half of the hotel costs because, presumably, the third party would have covered half of the expense. However, if the deposition

2

was in Pensacola, Florida, it is reasonable for Defendants to recover the entire hotel cost.  At this time, there is too much uncertainty surrounding Mr. Ryan's travel costs to award Defendants reasonable costs.  Therefore, the Court denies, without prejudice, Defendants' Bill as it relates to Mr. Ryan's travel expenses.

IT IS SO ORDERED:

(1) The Court awards $1,182.76 for costs associated with Brandi Campbell and Nathan Krause's airfare.

(2) Payment is due by October 31, 2025.  Plaintiff shall file a Notice of Satisfaction once the payment has been made.

(3) The Court denies, without prejudice, Defendants' Bill as it relates to rental cars and Mr. Ryan's travel expenses.

(4) Defendants have until October 3, 2025, to file a Bill of Costs with receipts of actual costs incurred for only the expenses discussed in this Order.  The Court will not award additional costs that are not specified in Defendants original Bill, (Doc. 257). If necessary, Plaintiff may submit objections no later than October 17, 2025, **mountain time**.

/s/_____
KENNETH J. GONZALES[1]
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.