IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JONATHAN STRICKLAND,

    Plaintiff,

v.                                                                         No. 2:23-cv-00116-KG-KRS

CITY OF LAS CRUCES, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff Jonathan Strickland's motion for a northern jury pool, a special juror questionnaire, and a standing decorum order.[1] *See* Doc. 270. For the reasons below, the requests are denied.

*I.    Background*

Mr. Strickland alleges that four officers of the Las Cruces Police Department ("LCPD") fired their weapons at him on March 11, 2021. Doc. 270 at 3–4. Mr. Strickland claims that, as a "Black man…accused of…domestic violence," proceeding to trial in Las Cruces would expose him to "racism and implicit racial bias." *Id.* In particular, he asserts a "danger of stealth jurors in a southern jury pool" arising from "animosity" within "the law enforcement community toward the justice system." *Id.* at 10. Mr. Strickland cites pro-law enforcement social media activity and fundraising efforts by members of the Las Cruces community during two prior criminal trials involving LCPD officers. *Id.* at 5. Based on these concerns, he requests that the trial be conducted in Albuquerque and that the Court employ a special juror questionnaire

---

[1] Mr. Strickland has also moved for special jury selection proceedings. Doc. 270 at 1. Because Magistrate Judge Kevin R. Sweazea will preside over jury selection, *see* Doc. 276, the Court declines to rule on that request.

eliciting prospective jurors' views regarding law enforcement and race. Doc. 270 at 10. He also requests a "Standing Decorum Order" to prevent "online and direct harassment" of parties during trial. Doc. 270 at 8.

## II.     Analysis

The Court denies Mr. Strickland's requests to (A) move the trial to Albuquerque, (B) use a special juror questionnaire during voir dire, and (C) enter a special decorum order.

### A.     Intra-district move

Mr. Strickland's request to move the trial from Las Cruces to Albuquerque is denied. A trial "may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district." Fed. R. Civ. P. 14. "Courts look to the factors developed under Section 1404(a) concerning venue transfer when determining a motion for intra-district transfer." *Pauly v. New Mexico Dep't of Pub. Safety*, WL 12210482, at *1 (D.N.M.) (Gonzales, J.). Those factors include: (1) the plaintiff's choice of forum; (2) the convenience of witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other considerations of a practical nature that make a trial easy, expeditious, and economical. *Chrysler Credit Corp. v. Country Chrysler*, 928 F.2d 1509, 1516 (10th Cir. 1991).

Application of these factors in this case weigh against an intra-district transfer. The alleged use of excessive force occurred in Las Cruces, and therefore the parties, witnesses, and sources of proof are located there. Doc. 1 at 1–2; Doc. 273 at 16–7. The case has been litigated in Las Cruces for two years, including preparation for an August 2025 trial. Doc. 273 at 4. Transferring the trial now would undermine judicial economy.

Mr. Strickland's contention that he cannot obtain a fair trial in Las Cruces due to pervasive pro-police sentiment is unconvincing. Mr. Strickland points to community reactions—

including social media posts and fundraising efforts—relating to two other cases involving police officers as evidence of "racism and implicit racial bias" among prospective jurors in Las Cruces. *See* Doc. 270 at 3, 9. However, in both cases, Las Cruces juries returned guilty verdicts against police officers following highly publicized trials. Doc. 270 at 2–3. Those outcomes indicate that the local jury pool can evaluate claims against law enforcement fairly and independently. Mr. Strickland has therefore not shown that an impartial jury cannot be seated in Las Cruces.

### B. *Special juror questionnaire*

Mr. Strickland's request for a special juror questionnaire is denied. A scheduling order may be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Court set clear deadlines requiring proposed voir dire questions to be filed no later than August 4, 2025, fifteen days before the original trial date. Doc. 175 at 1. Mr. Strickland neither submitted proposed voir dire questions by that deadline nor sought leave of Court to do so afterward. When the Court later continued the trial, it expressly ordered that "all previous deadlines," including the voir dire deadline, "remain in effect." Doc. 261 at 1. Mr. Strickland has not sought leave to modify the scheduling order or shown good cause for doing so. At the final pretrial conference, the Court will address with counsel the appropriate scope and duration of voir dire, including whether any limited written questions are warranted to facilitate jury selection. Because Mr. Strickland filed his motion months after the August 2025 voir dire deadline and without good cause, it is denied.

### C. *Special decorum order*

Finally, the Court denies Mr. Strickland's request for a standing decorum order. Mr. Strickland has not presented evidence of online or direct harassment related to this case that

would warrant such relief at this time.  Accordingly, the request is not ripe.  The Court nonetheless takes this opportunity to reiterate all local rules and practices.

*III.*     *Conclusion*

Mr. Strickland's requests to move the trial, use a special juror questionnaire, and enter a decorum order, *see* Doc. 241, are denied.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.