IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JONATHAN STRICKLAND,

    Plaintiff,

v.                                                     No. 2:23-cv-00116-KG-KRS

CITY OF LAS CRUCES, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's and Defendants' motions in limine. For the reasons below, the Court grants in part and denies in part Defendants' motions, Docs. 180–81, and grants Plaintiff's motions, Docs. 185–89.

### I.    *Background*

Plaintiff brings tort and civil rights claims against Defendants arising from an officer-involved shooting on March 11, 2021. Doc. 1 at 2. Plaintiff alleges that Las Cruces Police Department ("LCPD") officers used "unreasonable and grossly excessive" force against him when they fired "over ninety (90) lethal rounds in rapid succession" following a "terminated vehicle pursuit" causing Plaintiff to suffer "nearly a dozen gunshot wounds." *Id.* A pretrial conference is scheduled for February 5, 2026, and trial is set for February 18. *See* Doc. 262. The deadline to file motions in limine was June 9, 2025. *See* Doc. 262. Defendants filed two pending motions in limine, Docs. 180–81, and Plaintiff filed five motions in limine after the deadline, Docs. 185–89.

### II.    *Legal Standard*

Motions in limine are left to the trial court's discretion. *Cavanaugh v. Woods Cross City*,

1

718 F.3d 1244, 1249 (10th Cir. 2013).  The movant must "identify the particular evidence at issue and articulate with specificity the arguments supporting the position that the particular evidence is inadmissible on any relevant ground." *United States v. Begay*, 497 F. Supp. 3d 1025, 1082 (D.N.M. 2020).  If a movant fails to identify evidence with particularity or argue with specificity, the Court may deny the motion.  *Id.*  A motion in limine should not re-iterate matters "set forth elsewhere in the Rules of Civil Procedure or the Rules of Evidence, but...identify *specific* issues which are likely to arise at trial." *Maggette v. BL Dev.*, 2011 WL 2134578, at *4 (N.D. Miss).

      Only relevant evidence is admissible at trial.  Fed. R. Evid. 402.  Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401.  Even relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of...unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  Character evidence is inadmissible to "prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404.  Specific instances of a person's character, however, may be admitted when it is "an essential element of a charge, claim, or defense." Fed. R. Evid. 405.

**III.**    *Analysis*

      The Court (A) grants in part and denies in part Defendants' motions, Docs. 180–81, and (B) grants Plaintiff's motions, Docs. 185–89.

    **A.**    *Defendants' Motions*

*Doc. 180.*  Defendants first seek to admit "the progression of [Plaintiff's] actions" between the evening of March 9, 2021, and the shooting on March 11, 2021, through Defendant

Officers' knowledge and the testimony of Brandi Campbell, Plaintiff's then-wife. Doc. 180 at 2.

The motion is granted as to Defendant Officers' knowledge on the morning of the incident. Defendant Officers may testify about what they knew about Plaintiff's actions toward Ms. Campbell immediately before they pursued and confronted Plaintiff. Such testimony is admissible solely to explain the Defendant Officers' perceptions and decision-making at the time of the incident and not for the truth of the underlying allegations. *See* Fed. R. Evid. 801(c) (statements offered for their effect on the listener are not hearsay). For example, Defendants may introduce evidence that, immediately before confronting Plaintiff, the investigating detective informed Sgt. Savage that Plaintiff "[h]eld Ms. Campbell hostage [throughout] the night; [h]eld a gun in Ms. Campbell's mouth and to her head; [t]hreatened Ms. Campbell that if she went to the police department, that he would kill her; [and t]hat he was going to kill her that night." *Id.* at 3. They may also introduce testimony that Sgt. Savage knew that "on the day before" the shooting, Plaintiff "used his vehicle to hit Ms. Campbell's vehicle" during a "domestic incident." *Id.* at 4. Sgt. Savage also allegedly learned that Plaintiff told Ms. Campbell "[t]hat he was going to have a shootout with the police officers" if he was taken into custody. *Id.* These observations are relevant because they informed the Defendant Officers' decision to pursue, confront, and ultimately use force against Plaintiff.

The motion is denied in part and granted in part as to Ms. Campbell's testimony about her interactions with Plaintiff before and after the shooting on March 11, 2021. Defendants seek to elicit testimony from Ms. Campbell "about her relationship with [Plaintiff] before and after the shooting by Defendants." Doc. 180 at 3. Defendants argue that Ms. Campbell's testimony about Plaintiff's behavior prior to and after the shooting is "relevant because it will allow the jury to determine whether [Plaintiff] posed a deadly threat to [Defendants]" and "assess

[Plaintiff's] truthfulness." *Id.* at 14.  The Court disagrees.  Any statement by Ms. Campbell that was not relayed directly to Defendant Officers before their confrontation with Plaintiff is irrelevant to whether Defendant Officers used excessive force toward Plaintiff.  Even if the allegations that were not relayed to the Defendant Officers were found to be marginally relevant, such evidence would pose a substantial risk of unfair prejudice and confusion of the issues and is therefore excluded under Rule 403.  Accordingly, Ms. Campbell's testimony is limited to information that was conveyed to Defendant Officers before their confrontation with Plaintiff.

*Doc. 181.*  In their next motion in limine, Defendants seek to admit evidence about Plaintiff's "mental health history, suicidal ideation, alcohol use, and criminal misconduct" that began "in the sixth grade" to rebut Plaintiff's damages claims.  Doc. 181 at 2.  This evidence includes Plaintiff's diagnoses, prior actions arising out of his mental illnesses and alcohol abuse, and alleged criminal conduct toward Ms. Campbell and others before and after the March 11, 2021, shooting.  *See generally* Doc. 181.

Plaintiff responds that "[his] mental health history, including prior suicidal ideation, alcohol use, and criminal misconduct is irrelevant" and that, "if the Court were to find the evidence relevant, it is substantially outweighed by a danger of unfair prejudice."  Doc. 202 at 3–4.  Plaintiff also argues that alcohol use and criminal misconduct are improper character evidence under Rule 404.  *Id.* at 6.  For the reasons below, the motion is granted in part and denied in part.

### (1) Plaintiff's Mental Health History and Alcohol Use

Defendants may introduce evidence of Plaintiff's specific mental health diagnoses only to rebut claims of new diagnoses in Plaintiff's claim of damages.  Defendants first seek to admit evidence of specific instances of Plaintiff's conduct arising from his mental illnesses and

4

alcoholism under Rule 405(b), which allows specific instances of a person's conduct to be admitted "[w]hen a person's character or character trait is an essential element of a charge, claim, or defense." Fed. R. Evid. 405(b). Defendants seek to admit evidence of Plaintiff's long history of mental illness, which allegedly began "in the sixth grade" because Plaintiff "suffered abuse during his childhood." Doc. 181 at 2–3. Plaintiff was allegedly "diagnosed...with bipolar disorder and depression" after the first time "he...put a gun to Ms. Campbell's head" and "drank heavily" to cope with his mental illnesses. *Id.* at 3. Plaintiff was also diagnosed with post-traumatic stress disorder, anxiety disorder, and suicidal ideation before the shooting and allegedly attempted suicide at least twice. *Id.* at 5–6, 8.

The Court concludes that evidence of Plaintiff's history of mental illness and circumstances surrounding his past diagnoses is inadmissible under Rule 403. The probative value of introducing Plaintiff's mental health history is substantially outweighed by the danger of confusing the issues in determining whether Defendant Officers used excessive force against Plaintiff on March 11, 2021. Defendants may introduce evidence of Plaintiff's specific mental health diagnoses only to rebut claims of new diagnoses in Plaintiff's claim of damages.

### (2) Plaintiff's Other Bad Acts and Criminal History

Apart from the introduction of Plaintiff's 2024 felony conviction for aggravated stalking that the Court previously approved, Doc. 245, Defendants may not introduce evidence of Plaintiff's bad acts before or after the shooting. Defendants seek to challenge the credibility of Plaintiff's character witnesses with specific instances of Plaintiff's other bad acts, including toward Ms. Campbell during their relationship, and Plaintiff's criminal charges over the past decade. *See* Doc. 181 at 8–12. Plaintiff's criminal charges include battery against an EMS provider, drug abuse, telecommunications harassment, disorderly conduct, and domestic

violence, as well as a police reports against Plaintiff for separate alleged incidents harassment and domestic violence from 2018 and 2023. *Id.* at 11–12. None of the charges listed is alleged to have resulted in a conviction. Defendants argue that they are permitted to question Plaintiff about his "prior criminal conduct" under Rule 405(b) and that the "danger of unfair prejudice...does not substantially outweigh the probative value of [the] evidence." *Id.* at 13.

The Court disagrees and denies Defendants' motion to admit evidence of Plaintiff's other bad acts before and after the shooting. Federal Rule of Evidence 608(b) provides that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." The Court "may, on cross-examination, allow" specific instances "to be inquired into if they are probative" of the witness's "character for truthfulness." Here, the alleged acts are not the kind of acts that bear on Plaintiff's character for truthfulness, and they are therefore inadmissible. Allowing evidence of these acts at trial would force the jury to determine whether they occurred and are not probative of truthfulness, likely resulting in prejudice against Plaintiff that substantially outweighs any probative value the evidence would provide. Apart from the introduction of Plaintiff's 2024 felony conviction for aggravated stalking that was previously approved, Doc. 245, Defendants may not introduce evidence of Plaintiff's bad acts before or after the shooting.

### (3) Lay Persons' Opinions of Plaintiff

Defendants may not call lay witnesses to provide opinion testimony about Plaintiff's character. Defendants seek to admit opinions of Plaintiff's character to show that Plaintiff's "use of alcohol, coupled with familial strife, caused [Plaintiff] to act in a violent manner." Doc. 181 at 19, 23. Character evidence is "not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). The Rule provides

limited exceptions for criminal cases. *Id.* Defendants' proposed evidence violates this Rule.

Defendants cite *Perrin v. Anderson*, 784 F.2d 1040, 1044 (10th Cir. 1986), but *Perrin* is inapposite. Interpreting a version of Rule 404 that is no longer in effect, *Perrin* held that Rule 404's exception for criminal cases also applies in civil cases. *Id.* In 2006, however, Rule 404 was "amended to clarify" that "in a civil case evidence of a person's character is never admissible to prove that the person acted in conformity with the character trait." Fed. R. Evid. 404, advisory committee note. The Committee cited *Carson v. Polley*, 689 F.2d 562, 576 (5th Cir. 1982)—a case relied upon by the *Perrin* court—as an example of why the amendment "is consistent with the original intent of the Rule, which was to prohibit the circumstantial use of character evidence in civil cases, even where closely related to criminal charges." *Id.*

Defendants seek to introduce evidence of Plaintiff's character under the ruse of lay witness opinion testimony to suggest that Plaintiff acted violently as the first aggressor in conformity with that character. Such evidence is plainly prohibited in civil cases and Defendants may not call lay witnesses to provide opinion testimony about Plaintiff's character. Even if such evidence were admissible under Rule 404, it would be excluded under Rule 403 because its probative value would be substantially outweighed by the risk of unfair prejudice to Plaintiff. The 2006 amendment therefore casts serious doubt about whether *Perrin* remains good law, and the Court therefore declines to apply it.

### B.     *Plaintiff's Motions*

*Doc. 185.* Plaintiff seeks to exclude from trial medical records from his October 31, 2016, hospital stay that resulted in a "three (3) day hold for psychological evaluation" after Plaintiff told officers in the hospital "to let him die or shoot him." Doc. 185 at 4. Because this motion overlaps in substance with Defendants' motion, Doc. 181, the Court grants Plaintiff's

motion. Defendants may introduce evidence of Plaintiff's specific mental health diagnoses only to rebut any claim of damages Plaintiff makes of new diagnoses.

*Doc. 186.* Plaintiff seeks to exclude evidence of Plaintiff's involuntary psychiatric hold at St. Elizabeth's in 2016 as irrelevant and unfairly prejudicial because it "was not known to Defendant Officers at the time of the incident." Doc. 186 at 4. Because this motion overlaps in substance with Defendants' motion, Doc. 181, the Court grants Plaintiff's motion. Defendants may introduce evidence of Plaintiff's specific mental health diagnoses only to rebut any claim of damages Plaintiff makes of new diagnoses.

*Doc. 187.* Plaintiff seeks to exclude evidence of "Plaintiff's speculative psychological disorders and diagnoses" for purposes of liability or damages as both irrelevant and unfairly prejudicial under Rule 403. Doc. 187 at 1. Because this motion overlaps in substance with Defendants' motion, Doc. 181, the Court grants Plaintiff's motion. Defendants may introduce evidence of Plaintiff's specific mental health diagnoses only to rebut any claim of damages Plaintiff makes of new diagnoses.

*Doc. 188.* Plaintiff seeks to exclude evidence of "Plaintiff's prior bad acts and criminal history" as irrelevant, unfairly prejudicial, and improper character evidence to his claim of excessive force. Doc. 188 at 1–2. Plaintiff argues that his "prior bad acts...are irrelevant to the claims of liability" because they were "not known to the [Defendants] during their encounter with [Plaintiff]." Doc. 188 at 4. Because this motion overlaps in substance with Defendants' motion, Doc. 181, the Court grants Plaintiff's motion. Apart from the introduction of Plaintiff's 2024 felony conviction for aggravated stalking that was previously approved, Doc. 245, Defendants may not introduce evidence of Plaintiff's bad acts before or after the shooting.

*Doc. 189.* Plaintiff seeks to exclude evidence of prior suicidal ideations as "irrelevant

8

[and] prejudicial...since this information in no way guided or informed the [Defendants'] decision to use force." Doc. 189 at 4. Plaintiff also argues that the evidence "has no bearing on [his] claim for damages." *Id.* at 8. Because this motion overlaps in substance with Defendants' motion, Doc. 181, the Court grants Plaintiff's motion. Defendants may introduce evidence of Plaintiff's specific mental health diagnoses only to rebut any claim of damages Plaintiff makes of new diagnoses.

### IV.    Conclusion

For the reasons above, the Court grants in part and denies in part Defendants' motions, Docs. 180–81, and grants Plaintiff's motions, Docs. 185–89. Insofar as this order limits the admission of evidence to any claim of damages, Defendants are ordered to submit a proposed limiting instruction no less than five days before the start of jury trial.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.