IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JONATHAN STRICKLAND,

    Plaintiff,

v.                                      No. 2:23-cv-00116-KG-KRS

CITY OF LAS CRUCES, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

The Court held a pretrial conference in this matter on February 5, 2026.  Based on the parties' submissions and discussions at the conference, the Court makes the following rulings:

**Voir Dire:** The parties may question prospective jurors about racial bias in the manner routinely allowed when a party is a person of color.  *See* Fed. R. Civ. P. 47.  Courts have an obligation to "ensure an unprejudiced jury" and may "conduct voir dire on the issue of race." *Andrews v. Shulsen*, 802 F.2d 1256, 1270 (10th Cir. 1986).  However, "a given police officer's subjective perception of the race of a citizen and the officer's possible racial bias (implicit or otherwise)" are not "legally relevant considerations" in a "Fourth Amendment objective-reasonableness analysis."  *Estate of Taylor v. Salt Lake City*, 16 F. 4th 744, 761 (10th Cir. 2021). Consistent with these principles, voir dire shall be limited to determining whether a prospective juror can be fair and impartial and decide this case based solely on the evidence and the applicable law.  The parties may not discuss broader systemic issues or national debates about race—including questions concerning the death of George Floyd or Black Lives Matter—that would invite inferences about the Defendant Officers' subjective state of mind.  Counsel may, for example, inquire whether a juror harbors negative feelings toward people of color or whether the juror could render an impartial verdict where a party is African American.

**Edgar Ray and Kassidee Plumley:** The Court excludes Plaintiff's proposed fact witnesses Edgar Ray and Kassidee Plumley.  Rule 26(a) requires disclosure of individuals likely to have "discoverable" information that a party may use to "support its claims or defenses."  Plaintiff failed to identify Mr. Ray and Ms. Plumley in his initial disclosures or to supplement those disclosures under Rule 26(e).  Because Plaintiff has not shown that this failure was substantially justified or harmless, exclusion is mandatory under Rule 37(c)(1).

**Jeff Avalos:** The Court excludes Plaintiff's proposed witness Jeff Avalos. It is unclear whether Mr. Avalos is offered as an expert or a lay witness; in either case, Plaintiff failed to disclose Mr. Avalos as a witness as required by Rule 26(a) and failed to supplement those disclosures under Rule 26(e).  Because Plaintiff has not shown that this failure was substantially justified or harmless, exclusion is mandatory under Rule 37(c)(1).

**Plaintiff Exhibits 38–42:** The Court excludes photographs taken by Mr. Avalos because Plaintiff failed to disclose Mr. Avalos as a witness, thereby precluding Defendants from examining the foundation and authenticity of the photographs.

**Plaintiff Exhibits 95–100:**  The Court excludes photographs taken of the Federal Courthouse located at 100 N Church St, Las Cruces, NM 88001.  These exhibits are not relevant to whether the Defendant Officers acted objectively reasonably, and any minimal probative value is substantially outweighed by the risk of unfair prejudice and jury confusion under Rule 403.

**Plaintiff Exhibits 103–148:** The parties shall confer to ensure that Mr. Strickland's medical records, Pl. Exs. 103–148, are complete and consistent with the Court's prior ruling, Doc. 296. Plaintiff shall resubmit the records no later than February 11, 2026.  To use these records at trial, Plaintiff must authenticate them pursuant to Rules 803(6) and 902(11), or, alternatively, through the testimony of a custodian or other qualified witness under Rule 901.

**Plaintiff Exhibits 1–7:** Plaintiff shall edit the body-camera footage to include only relevant

excerpts.  Plaintiff must resubmit the edited footage to the Court by February 11, 2026.

**Defendant Exhibits A-11–A-13, A-16:** Ms. Campbell's recorded interviews at the Las Cruces Police Department are admissible only to the extent they are not cumulative of her live testimony and reflect information known by Defendant Officers at the time of their confrontation with Plaintiff.

**Defendant Exhibits B-1–B-3:** Ms. Campbell's 911 calls are excluded as irrelevant under Rule 402, subject to reconsideration should Plaintiff open the door at trial.

**Defendant Exhibits A-7–A-10, A-15, A-17–A-19:** Information gathered by police officers about Mr. Strickland after the shooting is excluded under Rule 402 because it is irrelevant to the Defendant Officers' state of mind at the time force was used.  Accordingly, the Court excludes post-shooting body-camera footage and video recordings, including body-camera footage of officers speaking with Ms. Campbell and of the scene and Plaintiff's apartment.

**Defendant Exhibits D-1–D-19:** The Court excludes photographs of Plaintiff's apartment, which Defendants withdrew during the pretrial conference.

**Defense Exhibits A-1–A-6, A-20–A-22:** Defendants shall edit this body camera footage to include only relevant excerpts.  Additionally, the parties shall confer and stipulate to the portions of Def. Exs. A-21 and A-22 that are relevant and necessary under Rules 402 and 106.  Defendants must resubmit the edited footage to the Court by February 11, 2026.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.