IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JONATHAN STRICKLAND,

     Plaintiff

v.                                                  No. 2:23-cv-00116-KG-KRS

JOSHUA SAVAGE, et al.,

     Defendants.

**COURT'S FINAL JURY INSTRUCTIONS**

## JURY INSTRUCTION NO. 1

MEMBERS OF THE JURY:

You have now heard all the evidence in this case. The time has now come to give you final instructions that guide your deliberations as the sole judges of the facts of this case.

It becomes my duty, therefore, to state and instruct you on the rules of law governing the case that you must follow and apply in arriving at your decision in the case.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the Jury. It is my duty to preside over the trial and to determine what evidence is admitted under the law for your consideration.

Please pay close attention to these instructions. I will read them once; the written instructions will be given to you to take to the jury room.

## JURY INSTRUCTION NO. 2

The law of this case is contained in these instructions, and it is your duty to follow this law. You must consider these instructions as a whole, not picking out one instruction, or parts thereof, and disregarding others.

## JURY INSTRUCTION NO. 3

You are the sole judges of all disputed questions of fact in this case.  It is your duty to determine the true facts from the evidence produced here in open court.  Your verdict should not be based on speculation, guess or conjecture.

You are to apply the law, as stated in these instructions, to the facts as you find them and, in this way, decide the case.  Neither sympathy nor prejudice should influence your verdict.

## JURY INSTRUCTION NO. 4

This case should be considered and decided by you as an action between parties of equal standing in the community, of equal worth, and holding the same or similar stations in life. All persons stand equal before the law and are to be dealt with as equals in a court of justice.

**JURY INSTRUCTION NO. 5**

This civil rights lawsuit arises out of an incident that occurred in the City of Las Cruces on March 11, 2021. The Plaintiff is Jonathan Strickland. The Defendants are Las Cruces Police Officers Joshua Savage, Manuel Frias, Nathan Krause, and Anthony Lucero.

Mr. Strickland claims Defendant Officers Savage, Frias, Krause, and Lucero violated his Fourth Amendment rights by using excessive and unreasonable deadly force against him on March 11, 2021. Mr. Strickland further claims that he suffered injuries as a result of the force used against him by Defendant Officers Savage, Frias, Krause, and Lucero. Defendant Officers deny Mr. Strickland's claims that they violated his Fourth Amendment rights. Defendant Officers claim that their use of deadly force against Plaintiff was objectively reasonable under the circumstances.

Mr. Strickland also seeks compensation from Defendant Officers Savage, Frias, Krause, and Lucero for damages that Strickland was caused by the four officers' alleged battery and assault of Mr. Strickland.

## JURY INSTRUCTION NO. 6

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence I have admitted in the case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record.

Remember that any statements, objections or arguments made by the lawyers are not evidence in the case. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

## JURY INSTRUCTION NO. 7

A fact may be proved by circumstantial evidence. Circumstantial evidence consists of proof of facts or circumstances which give rise to a reasonable inference of the truth of the fact sought to be proved.

## JURY INSTRUCTION NO. 8

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness' testimony.  In weighing the testimony of a witness you should consider the witness' relationship to the plaintiff or to the defendant; the witness' interest, if any, in the outcome of the case; manner of testifying; opportunity to observe or acquire knowledge concerning the facts about which the witness testified; candor, fairness and intelligence; and the extent to which the witness has been supported or contradicted by other credible evidence or previous statements inconsistent with the witness' present testimony.  You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact.  You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

9

## JURY INSTRUCTION NO. 9

The rules of evidence provide that if scientific, technical, or other specialized knowledge might assist you in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify and state an expert opinion concerning such matters.

You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

## JURY INSTRUCTION NO. 10

Some evidence is admitted for a limited purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**JURY INSTRUCTION NO. 11**

You have heard evidence regarding the officers' knowledge of Mr. Strickland's alleged

criminal acts against Brandi Campbell prior to March 11, 2021.  This evidence is admitted for

the limited purpose of evaluating the reasonableness of the officers' use of force, including

factors such as the severity of the crime at issue and whether Mr. Strickland posed an immediate

threat to the safety of the officers or others.  You must not consider this evidence for any other

purpose, including to conclude that Mr. Strickland had a propensity to commit crimes or acted in

conformity with a particular character trait on the day in question.

## JURY INSTRUCTION NO. 12

You have heard evidence that a witness has previously been convicted of a felony offense. You may consider this evidence only in deciding how much weight and credibility to give that witness's testimony. A prior felony conviction may be considered in evaluating whether the witness is believable. You may not consider the conviction as evidence that the witness acted in accordance with a criminal character, or that the witness is more likely to have committed any act involved in this case. The conviction is admitted solely for the limited purpose of assessing credibility. It is up to you to decide what weight, if any, to give this evidence in evaluating the witness's testimony.

**JURY INSTRUCTION NO. 13**

It is a general rule in civil cases that a party seeking a recovery or a party relying on a defense has the burden of proving every essential element of its claim or defense by a preponderance of the evidence.

To prove by a preponderance of the evidence means to establish that something is more likely true than not true. When I say in these instructions that a party has the burden of proof, I mean that you must be persuaded that what is sought to be proved is more probably true than not true. Evenly balanced evidence is not sufficient.

## JURY INSTRUCTION NO. 14

Mr. Strickland brings civil rights claims against Defendant Officers Savage, Frias, Krause, and Lucero under 42 U.S.C. § 1983, a law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights. To establish a claim for violation of constitutional rights under 42 U.S.C. § 1983, Plaintiff must prove, by a preponderance of the evidence, each of the following elements:

1. That Defendants acted under color of state law, which means under the authority of the State of New Mexico; and

2. That Defendants' actions deprived Mr. Strickland of his particular rights under the United States Constitution, as explained in the following instruction.

Because Defendants were officials of the Las Cruces Police Department at the relevant time, the parties have stipulated that they were acting under color of state law. In other words, this element of Plaintiff's claims is not in dispute, and you must find that this element has been established.

## JURY INSTRUCTION NO. 15

Jonathan Strickland claims that Defendants Joshua Savage, Manuel Frias, Nathan Krause, and Anthony Lucero used excessive or unreasonable force against him, in violation of the Fourth Amendment to the United States Constitution. Every person has the constitutional right not to be subjected to excessive or unreasonable force while being arrested by a law enforcement officer, even though the arrest might otherwise be lawful. Your verdict must be for Plaintiff against a particular Defendant if all of the following elements have been proved:

*First:*     That the Defendant used greater force than reasonably necessary under the circumstances while he seized Mr. Strickland;

*Second:*     That Mr. Strickland suffered an actual, nontrivial injury;

*Third:*     That the Defendant's conduct caused Mr. Strickland's injury.

Plaintiff also must prove that each Defendant personally participated in the alleged use of excessive force, to be addressed in a later instruction.

A person is "seized" by a police officer when the officer, by using physical force or by showing authority, intentionally stops or restrains the person's freedom of movement.

16

## JURY INSTRUCTION NO. 16

In determining whether the force used by any Defendant was "excessive" or "unreasonable," you must evaluate whether, from the perspective of a reasonable officer on the scene, all of the circumstances justified the use of deadly force. The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight, and without regard to the officer's subjective intention or motivation. You should consider: the severity of the crime being investigated, whether Mr. Strickland posed an immediate violent threat to others, and whether Mr. Strickland attempted to flee or resist arrest. Force justified at the beginning of an encounter is not justified even seconds later if the justification for the initial force has been eliminated. To end a threat to officer or public safety, an officer may shoot until the threat has ended. You should also note that the Fourth Amendment does not require officers to use the least intrusive or even less intrusive alternatives to the amount of force used on a plaintiff. The only test is whether the police officers acted reasonably.

**JURY INSTRUCTION 16-1**

You are instructed that Lt. Savage, Officer Frias, Officer Krause, and Officer Lucero could rely upon the accuracy of the information that they learned from the citizen witnesses, police radio dispatchers, and other police officers.

## JURY INSTRUCTION NO. 17

Plaintiff must prove that each Defendant personally participated in the alleged use of excessive force. Each Defendant is liable only for his own conduct. To establish personal participation, Plaintiff must prove that the Defendant committed a deliberate and intentional act that was part of the use of force against Mr. Strickland. When officers act together in a group effort, a Defendant has personally participated if his intentional actions were part of that coordinated use of force. Mere presence at the scene, without active participation in the use of force, is not sufficient to establish personal participation. You must consider the evidence separately as to each Defendant.

## JURY INSTRUCTION NO. 18

Plaintiff claims that Defendants Savage, Frias, Krause, and Lucero committed battery against him in violation of state law.  Your verdict must be for Mr. Strickland on the battery claim if the following elements have been proved:

*First*:         Defendants Savage, Frias, Krause, and/or Lucero acted intentionally to cause a harmful or offensive contact with Mr. Strickland,

*Second*:         an offensive contact with Mr. Strickland directly or indirectly resulted.

In making an arrest, a law enforcement officer is privileged to use force that is reasonable under the circumstances to restrain the arrested person but is not privileged to use force that is unreasonable under the circumstances.  You should consider separately the force used by each Defendant to determine if any of them committed battery.

20

## JURY INSTRUCTION NO. 19

To establish assault on the part of Defendants Savage, Frias, Krause, and/or Lucero, Mr. Strickland has the burden of proving the following:

Defendants Savage, Frias, Krause, and/or Lucero committed an act, threat or menacing conduct which made Mr. Strickland reasonably believe that he was in danger of receiving an immediate battery.

Mr. Strickland has the burden of proving that such assault was a cause of the injuries and damages. In making an arrest, a law enforcement officer is privileged to use or threaten force that is reasonable under the circumstances to restrain the arrested person but is not privileged to use or threaten force that is unreasonable under the circumstances. You should consider separately the conduct of each Defendant to determine if one or more of them committed assault.

## JURY INSTRUCTION NO. 20

An act is a "cause" of an individual's injuries if it contributes to bringing about the injury, and if the injury would not have occurred without it. It need not be the only explanation for the injury, nor the reason that is nearest in time or place. It is sufficient if it occurs in combination with some other cause to produce the result. To be a "cause," the act, nonetheless, must be reasonably connected as a significant link to the injury.

As to the excessive force claim, if you find that two or more Defendants' intentional acts combined to produce a single, indivisible injury, and that each Defendant's conduct was a substantial factor in producing that injury, then each such Defendant may be held responsible for the entire injury, even if you cannot determine the precise extent of harm caused by each individual Defendant. However, you may not find a Defendant liable unless you find that his own conduct was a substantial factor in causing Mr. Strickland's injury.

**JURY INSTRUCTION NO. 21**

You are not to engage in any discussion of damages unless you have first determined that there is liability, as elsewhere covered in these instructions.

The fact that you are given instructions on damages is not to be taken as an indication as to whether the court thinks damages should or should not be awarded.

## JURY INSTRUCTION NO. 22

Damages must be reasonable. If you should find that a plaintiff is entitled to a verdict, you may award only those damages which will reasonably compensate the plaintiff for the injuries that the plaintiff has sustained as a result of a defendant's wrongful conduct.

You are not permitted to award speculative damages. So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

**JURY INSTRUCTION NO. 23**

You must not award compensatory damages more than once for the same injury. For example, if a plaintiff prevails on more than one of his or her claims and establishes a dollar amount for those injuries, you must not award the plaintiff any additional compensatory damages on each claim. A plaintiff is only entitled to be made whole once and may not recover more than a plaintiff has lost. Of course, if different injuries are attributed to the separate claims, then you must compensate the plaintiff fully for all injuries.

## JURY INSTRUCTION NO. 24

If you have found that one or more Defendants are liable to Plaintiff on one or more claims you must determine the amount of damages that were caused by Defendants' conduct.

You must assess the monetary amount that represents full and reasonable compensation for all of Mr. Strickland's damages—no more, no less. You must award damages for the physical pain and suffering that Mr. Strickland suffered as a result of Defendants' conduct. In determining this amount, you should consider the physical aspects of injury—tangible and intangible. Plaintiff does not have to introduce evidence of a monetary value for intangible things like pain. There is no exact standard to apply, but the award should be fair in light of the evidence.

You should not base your determination of damages upon speculation, guess, or conjecture. Further, sympathy or prejudice for or against a party should not affect your verdict and is not a proper basis for determining damages.

## JURY INSTRUCTION NO. 25

Nominal damages are an inconsequential or a trifling sum, such as $1, awarded to a plaintiff when a technical violation of his or her rights has occurred but the plaintiff has suffered no actual loss or injury.

Nominal damages are only available for if you find a violation of a constitutional right. If you find by a preponderance of the evidence that a plaintiff has stated a technical violation of his constitutional rights, but that the plaintiff suffered no actual loss as a result of this violation, then you may award the plaintiff nominal damages.

## JURY INSTRUCTION NO. 26

If you find that Plaintiff should recover compensation for damages in relation to the claim that Defendants Savage, Frias, Krause, and/or Lucero used excessive or unreasonable force against Mr. Strickland, and if you further find that the conduct of any of the Defendants was malicious, willful, reckless, or wanton, then you may award punitive damages against Defendants Savage, Frias, Krause, and/or Lucero.

Punitive damages are awarded for the limited purposes of punishment and to deter others from the commission of like offenses.

The amount of punitive damages must be based on reason and justice taking into account all the circumstances, including the nature of the wrong and such aggravating and mitigating circumstances as may be shown. The amount awarded, if any, must be reasonably related to the actual damages and injury and not disproportionate to the circumstances.

Malicious conduct is the intentional doing of a wrongful act with knowledge that the act was wrongful. Willful conduct is the intentional doing of an act with knowledge that harm may result. Reckless conduct is the intentional doing of an act with utter indifference to the consequences. Wanton conduct is the doing of an act with utter indifference to or conscious disregard for a person's rights or safety.

**JURY INSTRUCTION NO. 27**

After these instructions on the law governing this case, the lawyers may make closing

arguments, or statements, on the evidence and the law.  These summaries can be of considerable

assistance to you in arriving at your decision and you should listen carefully.  You may give

them such weight as you think proper.  However, neither these final discussions nor any other

remarks or arguments of the attorneys made during the course of the trial are to be considered by

you as evidence or as correct statements of the law, if contrary to the law given to you in these

instructions.

**JURY INSTRUCTION NO. 28**

Upon retiring to the jury room you should first elect a foreperson who will preside over your deliberations and will be your spokesperson here in court.

A form of verdict has been prepared for your convenience. You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign it and then return to the courtroom.

If, during your deliberations, you should desire to communicate with me, please put your message or question in writing signed by the foreperson, and pass the note to the court security officer who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom. I caution you, however, with regard to any message or question you might send, that you should never state your numerical division.

**JURY INSTRUCTION NO. 29**

The jury acts as a body. Therefore, on every question on the verdict form which the jury must answer, it is necessary that all jurors participate regardless of the vote on another question. Before a question can be answered, all eight of you must agree upon the answer.

## JURY INSTRUCTION NO. 30

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, computer, the Internet, any text or instant messaging service, blog, or any social media website such as Facebook, Instagram, LinkedIn, YouTube, X, or TikTok, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.

You may not use electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom.

Information on the Internet or available through social media may be wrong, incomplete, or inaccurate.  You are permitted to discuss the case with only your fellow jurors during deliberations because they have seen and heard the same evidence you have.  In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors and the parties in this case.  This would unfairly and adversely impact the judicial process.

## JURY INSTRUCTION NO. 31

In deliberating on this case, it is your duty to consult with one another and to decide the case only after an impartial consideration of the evidence. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is wrong, but do not give up your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict. Remember that you are not partisans but judges—judges of the facts. Your sole interest is to determine the truth from the evidence in the case.

**JURY INSTRUCTION NO. 32**

Faithful performance by you of your duties is vital to the administration of justice.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.